## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *  *  *  *  *  *  *  * | |
| * | |
| TOLEDO MACK SALES & | * |
| SERVICE, INC., | * |
| 2124 Front Street | * |
| Toledo, OH 43605, | * |
| | * |
| Plaintiff, | * |
| | * |
| | *   CIVIL |
| v. | *   ACTION |
| | *   NO. _____ |
| MACK TRUCKS, INC., | * |
| 2100 Mack Boulevard | * |
| P.O. Box M | * |
| Allentown, PA 18105-5000, | * |
| | * |
| Defendant. | * |
| | * |
| *  *  *  *  *  *  *  * | |

## COMPLAINT

### Introduction

Plaintiff Toledo Mack Sales & Service, Inc. (hereafter "Toledo Mack") files this Complaint against Mack Trucks, Inc. (hereafter "MTI") for violation of the Ohio Motor Vehicle Dealer Law, Ohio Rev. Code Ann. § 4517.59; violation of the Section 445.1574 of the Michigan Franchise Investment Law; price discrimination in violation of Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a); agreements in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; tortious interference with existing and prospective business relations; breach of contract; and breach of the implied covenant of good faith and fair dealing.

Toledo Mack has owned and operated a franchised Mack truck dealership based in Toledo, Ohio for twenty years. A low price leader within the Mack dealership network, Toledo Mack markets and sells Mack trucks and related products to customers located throughout the United States. Toledo Mack has focused its sales efforts on the market for heavy duty vocational trucks, which includes trucks, such as dump trucks, cement trucks, and waste-hauling trucks, specially designed and equipped for use in the construction and refuse industries – a market in which Mack products are the undisputed market leader.

As set forth more fully herein, rather than supporting Toledo Mack in its efforts to develop its business, MTI has engaged in an improper course of conduct designed to restrict, destroy and ultimately take over the business of Toledo Mack. MTI has engaged in unfair competition with Toledo Mack by making direct sales of Mack trucks to potential customers and competitors of Toledo Mack at lower prices and on more favorable terms than MTI's sells such products to Toledo Mack. MTI has also entered into agreements that have divided markets and allocated customers in an attempt to eliminate competition from a low price leader such as Toledo Mack.

By engaging in such conduct, MTI has violated the Ohio Motor Vehicle Dealer Law which, *inter alia*, prohibits a motor vehicle franchisor such as MTI from selling or leasing motor vehicles in unfair competition with a franchisee and from engaging in predatory and discriminatory practices. MTI's conduct also violates the Michigan Franchise Investment Law, which prohibits a motor vehicle manufacturer such as MTI from selling new motor vehicles directly to retail customers other than through its franchised dealers. In addition, by making sales at discriminatory prices, MTI has violated the Robinson-Patman Act, and by entering into

- 2 -

agreements to allocated customers and territories, MTI has violated Section 1 of the Sherman Act.  MTI has also tortiously interfered with Toledo Mack's business relationships and breached the franchise agreement with Toledo Mack as well as the covenant of good faith implied therein.

**The Parties**

1.    Toledo Mack is an Ohio Corporation and authorized Mack truck dealer with its principal place of business at 2124 Front Street in Toledo, Ohio.

2.    MTI is a Pennsylvania Corporation with its principal place of business at 2100 Mack Boulevard, Allentown, Pennsylvania.

**Jurisdiction and Venue**

3.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) in that Toledo Mack's claims arise under Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13, and Section 1 of the Sherman Act, 15 U.S.C. § 1.

4.    Supplemental jurisdiction over Toledo Mack's claims under state law is conferred by 28 U.S.C. § 1367(a). Alternatively, this Court has jurisdiction over Toledo Mack' claims under state law pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Venue is proper in the Eastern District of Pennsylvania by virtue of 28 U.S.C. § 1391(b)(1) and (2) because MTI is located in the Eastern District of Pennsylvania and because a substantial part of the events and omissions giving rise to the claim occurred in the Eastern District of Pennsylvania.

### Factual Background

6.     MTI is one of the largest manufacturers of heavy duty trucks and major truck product components in North America.  Since the founding of MTI in 1900, Mack trucks have built an unparalleled reputation for power, strength and durability, particularly within the heavy duty vocational market, which includes heavy duty trucks specially designed and equipped for use in the construction and refuse industries.  Today, Mack trucks are the undisputed leader in the heavy duty vocational truck market in the United States with a market share that, on information and belief, is well in excess of 50%.

7.     Historically, MTI has sold its products through a nationwide network of franchised Mack dealers.

8.     Since 1982, when it was known as as Dunrite Equipment Ltd., an Ohio Limited Partnership, Toledo Mack (the corporate successor to Dunrite Equipment Ltd.) has been a franchised Mack dealership, selling and servicing Mack trucks, components and parts.  At all relevant times, Toledo Mack purchased new Mack trucks, components and parts from MTI for resale.  Toledo Mack and MTI are parties to a written Distributor Agreement dated June 24, 1986, a copy of which is attached as Exhibit A.

9.     Toledo Mack is a low-price leader, selling and leasing new Mack trucks at prices substantially lower than other franchised Mack dealers.  Because of its reputation as a low-price leader and the high quality after-sales support and response that it provides to its customers, Toledo Mack regularly has sold trucks and parts to customers located throughout the United States, including but not limited to customers in New York, New Jersey, Pennsylvania,

- 4 -

Maryland, Washington, D.C., Virginia, North Carolina, Florida, Kentucky, Indiana, Illinois, Louisiana, and California.

### MTI's Direct Sales to Body Manufacturers
### at Predatory and Discriminatory Prices
### in Unfair Competition with Toledo Mack

10.    Among the Mack products that Toledo Mack sells and leases are new heavy-duty Mack truck chassis, which include the power train, cab, frame and tires, as well as new heavy-duty Mack truck chassis that have been fitted with vocational-use truck bodies such as dump bodies, cement mixer bodies, and waste-hauling bodies.  Toledo Mack does not sell any new truck model lines other than Mack.

11.    Toledo Mack has pursued a business strategy that focused on the market for heavy duty vocational trucks, such as dump trucks, cement trucks and waste-hauling trucks.  In addition to making sales of vocational-use trucks to end-users in this market, Toledo Mack also markets and sells new heavy duty Mack truck chassis to certain companies, known as truck "body manufacturers" or truck "body builders" and their authorized distributors, who in turn affix vocational-use truck bodies, such as dump truck bodies, cement mixer bodies, and waste-hauling bodies, to the chassis and then sell the trucks to consumers.

12.    MTI has improperly adopted a policy and practice of competing with Toledo Mack by selling Mack trucks and components directly to body manufacturers, including but not limited to McClain Industries, Inc., Heil Environmental Industries, Ltd. and McNeilus Companies, Inc., and/or their authorized distributors.

13.    As purchasers of new heavy duty truck chassis, body manufacturers, including McClain, Heil and McNeilus and/or their authorized distributors, are potential customers of

Toledo Mack and other franchised Mack dealers, and, in fact, historically were customers of Toledo Mack and other franchised Mack dealers.

14.     Body manufacturers and their authorized distributors (1) are not obligated to perform warranty work as is required of Toledo Mack and other franchised Mack dealers, (2) are not required to maintain an inventory of Mack truck parts and specialized tools and equipment as is required of Toledo Mack and other franchised Mack dealers, (3) are not required to achieve minimum sales requirements established by MTI as is required of Toledo Mack and other franchised Mack dealers, and (4) perform, overall, a far more limited and far less valuable distribution and support function for MTI than do Toledo Mack and other franchised Mack dealers.

15.     Nevertheless,  MTI's policy and practice is to sell Mack trucks directly to these body manufacturers at lower prices and on more favorable terms than MTI sells similar trucks to Toledo Mack.

16.      MTI unfairly competes with Toledo Mack and other franchised Mack dealers for sales to these body manufacturers, including but not limited to McClain, Heil and McNeilus, by employing various policies, including pricing policies, and engaging in other unfair, coercive and extortionate conduct with the purpose and effect of prohibiting and preventing Toledo Mack and other franchised Mack dealers from making sales to such body manufacturers and their authorized distributors.

17.     MTI has placed Toledo Mack at a competitive disadvantage vis-a-vis the favored body manufacturers and their authorized distributors in making sales to consumers, with the result that Toledo Mack has lost sales and profits, and competition has been injured.

**MTI's Direct Sales to Other National Accounts**
**at Predatory and Discriminatory Prices**
**in Unfair Competition with Toledo Mack**

18.     MTI has also improperly adopted a policy and practice of unfairly competing with

Toledo Mack by making direct sales to certain purchasers of Mack trucks and components

known as "National Accounts."  Some of MTI's National Accounts, including but not limited to

Ryder System, Inc., Ruan Transportation Management Systems, Brown NationaLease, and

Penske Truck Leasing Company, purchase Mack trucks direct from MTI for resale or lease to

end-users thereby acting as non-franchised Mack dealers (hereafter sometimes collectively

referred to as "reselling National Accounts"), while other of MTI's National Accounts, such as

national waste hauling companies and regional and national trucking companies and others, are

themselves end-users of Mack trucks (hereafter sometimes collectively referred to as "end-user

National Accounts").

19.     As purchasers of new Mack trucks and components, all of MTI's National

Accounts represent potential customers of Toledo Mack and other franchised Mack dealers.

20.      MTI's reselling National Accounts (1) are not obligated to perform warranty

work as is required of Toledo Mack or other franchised Mack dealers, (2) are not required to

maintain an inventory of Mack truck parts or specialized tools and equipment as is required of

Toledo Mack or other franchised Mack dealers, (3) are not required to achieve sales goals

established by MTI as is required of Toledo Mack or other franchised Mack dealers, and (4)

perform, overall, a far more limited and far less valuable distribution and support function for

MTI than do other franchised Mack dealers including Toledo Mack.

21.    Nevertheless, MTI's policy and practice is to sell Mack trucks and components directly to National Accounts, including those National Accounts which purchase Mack trucks for resale or lease to end-users in direct competition with Toledo Mack and other franchised Mack dealers, at lower prices and on more favorable terms than MTI sells similar trucks and components to Toledo Mack.  MTI has also entered into exclusivity arrangements with these National Accounts which prohibit the accounts from purchasing from Toledo Mack and other franchised Mack dealers and/or has otherwise reserved such accounts for itself through unfair, coercive and extortionate conduct directed at Toledo Mack and other franchised Mack dealers, MTI employees, and others.

22.    The price discrimination by MTI in sales to National Accounts has placed Toledo Mack at a competitive disadvantage vis-a-vis those reselling National Accounts which receive favorable pricing and sales terms from MTI in selling and leasing to end-users, with the result that Toledo Mack has lost sales and profits, and competition has been injured.

23.    MTI unfairly competes with Toledo Mack and other franchised Mack dealers by employing various policies, including pricing policies, and engaging in other unfair, coercive and extortionate conduct with the purpose and effect of prohibiting and preventing Toledo Mack and other franchised Mack dealers from selling to MTI's National Accounts.  As a result of MTI's unfair competition, Toledo Mack has suffered lost sales and profits.

### MTI's Discriminatory Prices to Favored Dealers

24.    In addition to making sales to body manufacturers and other National Accounts at discriminatory prices and on discriminatory terms, MTI has also sold Mack trucks and components to certain franchised Mack dealers at lower prices and on more favorable terms than

- 8 -

MTI sells similar trucks and components to Toledo Mack, including through special, secret net billed discounts over and above MTI's standard net billed discount structure, and/or through special, secret "sales assistance," re-invoicing practices, delayed billing, and free or reduced rate floor plan financing, which were not disclosed or made available to Toledo Mack.

25.    Upon information and belief, franchised Mack dealers receiving favorable pricing and sales terms from MTI include, but are not limited to, the following dealerships and owners: Chicago Mack (Ken Yacobozzi and Shelby Howard, owners); Central Indiana Mack (Shelby Howard); Fort Wayne (Indiana) Mack (Shelby Howard and Phillip Morelli); Mack Trucks of Rochester (Minnesota) (Bob Nuss); Milwaukee Mack (George Pavin and Roger Kriete); Madison (Wisconsin) Mack (George Pavin and Roger Kriete); Dallas Mack (Bob Heatherly and Bill Bankston); Allied (Canton, Ohio) Mack (Lee Hochstetler); Jacksonville (Florida) Mack (Nextran Group).

26.    Upon information and belief, the following current and former MTI employees participated in, carried out, facilitated, enforced, and/or were aware of the systematic price discrimination practiced by MTI:  Ralph Reins, Elios Pascual, Michel Gigou, Paul Vikner, Terry Grube, Jeff Yelles, Leroy Barnhart, Bob Makosky, Scott Freeman, Mark Green, Gary Johnson, Marc Gustafson, Paul Ritter, Kevin Flaherty, Bob Grussing, Steve Polzer, Scott Kress, Pat McMahon, Ken Yacobozzi, Jack Lusty, Dick Tracht, John McCafferty, Jim Loughery, Maury Schwegman, George Pavin, Dave Barletta, and others.

27.    The price discrimination by MTI has placed Toledo Mack at a competitive disadvantage vis-a-vis those franchised Mack dealers which receive favorable pricing and sales

terms from MTI in the selling and leasing of Mack trucks and components, with the result that

Toledo Mack has lost sales and profits, and competition has been injured.

<b>MTI's Attempts to Preclude Competition<br>Between Toledo Mack and other Mack Dealers</b>

28.    The Distributor Agreement between MTI and Toledo Mack does not contain any

limitations or restrictions on the right of Toledo Mack to make sales to customers outside of its

Area of Primary Sales and Service Responsibility.  However, MTI has improperly established

and enforced a customer allocation policy which restricts the ability of its dealers, such as Toledo

Mack, to make sales outside of their Area of Primary Sales and Service Responsibility and

thereby eliminates price competition by low price dealers such as Toledo Mack

29.    In furtherance of MTI's goal of limiting price competition for its products, MTI

has, *inter alia*, entered into agreements containing  pricing and shipping terms that have the

purpose and have had the effect of severely impairing the ability of franchised Mack dealers,

including Toledo Mack, to compete with other franchised Mack dealers for sales outside of their

Area of Primary Sales and Service Responsibility.

30.    Customers which have been allocated to certain franchised Mack dealers through

agreements between those dealers and MTI include:  Kimble Mixer, Bulkmatic, RDK Trucking,

Schwing America, Superior Services, Putzmeister America, and others.

31.    Upon information and belief, the following current and former MTI employees

participated in, carried out, facilitated, enforced, and/or were aware of MTI's practice of

customer allocation and market division:  Ralph Reins, Elios Pascual, Michel Gigou, Paul

Vikner, Terry Grube, Jeff Yelles, Leroy Barnhart, Bob Makosky, Scott Freeman, Mark Green,

- 10 -

Gary Johnson, Marc Gustafson, Paul Ritter, Kevin Flaherty, Bob Grussing, Steve Polzer, Scott
Kress, Pat McMahon, Ken Yacobozzi, Jack Lusty, Dick Tracht, John McCafferty, Jim Loughery,
Maury Schwegman, George Pavin, Dave Barletta, and others.

32.    MTI's purpose in dividing markets and allocating customers between its dealers is
not to promote competition, but rather to eliminate or restrict to the greatest degree possible price
competition among franchised Mack dealers in the market for heavy duty vocational trucks, the
market for heavy duty Low Cab Over Engine ("LCOE") trucks, and/or relevant submarkets
thereof.  Because MTI has market power in such market(s), the effect of the customer allocation
and market division agreements has in fact been to lessen competition in such market(s) with the
result being, *inter alia*, that purchasers of Mack trucks in the market for heavy duty vocational
trucks, the market for heavy duty LCOE trucks, or relevant submarkets thereof, have paid
supercompetitive prices for new Mack trucks and components.

33.    Because Toledo Mack is a low-price dealer which attempts to compete for
business throughout the United States, MTI's system of customer allocation and market division
has worked a substantial and disproportionate injury to Toledo Mack.  MTI's policies have
impaired the ability of Toledo Mack, a low-price dealer, to compete with other franchised Mack
dealers for sales to purchasers in the relevant market(s).  As a direct result of MTI's policies,
Toledo Mack has lost sales to other franchised Mack dealers to whom such customers were
allocated.

34.    Toledo Mack has suffered lost sales and profits as a result of being denied the
opportunity and ability to compete with other franchised Mack dealers for sales to such
purchasers outside of the geographic territory assigned to it by MTI.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF SECTION 4517.59 OF
## THE OHIO MOTOR VEHICLE DEALER LAW

35.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 34 above as if fully set forth herein.

36.     The Distributor Agreement between MTI and Toledo Mack grants Toledo Mack a "franchise" as that term is employed in Ohio Rev. Code Ann. § 4517.59.

37.     MTI is a "franchisor" and a "manufacturer" as those terms are employed in Ohio Rev. Code Ann. § 4517.59.

38.     Toledo Mack is a "franchisee" and a "new motor vehicle dealer" as those terms are employed in Ohio Rev. Code Ann. § 4517.59.

39.     By the conduct of MTI as set forth herein, including, but not limited to:

(a) the making of direct sales of Mack trucks and components to body manufacturers and other National Accounts in unfair competition with Toledo Mack and other franchised Mack dealers,

(b) price discrimination against Toledo Mack and in favor of body manufacturers, certain other National Accounts, and certain other franchised Mack dealers, and

(c) MTI's failure to act in good faith or in observance of reasonable commercial standards of fair dealing in the trade in the implementation of the Distributor Agreement, including but not limited to

(i) the creation and perpetuation by MTI of a nationwide network of non-franchised Mack dealers which competes directly with Toledo Mack and other franchised Mack dealers, and

(ii) the making of direct sales by MTI to potential customers of Toledo Mack and other franchised Mack dealers,

MTI has violated Section 4517.59 of the Ohio Motor Vehicle Dealer law, which, *inter alia*, prohibits a franchisor from (1) selling, leasing, or renting goods or motor vehicles, or rendering

- 12 -

any service normally performed and required of a franchisee under the franchise agreement in unfair competition with a franchisee, (2) engaging in predatory practices or discriminating against any new motor vehicle dealer, and (3) failing to act in good faith when acting or purporting to act under the terms, provisions, or conditions of a franchise.

40.    As a result of MTI's violations of Section 4517.59 of the Ohio Motor Vehicle Dealer Law, Toledo Mack has suffered damages including, but not limited to, lost business, lost income, and lost profits in an amount in excess of $1,000,000 in accordance with proof at trial. Such damages are ongoing.

41.    Under the provisions of Ohio Rev. Code Ann. § 4517.65, Toledo Mack is entitled to bring this action and to recover double the amount of the actual damages it has sustained, costs of suit, and attorneys' fees.

WHEREFORE, Toledo Mack prays for judgment containing the relief requested in the prayer for relief for all counts as set forth below.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF SECTION 445.1574 OF THE
## MICHIGAN FRANCHISE INVESTMENT LAW

42.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43.    MTI is a "manufacturer" and a "distributor" as those terms are employed in Section 445.1574 of the Michican Franchise Investment Law, Mich. Comp. Laws § 445.1574 (2001).

- 13 -

44.     Because its "Area of Primary Sales and Service Responsibility" includes part of Michigan, Toledo Mack is located within Michigan within the meaning of Section 445.1582 of the Michigan Franchise Investment Law.

45.     By the conduct of MTI as set forth herein, including, but not limited to the making of direct sales of Mack trucks and components to body manufacturers and other National Accounts, MTI has violated Section 445.1574 of the Michigan Franchise Investment Law, which, *inter alia*, prohibits a manufacturer or distributor from selling any new motor vehicle directly to a retail customer other than through its franchised dealers unless the retail customer is a nonprofit organization or a federal, state, or local government agency.

46.     As a result of MTI's violations of Section 445.1574 of the Michigan Franchise Investment Law, Toledo Mack has suffered damages including, but not limited to, lost business, lost income, and lost profits in an amount in excess of $1,000,000 in accordance with proof at trial.  Such damages are ongoing.

47.     Under the provisions of Section 445.1580 of the Michigan Franchise Investment Law, Toledo Mack is entitled to bring this action and to recover the amount of the actual damages it has sustained, costs of suit, and attorneys' fees.

WHEREFORE, Toledo Mack prays for judgment containing the relief requested in the prayer for relief for all counts as set forth below.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE ROBINSON-PATMAN ACT

48.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 47 above as if fully set forth herein.

- 14 -

49.     MTI has engaged, and continues to engage, in the practice of price discrimination in violation of 15 U.S.C. § 13.

50.     MTI is engaged in, and the acts and practices described herein are in and effect, interstate commerce.  MTI sold its trucks and components in commerce across state lines in the United States and Toledo Mack purchased Mack trucks in interstate commerce from MTI for resale.

51.     MTI sold Mack trucks of like kind and quality to those purchased by Toledo Mack, to certain body manufacturers and/or their authorized distributors at lower prices than those paid by, and on more favorable terms than those afforded to, Toledo Mack.

52.     At all relevant times, such favored body manufacturers and their authorized distributors were in competition with Toledo Mack in the sale and leasing of Mack trucks to consumers in the market for heavy-duty vocational trucks.

53.     The price discrimination by MTI placed Toledo Mack at a competitive disadvantage vis-a-vis the body manufacturers and their authorized distributors who purchased Mack trucks from MTI at lower prices and on more favorable terms than Toledo Mack.  MTI engaged in such price discrimination with the purpose and effect of injuring competition and without just cause or excuse.

54.     MTI sold Mack trucks of like kind and quality to those purchased by Toledo Mack, to certain reselling National Accounts at lower prices than those paid by, and on terms more favorable than those afforded to, Toledo Mack.

55.     At all relevant times, the favored reselling National Accounts were in competition with Toledo Mack in the sale and leasing of Mack trucks.

56.    The price discrimination by MTI placed Toledo Mack at a competitive disadvantage vis-a-vis the reselling National Accounts who purchased Mack trucks from MTI at lower prices and on more favorable terms than Toledo Mack and which were in competition with Toledo Mack.  MTI engaged in such price discrimination with the purpose and effect of injuring competition and without just cause or excuse.

57.    MTI sold Mack trucks of like kind and quality to those purchased by Toledo Mack, to certain franchised Mack dealers at lower prices than those paid by, and on more favorable terms than those afforded to, Toledo Mack.

58.    At all relevant times, the franchised Mack dealers receiving the lower prices were in competition with Toledo Mack in the sale and leasing of Mack trucks.

59.    The price discrimination by MTI placed Toledo Mack at a competitive disadvantage vis-a-vis the franchised Mack dealers who purchased Mack trucks from MTI at lower prices and on more favorable terms than Toledo Mack.  MTI engaged in such price discrimination with the purpose and effect of injuring competition and without just cause or excuse.

60.    As a result of MTI's violations of 15 U.S.C. § 13, Toledo Mack has suffered damages including, but not limited to, lost business, lost income, and lost profits in an amount in accordance with proof at trial.  Such damages are ongoing.

61.    Under the provisions of 15 U.S.C. § 15, Toledo Mack is entitled to bring this action and to recover treble damages, costs of suit, and attorneys' fees.

WHEREFORE, Toledo Mack prays for judgment containing the relief requested in the prayer for relief for all counts as set forth below.

## FOURTH CLAIM FOR RELIEF
## <u>VIOLATION OF SECTION 1 OF THE SHERMAN ACT</u>

62.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 61 above as if fully set forth herein.

63.     As set forth above,  MTI has entered into agreements in restraint of trade in violation of Section 1 of the Sherman Act.

64.     For the purposes of this action, the relevant geographic market is the United States, and one the relevant product market and/or submarket is the heavy duty vocational truck market, or submarkets thereof.

65.     As demonstrated by, *inter alia*, Mack trucks' share of the heavy duty vocational truck market, which on information and belief is well in excess of 50%, the barriers to entry and expansion in that market, and the unique and well-established reputation for power, strength and durability that Mack trucks have within that market, MTI, at all relevant times, has possessed market power in the market for heavy duty vocational trucks, or relevant submarkets thereof.

66.     Another relevant product market and/or submarket is the market for heavy duty LCOE trucks, or submarkets thereof.  LCOE trucks are made with the cab placed over or in front of the engine, providing superior ingress and egress, visibility and manueverability.  Heavy duty LCOE trucks are capable of carrying the heaviest payload capacities or gross vehicle weights and are the truck of choice for various heavy hauling applications such as trash collection, home heating oil delivery, aircraft refueling, concrete pumping and other vocational market applications.

67.    As demonstrated by, *inter alia*, Mack trucks' share of the heavy duty LCOE truck market, which on information and belief is well in excess of 50%, the barriers to entry and expansion in that market, and the unique and well-established reputation for power, strength and durability that Mack trucks have within that market, MTI, at all relevant times, has possessed market power in the market for heavy duty LCOE trucks, or relevant submarkets thereof.

68.    In the relevant markets, the unique and well-established reputation of Mack trucks, long-established consumer preferences, the importance to consumers of keeping standardized truck fleets, high infrastructure and research and development costs, the legal protection afforded intellectual property, and other factors together create a significant barrier to entry and/or expansion by new or smaller manufacturers of heavy duty vocational trucks and heavy duty LCOE trucks.

69.    By agreements between Mack and certain favored franchised Mack dealers, including but not limited to agreements allocating customers and agreements whereby MTI has reserved for itself various National Accounts, MTI has suppressed intrabrand competition, and has thereby restricted and caused injury to the only viable competition in the relevant market(s).

70.    As a direct result of the agreements between MTI and certain favored franchised Mack dealers as set forth herein, purchasers in the relevant market(s) have been forced to pay supercompetitive prices for such trucks.

71.     MTI entered into such agreements in violation of Section 1 of the Sherman Act with the purpose and effect of restricting competition in the relevant market(s) and causing supercompetitive prices in the relevant market(s).

72.     As a result of MTI's violations of 15 U.S.C. § 1, Toledo Mack has suffered damages including, but not limited to, lost business, lost income, and lost profits in an amount in accordance with proof at trial.  Such damages are ongoing.

73.     Under the provisions of 15 U.S.C. § 15, Toledo Mack is entitled to bring this action and to recover treble damages, costs of suit, and attorneys' fees.

WHEREFORE, Toledo Mack prays for judgment containing the relief requested in the prayer for relief for all counts as set forth below.

## FIFTH CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH
## EXISTING AND PROSPECTIVE BUSINESS RELATIONS

74.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 73 above as if fully set forth herein.

75.     Toledo Mack had business relationships and business expectancies with customers to whom it had previously sold Mack trucks.

76.     MTI had knowledge of such relationships and business expectancies.

77.     Through the conduct alleged herein, MTI wrongfully, improperly, maliciously and intentionally interfered with the relationships and business expectancies Toledo Mack had with its customers and prospective customers, which wrongful, improper, malicious and intentional conduct cause a disruption and/or termination of such relationships and business expectancies.

78.     As a result of MTI's tortious interference with Toledo Mack's existing business relationships and business expectancies, Toledo Mack has suffered damages including, but not

limited to, lost business, lost income, and lost profits in an amount in excess of $1,000,000 in accordance with proof at trial. Such damages are ongoing.

79.    MTI's conduct, as set forth above, justifies the imposition of punitive damages against MTI because such conduct was intentional, malicious, reckless, outrageous and egregious, particularly in light of the fact that, in relationship between MTI, a franchisor, and Toledo Mack, its franchisee, MTI possessed overwhelming control and authority over Toledo Mack, whereas Toledo Mack lacked any control or authority over MTI and, moreover, was entirely dependent upon MTI to ensure the continued well-being of Toledo Mack.

WHEREFORE, Toledo Mack prays for judgment containing the relief requested in the prayer for relief for all counts as set forth below.

## SIXTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

80.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 79 above as if fully set forth herein.

81.    The Distributor Agreement between MTI and Toledo Mack states that the parties entered into the Agreement "for the purpose of developing and furthering the sale and servicing of Mack Products, in the expectation that their association will be mutually beneficial."

82.    In violation of its obligations under the Distributor Agreement and in direct competition with Toledo Mack, MTI has made, and continues to make, sales of Mack trucks to body manufacturers and other National Accounts which are not end-users and which do not place such trucks in initial service, but rather resell and lease them in competition with Toledo Mack.

83.     The nonfranchised Mack dealer network created by MTI in violation of the Distributor Agreement is not beneficial to Toledo Mack, but rather is in fact harmful to Toledo Mack, and thus is at odds with the expectation of Toledo Mack, as expressly set forth in the Distributor Agreement, that its association with MTI would be mutually beneficial.

84.     The Distributor Agreement provides that MTI "will pay or credit to the Distributor [i.e., Toledo Mack] a commission, in accordance with the terms of [MTI's] current standard Direct Sales Commission Policy in effect at the time of sale, for each Mack Vehicle sold by [MTI] directly to a customer and placed in initial service in the Territory, provided that the Company shall have determined that the Distributor has engaged in activities which contributed to the sale."

85.     In violation of its obligations under the Distributor Agreement, MTI has failed to pay or credit, and continues to fail to pay or credit, to Toledo Mack any commission for each Mack truck sold by MTI to a customer and placed in initial service in Toledo Mack's territory, as defined by the Distributor Agreement.

86.     As a direct, foreseeable, and proximate result of MTI's breaches of the Distributor Agreement, Toledo Mack has suffered damages, including but not limited to lost business, lost income, and lost profits.

WHEREFORE, Toledo Mack prays for judgment containing the relief requested in the prayer for relief for all counts as set forth below.

## SEVENTH CLAIM FOR RELIEF
## BREACH OF CONTRACT/BREACH OF THE
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

87.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 86 above as if fully set forth herein.

88.     The Distributor Agreement between MTI and Toledo Mack states that the parties entered into the Agreement "for the purpose of developing and furthering the sale and servicing of Mack Products, in the expectation that their association will be mutually beneficial."

89.     The Distributor Agreement provides that MTI would make sales of Mack trucks only to franchised Mack dealers or to those purchasers who place such trucks in initial service, i.e., end-users.

90.     In violation of its obligations under the Distributor Agreement and in direct competition with Toledo Mack, MTI has made, and continues to make, sales of Mack trucks to body manufacturers and other National Accounts which are not end-users and which do not place such trucks in initial service, but rather resell and lease them in competition with Toledo Mack.

91.     The nonfranchised Mack dealer network created by MTI in violation of the Distributor Agreement is not beneficial to Toledo Mack, but rather is in fact harmful to Toledo Mack, and thus is at odds with the expectation of Toledo Mack, as expressly set forth in the Distributor Agreement, that its association with MTI would be mutually beneficial, and is at odds with the expectation of Toledo Mack, as evidenced by the Distributor Agreement, that the nationwide network of franchised Mack dealers would be the only network of Mack truck dealers in the United States.

92.     The price discrimination by MTI in favor of certain franchised Mack dealers, body manufacturers and other National Accounts is at odds with the expectation of Toledo Mack, as evidenced by the Distributor Agreement, that Mack trucks and components would be made available to Toledo Mack on the same prices and on the same terms as MTI offered to other Mack dealers and purchasers of Mack trucks.

93.     The allocation of customers and creation and enforcement of geographic limitations by MTI is at odds with the expectation of Toledo Mack, as evidenced by the Distributor Agreement, that Toledo Mack would not be restricted to selling to any specified group of customers or within any specified territory, but rather would be free to compete for sales to any potential purchaser of a Mack truck throughout the United States.

94.     As a direct, foreseeable, and proximate result of MTI's breaches of the Distributor Agreement, Toledo Mack has suffered damages, including but not limited to lost business, lost income, and lost profits.

WHEREFORE, Toledo Mack prays for judgment containing the relief requested in the prayer for relief for all counts as set forth below.

## PRAYER FOR RELIEF – ALL COUNTS

WHEREFORE, Toledo Mack prays for the following judgment and relief on all causes of action, and as might be appropriate for each particular cause of action, against MTI as follows:

1.  For compensatory, general, special, statutory, and other damages in an amount to be determined according to the proofs presented during the course of trial;

2.  For double damages;

3.  For treble damages;

4.  For punitive damages in an amount to be determined according to the proofs presented during the course of trial;

5.  For costs and attorneys' fees;

6.  For a preliminary and permanent injunction enjoining MTI from engaging in unfair competition with Toledo Mack in violation of Section 4517.59 of the Ohio Revised Code Annotated;

7.  For a preliminary and permanent injunction enjoining MTI from making direct sales to retail customers other than through its franchised dealers in violation of Section 445.1574 of the Michigan Franchise Investment Law.

8.  For a declaration that, pursuant to its Distributor Agreement with Toledo Mack and any other legal duties that MTI owes to Toledo Mack, MTI must distribute Mack trucks and components exclusively through franchised Mack dealers, and that MTI must not sell Mack trucks or components

directly to body manufacturers, other National Accounts, or other non-

public purchasers;

9.    For such other relief as the Court deems necessary, just and appropriate

under the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on any and all claims for which adjudication by jury may

be appropriate.


DUANE MORRIS LLP


Dated: July 1, 2002                       By: _____
                                             Wayne A. Mack
                                             J. Manly Parks
                                             James H. Steigerwald
                                             One Liberty Place
                                             Philadelphia, PA 19103
                                             215.979.1152/.1342/.1145

                                             ATTORNEYS FOR PLAINTIFF
                                             TOLEDO MACK SALES & SERVICE,
                                             INC.