IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | } } } |
| Plaintiff, | } CIVIL ACTION NO. } 2:02-CV-04373-RLB } |
| v. | } } JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | } } |
| Defendant. | } |

| | |
|---|---|
| MACK TRUCKS, INC., | } } |
| Plaintiff, | } } } |
| v. | } } |
| TOLEDO MACK SALES & SERVICE, INC., and | } JURY TRIAL DEMANDED } } |
| PAI INDUSTRIES, INC., 950 Northbrook Parkway Suwanee, Georgia, | } } } } } |
| Defendants. | } |

## ANSWER AND CROSSCLAIMS OF COUNTERCLAIM DEFENDANT PAI INDUSTRIES, INC.

Counterclaim Defendant PAI Industries, Inc. ("PAI"), by and through its undersigned counsel, answers the Counterclaim of Mack Trucks, Inc. ("Mack") and asserts its crossclaims against Plaintiff and Counterclaim Defendant Toledo Mack Sales & Service, Inc. ("Toledo Mack").

1507913v1

## **ANSWER**

In response to the specific allegations of the counterclaims made by Mack, PAI responds as follows:

1. PAI admits the allegations contained in Paragraph 1 of Mack's Counterclaims.

2. PAI admits that, according to the Complaint filed in this action, Toledo Mack states that it is an Ohio corporation with its principal place of business at 2124 Front Street, Toledo, Ohio.

3. PAI admits that its address is 950 Northbrook Parkway, Suwanee, Georgia but denies it is a Florida corporation.

4. The allegations contained in Paragraph 4 of Mack's Counterclaims against PAI are conclusions of law to which no response is required. To the extent an answer is required, PAI denies the allegations contained in this paragraph.

5. The allegations contained in Paragraph 5 of Mack's Counterclaims against PAI are conclusions of law to which no response is required. To the extent an answer is required, PAI denies the allegations contained in this paragraph.

6. The allegations contained in Paragraph 6 of Mack's Counterclaims against PAI are conclusions of law to which no response is required. To the extent an answer is required, PAI denies the allegations contained in this paragraph.

7. The allegations contained in Paragraph 7 of Mack's Counterclaims against PAI are denied.

8. PAI admits that Mack is a manufacturer of truck chassis and truck parts in the United States. All remaining allegations contained in Paragraph 8 of Mack's Counterclaims against PAI are denied.

9. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9 of Mack's Counterclaims against PAI, which are, accordingly, denied.

10. PAI admits that it manufactures aftermarket truck parts, some of which are replacements for Mack Truck parts. The remaining allegations contained in Paragraph 10 of Mack's Counterclaims against PAI are denied.

11. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Mack's Counterclaims against PAI, which are, accordingly, denied.

12. PAI admits that the database included in the MACSPEC 2201 system contains vehicle-specific part configuration data and permits a user to search the parts database. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of Mack's Counterclaims against PAI, which are, accordingly, denied.

13. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Mack's Counterclaims against PAI, which are, accordingly, denied.

14. The allegations contained in Paragraph 14 of Mack's Counterclaims against PAI are denied.

15. PAI admits that an incomplete copy of what purports to be an application to register some rights in a computer program named MACSPEC 2001 is attached to Mack's Counterclaims as Exhibit "A". The remaining allegations contained in Paragraph 15 of Mack's Counterclaims against PAI are denied.

1507913v1

16. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Mack's Counterclaims against PAI, which are, accordingly, denied, except that PAI admits that the MACSPEC 2001 system received by it required an "unlock code."

17. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Mack's Counterclaims against PAI, which are, accordingly, denied.

18. The allegations contained in Paragraph 18 of Mack's Counterclaims against PAI are denied.

19. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Mack's Counterclaims against PAI, which are, accordingly, denied.

20. The allegations contained in Paragraph 20 of Mack's Counterclaims against PAI are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

21. The allegations contained in Paragraph 21 of Mack's Counterclaims against PAI are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

22. The allegations contained in Paragraph 22 of Mack's Counterclaims against PAI are denied. By way of further response, PAI states that the License Agreement attached to Mack's

Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

23. The allegations contained in Paragraph 23 of Mack's Counterclaims against PAI are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

24. The allegations contained in Paragraph 24 of Mack's Counterclaims against PAI are denied.

25. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Mack's Counterclaims against PAI, which are, accordingly, denied.

26. PAI admits that, on or about July 24, 2002, one of its employees, Ms. Yolanda May placed a telephone call regarding problems that PAI was having with the MACSPEC 2001 system that PAI leased from Toledo Mack, pursuant to authority granted by Mack. The remaining allegations contained in Paragraph 26 of Mack's Counterclaims against PAI are denied.

27. The allegations contained in Paragraph 27 of Mack's Counterclaims against PAI are denied.

28. PAI admits that its mailing address is 950 Northbrook Parkway, Suwanee, Georgia 30024 and that its telephone number is (770) 822-1000. PAI further admits that this information, including the name of Nancy's Trucking, was given to the individual with whom Ms. May spoke regarding the problems that PAI was having with the MACSPEC 2001 system that PAI leased from Toledo Mack, as authorized by Mack. The remaining allegations contained in Paragraph 28 of Mack's Counterclaims against PAI are denied.

29. PAI admits that its employee, Yolanda May, received a telephone call following her receipt of a replacement disk for the MACSPEC 2001 system that PAI leased from Toledo Mack, as authorized by Mack. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Mack's Counterclaims against PAI, which are, accordingly, denied.

30. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Mack's Counterclaims against PAI, which are, accordingly, denied.

31. PAI admits that its employee, Yolanda May, received a telephone call regarding the MACSPEC 2001 system in which some individual asked for PAI's "dealer code". Further, PAI admits that it received its copy of MACSPEC 2001 from Toledo Mack, which was leased to PAI by Toledo Mack, as authorized by Mack. The remaining allegations contained in Paragraph 31 of Mack's Counterclaims against PAI are denied.

32. The allegations contained in Paragraph 32 of Mack's Counterclaims against PAI are denied.

33. The allegations contained in Paragraph 32 of Mack's Counterclaims against PAI are denied.

34. The allegations contained in Paragraph 33 of Mack's Counterclaims against PAI are denied.

35. The allegations contained in Paragraph 33 of Mack's Counterclaims against PAI are denied.

1507913v1

## COUNT I

36. PAI incorporates its responses to Paragraphs 1 through 35 of Mack's Counterclaims against PAI as if fully set forth herein.

37. After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Mack's Counterclaims against PAI, which are, accordingly, denied.

38. The allegations contained in Paragraph 38 of Mack's Counterclaims against PAI are denied.

39. The allegations contained in Paragraph 39 of Mack's Counterclaims against PAI are denied.

40. The allegations contained in Paragraph 40 of Mack's Counterclaims against PAI are denied. See Exhibit "A" attached.

41. The allegations contained in Paragraph 41 of Mack's Counterclaims against PAI are denied.

42. The allegations contained in Paragraph 42 of Mack's Counterclaims against PAI are denied.

43. The allegations contained in Paragraph 43 of Mack's Counterclaims against PAI are denied.

44. The allegations contained in Paragraph 44 of Mack's Counterclaims against PAI are denied.

45. The allegations contained in Paragraph 45 of Mack's Counterclaims against PAI are denied.

1507913v1

## **COUNT II**

46.     PAI incorporates its responses to Paragraphs 1 through 46 of Mack's Counterclaims against PAI as if fully set forth herein.

47.     After reasonable investigation, PAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of Mack's Counterclaims against PAI, which are, accordingly, denied.

48.     The allegations contained in Paragraph 48 of Mack's Counterclaims against PAI are denied.

49.     PAI admits that Mack has filed what appears to be an incomplete application for registration of some copyright in a "MACSPEC 2001" system.  The remaining allegations contained in Paragraph 49 of Mack's Counterclaims against PAI are denied.

50.     The allegations contained in Paragraph 50 of Mack's Counterclaims against PAI are denied.

51.     PAI admits that it leased a copy of the MACSPEC 2001 system from Toledo Mack pursuant to authorization from Mack.  Any remaining allegations contained in Paragraph 51 of Mack's Counterclaims against PAI are denied.

52.     The allegations contained in Paragraph 52 of Mack's Counterclaims against PAI are denied.

53.     The allegations contained in Paragraph 53 of Mack's Counterclaims against PAI are denied.

54.     The allegations contained in Paragraph 54 of Mack's Counterclaims against PAI are denied.

1507913v1

## COUNT III

55. PAI incorporates its responses to Paragraphs 1 through 54 of Mack's Counterclaims against PAI as if fully set forth herein.

56. Paragraph 56 of the Counterclaims contains allegations solely as against Toledo Mack. To the extent that such allegations are made against PAI, those allegations are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

57. Paragraph 57 of the Counterclaims contains allegations solely as against Toledo Mack. To the extent that such allegations are made against PAI, those allegations are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

58. Paragraph 58 of the Counterclaims contains allegations solely as against Toledo Mack. To the extent that such allegations are made against PAI, those allegations are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

59. Paragraph 59 of the Counterclaims contains allegations solely as against Toledo Mack. To the extent that such allegations are made against PAI, those allegations are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

60. Paragraph 60 of the Counterclaims contains allegations solely as against Toledo Mack. To the extent that such allegations are made against PAI, those allegations are denied. By way of further response, PAI states that the License Agreement attached to Mack's Counterclaims against PAI appears to be for a "MACSPEC II" system and not a "MACSPEC 2001" system as Mack represents to the Court.

## COUNT IV

61. PAI incorporates its responses to Paragraphs 1 through 60 of Mack's Counterclaims against PAI as if fully set forth herein.

62. The allegations contained in Paragraph 62 of Mack's Counterclaims against PAI are denied.

63. The allegations contained in Paragraph 63 of Mack's Counterclaims against PAI are denied.

64. The allegations contained in Paragraph 64 of Mack's Counterclaims against PAI are denied.

65. The allegations contained in Paragraph 65 of Mack's Counterclaims against PAI are denied.

66. The allegations contained in Paragraph 66 of Mack's Counterclaims against PAI are denied.

67. The allegations contained in Paragraph 67 of Mack's Counterclaims against PAI are denied.

## COUNT V

68. PAI incorporates its responses to Paragraphs 1 through 67 of Mack's Counterclaims against PAI as if fully set forth herein.

1507913v1

69. The allegations contained in Paragraph 69 of Mack's Counterclaims against PAI are denied.

70. The allegations contained in Paragraph 70 of Mack's Counterclaims against PAI are denied.

71. The allegations contained in Paragraph 71 of Mack's Counterclaims against PAI are denied.

72. The allegations contained in Paragraph 72 of Mack's Counterclaims against PAI are denied.

73. The allegations contained in Paragraph 73 of Mack's Counterclaims against PAI are denied.

74. The allegations contained in Paragraph 74 of Mack's Counterclaims against PAI are denied.

75. The allegations contained in Paragraph 75 of Mack's Counterclaims against PAI are denied.

## **COUNT VI**

76. PAI incorporates its responses to Paragraphs 1 through 75 of Mack's Counterclaims against PAI as if fully set forth herein.

77. The allegations contained in Paragraph 77 of Mack's Counterclaims against PAI are denied.

78. The allegations contained in Paragraph 78 of Mack's Counterclaims against PAI are denied.

79. The allegations contained in Paragraph 79 of Mack's Counterclaims against PAI are denied.

1507913v1

80. The allegations contained in Paragraph 80f Mack's Counterclaims against PAI are denied.

81. The allegations contained in Paragraph 81 of Mack's Counterclaims against PAI are denied.

All allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

By way of affirmative defense, Counterclaim Defendant PAI Industries, Inc. states:

### FIRST DEFENSE

Mack's Counterclaims against PAI fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Mack's Counterclaims against PAI fail because this Court lacks personal jurisdiction over PAI.

### THIRD DEFENSE

Mack's Counterclaims against PAI fail because venue is not proper as to PAI.

### FOURTH DEFENSE

Mack's Counterclaims against PAI fail under the doctrine of estoppel.

### FIFTH DEFENSE

Mack's Counterclaims against PAI fail under the doctrine of waiver.

1507913v1

## CROSSCLAIMS AGAINST TOLEDO MACK

For its crossclaims against Toledo Mack, PAI alleges as follows:

1. PAI is a Georgia corporation with its principal place of business at 950 Northbrook Parkway, Suwanee, Georgia.

2. Toledo Mack is an Ohio corporation with its principal place of business at 2124 Front Street, Toledo, Ohio.

3. This Court has jurisdiction over PAI's Crossclaims pursuant to the doctrine of pendent jurisdiction.

4. Further, this Court has jurisdiction over PAI's Crossclaims pursuant to 28 U.S.C. §1367(a).

5. Jurisdiction over PAI's Crossclaims is further supported by Rule 13(g) of the Federal Rules of Civil Procedure.

6. Venue over PAI's Crossclaims against Toledo Mack is proper in this Court.

## FACTUAL BACKGROUND

7. PAI is a customer of Toledo Mack and periodically purchases parts, including original Mack parts, from Toledo Mack.

8. Upon information and belief, Toledo Mack was authorized by Mack to obtain copies of the MACSPEC 2001 system to distribute to its customers, such as PAI. Toledo Mack represented to PAI that it was authorized to lease the MACSPEC 2001 system to PAI.

9. Based upon these representations, PAI entered into an arrangement for a lease of the MACSPEC 2001 system from Toledo Mack. This lease arrangement is documented in the Invoice dated February 14, 2002 from Toledo Mack to PAI and PAI's Purchase Order dated March 4, 2002, copies of which are attached hereto as Exhibits "B" and "C" respectively.

10. PAI has paid consideration to Toledo Mack pursuant to the terms of their lease agreement regarding the MACSPEC 2001 system.

11. PAI relied upon Toledo Mack's representations regarding its ability to lease the MACSPEC 2001 system to PAI in entering into the lease agreement with Toledo Mack.

12. To the extent that Toledo Mack was not authorized to enter into the lease agreement with PAI, and PAI is found liable to Mack as a result, Toledo Mack is liable to PAI for any damages found to have been suffered by Mack.

## COUNT I - INDEMNIFICATION

13. PAI incorporates Paragraphs 1 through 12 of its Crossclaims as if fully set forth herein.

14. To the extent that PAI is found to be liable to Mack because of PAI's possession of the MACSPEC 2001 system that PAI obtained from Toledo Mack, Toledo Mack is liable to PAI.

## COUNT II - CONTRIBUTION

15. PAI incorporates Paragraphs 1 through 14 of its Crossclaims as if fully set forth herein.

16. To the extent that PAI is found to be liable to Mack because of PAI's possession of the MACSPEC 2001 system that PAI obtained from Toledo Mack, Toledo Mack is liable to PAI.

## COUNT III – BREACH OF CONTRACT

17. PAI incorporates Paragraphs 1 through 16 of its Crossclaims as if fully set forth herein.

18. Toledo Mack's failure or inability to provide to PAI the clear and unfettered right to use the MACSPEC 2001 system pursuant to the terms of the lease agreement for the system constitutes a breach of contract by Toledo Mack.

19. PAI has been damaged by Toledo Mack's breach of contract.

## COUNT IV – BREACH OF WARRANTY

20. PAI incorporates Paragraphs 1 through 19 of its Crossclaims as if fully set forth herein.

21. In entering into the lease agreement with PAI for the MACSPEC 2001 system, Toledo Mack warranted that it had the right to lease the system to PAI.

22. Toledo Mack's failure or inability to provide to PAI the clear and unfettered right to use the MACSPEC 2001 system pursuant to terms of lease agreement constitutes a breach of warranty by Toledo Mack.

23. PAI has been damaged by Toledo Mack's breach of warranty.

## PRAYER FOR RELIEF

**WHEREFORE**, PAI requests the following relief on all of the Counterclaims against it and its Crossclaims against Toledo Mack:

(1) That the claims in Mack's Counterclaims against PAI be dismissed with prejudice;

(2) That the Court award PAI relief on all of its Crossclaims in an amount to be determined at trial;

(3) That the Court award PAI compensatory damages from Toledo Mack to PAI in an amount to be proven at trial;

(4) That the Court award PAI costs and attorneys' fees as applicable; and

(5) For such other, further or different relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

PAI demands a trial by jury.

                                      Respectfully submitted,

                                      WIGGIN & DANA LLP

                                      By:_____
                                           Joseph Schumacher
                                           Kimberly S. Toomey
                                           Quaker Park
                                           1001 Hector Street
                                           Conshohocken, PA  19428
                                           (610) 834-2400
                                           (610) 834-3055 fax

                                           Attorney for Counterclaim
                                           Defendant PAI Industries, Inc.

OF COUNSEL

Stephen M. Dorvee
Georgia Bar 226989
Scott E. Taylor
Georgia Bar 785596
Ashley M. Steiner
Georgia Bar 678211
ARNALL GOLDEN GREGORY LLP
2800 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 873-8500
(404) 873-8501 fax


Dated: September 16, 2002

## **CERTIFICATE OF SERVICE**

     I hereby certify that, on September 16, 2002 I served the foregoing **ANSWER AND CROSSCLAIMS OF COUNTERCLAIM DEFENDANT PAI INDUSTRIES, INC.** by First Class U.S. mail to:

> Jon A. Baughman
> Jeremy Heep
> Barak A. Bassman
> Pepper Hamilton LLP
> 3000 Two Logan Square
> 18th and Arch Streets
> Philadelphia, PA  19103-2799
>
> Wayne A. Mack
> J. Manly Parks
> Duane Morris LLP
> One Liberty Place
> Philadelphia, PA  19103-7396

                                                      _____
                                                     Kimberly S. Toomey

1507913v1