IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | } } } |
| Plaintiff, | } Civil Action No. } 2:02-CV-04373-RLB } |
| v. | } } JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | } } |
| Defendant. | } |

| | |
|---|---|
| MACK TRUCKS, INC., | } } |
| Plaintiff, | } } |
| v. | } } |
| TOLEDO MACK SALES & SERVICE, INC., and | } JURY TRIAL DEMANDED } } |
| PAI INDUSTRIES, INC., 950 Northbrook Parkway Suwanee, Georgia, | } } } } |
| Defendants. | } |

### COUNTERCLAIM DEFENDANT PAI INDUSTRIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT V OF DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.'s COUNTERCLAIM

Counterclaim Defendant PAI Industries, Inc. ("PAI") respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count V of Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s ("Mack") Counterclaim for failure to state a claim upon which relief may be granted.

1507829v2

## I. BACKGROUND AND STATEMENT OF FACTS

In July 2002, Toledo Mack Sales and Service, Inc. ("Toledo Mack") filed suit against Mack in this Court, alleging, <u>inter alia</u>, claims of violation of the Ohio Motor Vehicle Dealer laws, violation of the Michigan Franchise Investment Law, price discrimination, violation of Section I of the Sherman Act, tortious interference with existing and prospective business relations, breach of contact, and breach of the implied covenant of good faith and fair dealing. Mack answered and asserted a counterclaim against Toledo Mack. Mack also joined PAI as a defendant in counterclaim, alleging: (1) misappropriation of trade secrets and confidential business information; (2) copyright infringement; (3) tortious interference with existing contractual relations; (4) fraudulent inducement; and (5) civil conspiracy. (Mack's Answer and Counterclaims, Counts I, II, IV, V and VI). Each of these claims is based on PAI's alleged "theft" of Mack's MACSPEC 2001 system, a software package consisting of a database that catalogs parts for Mack truck models, and software enabling users to search the database.

In Count V of its Counterclaim, Mack purports to assert a claim for fraudulent and intentional misrepresentation against PAI. In support of its claim, Mack alleges that, when PAI contacted GGS, Mack's contractor for the administration of the MACSPEC 2001 system, to obtain technical support for PAI's leased copy of the system (i.e. to obtain a "replacement disk") PAI's representative used a false name, "Nancy's Trucking." Mack alleges that PAI used the alias to cause Mack to believe that PAI was an authorized dealer, and to fraudulently induce Mack to send PAI a replacement disk for its MACSPEC 2001 system.

Count V fails to state a claim for fraud. By its own admission, at the time of PAI's alleged misrepresentation, PAI had already obtained a copy of the MACSPEC 2001 system from

Mack, through Toledo Mack, and Mack was already suffering damages. Therefore, PAI's actions, even as alleged by Mack, do not support a separate claim for fraud.

## II. ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted "when 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Harper v. American Red Cross Blood Servs., Penn-Jersey Region, 153 F. Supp. 2d 719, 720 (E.D. Pa. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In considering a motion for failure to state a claim, "[t]he Court must accept all well-pleaded allegations as true and construe the complaint in a light most favorable to the plaintiff [to determine] whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Id. See also Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988). Applying this standard to this case, Mack's fraudulent inducement claim must be dismissed.

The sole act alleged by Mack to have been fraudulent is PAI's use of the alias "Nancy's Trucking" when it called Mack's contractor, GGS, for technical support. (Counterclaim, ¶¶ 69-71). Even according to the facts as alleged by Mack, however, PAI had already obtained its copy of the MACSPEC 2001 system at the time it called GGS. According to the counterclaim, PAI simply used the false name to conceal that it had acquired the system. Perhaps, construing the allegations in the light most favorable to Mack, PAI's act could be construed as an effort to conceal its misappropriation of Mack's trade secrets or infringement of Mack's copyright. However, such concealment does not constitute a separate tort upon which Mack is entitled to relief.

3

Indeed, Mack does not even allege that PAI's misrepresentation, in and of itself, caused Mack any damages. See Volunteer Firemen's Ins. Servs., Inc. v. Cigna Property & Cas. Ins. Agency, 693 A.2d 1330, 1340 (Pa. Super. Ct. 1997) ("An action for fraud consists of proof, by clear, precise and convincing evidence of the following elements: . . . (5) damages to the recipient as the proximate result."). Rather, Mack merely alleges that "[a]s a direct and proximate result of *PAI's acquisition of the MACSPEC 2001 system*, Mack continues to lose the competitive advantages it derived from its investment in the development of the MACSPEC 2001 . . . ." (Counterclaim, ¶ 75) (emphasis added). There is no allegation that PAI "acquired the MACSPEC 2001 system" as a result of any misrepresentation to Mack. Accordingly, Mack's claim for fraudulent inducement must be dismissed.

## CONCLUSION

As shown, the allegations in Count V of the Counterclaim – even construed most favorably to Mack – fail to state a separate claim for fraudulent inducement. Therefore, PAI respectfully requests that its motion be granted, and that Count V of Mack's Counterclaim against it be dismissed.

This 16th day of September, 2002.

        Respectfully submitted,

        WIGGIN & DANA LLP

        By: _____
            Joseph Schumacher
            Kimberly S. Toomey
            Quaker Park
            1001 Hector Street
            Conshohocken, Pennsylvania 19428
            (610) 834-2400
            (610) 834-3055 fax

        Attorney for Counterclaim
        Defendant PAI Industries, Inc.

OF COUNSEL

Stephen M. Dorvee
Ga. Bar 226989
Scott E. Taylor
Ga. Bar 785596
Ashley M. Steiner
Ga. Bar 678211
ARNALL GOLDEN GREGORY LLP
2800 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 873-8500
(404) 873-8501 fax

1507829v2

## CERTIFICATE OF SERVICE

      I hereby certify that, on September 16, 2002 I served the foregoing **COUNTERCLAIM DEFENDANT PAI INDUSTRIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT V OF DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.'S COUNTERCLAIM** by First Class U.S. mail to:

        Jon A. Baughman
        Jeremy Heep
        Barak A. Bassman
        Pepper Hamilton LLP
        3000 Two Logan Square
        18th and Arch Streets
        Philadelphia, PA 19103-2799

        Wayne A. Mack
        J. Manly Parks
        Duane Morris LLP
        One Liberty Place
        Philadelphia, PA  19103-7396

        _____
        Kimberly S. Toomey

1507829v2