IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MACK TRUCKS, INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 2:02-CV-04373-RLB <br><br> JURY TRIAL DEMANDED |
| MACK TRUCKS INC., <br><br> Plaintiff, <br><br> v. <br><br> TOLEDO MACK SALES & SERVICE, INC. and <br><br> PAI INDUSTRIES, INC., <br><br> Defendants. | JURY TRIAL DEMANDED |
| PAI INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOLEDO MACK SALES & SERVICE, INC., <br><br> Defendant. | JURY TRIAL DEMANDED |

**ANSWER TO THE CROSSCLAIMS OF PAI INDUSTRIES, INC. AND CROSSCLAIMS OF TOLEDO MACK SALES & SERVICE, INC.,**

Plaintiff and Crossclaim Defendant Toledo Mack Sales & Service, Inc. ("Toledo Mack"), by and through its undersigned counsel, Duane Morris LLP, hereby answers the Crossclaims of PAI Industries, Inc. ("PAI") and asserts its crossclaims as follows. All averments of the Crossclaims not specifically admitted or denied below are hereby denied.

**ANSWER TO CROSSCLAIMS OF PAI INDUSTRIES, INC.**

1.  Admitted, upon information and belief.

2.  Admitted.

3.  Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

4.  Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

5.  Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

6.  Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

7.  Admitted.

8.  Admitted that Toledo Mack was authorized by Mack Trucks, Inc. ("Mack") to obtain copies of the MACSPEC 2001 system for its customers. Admitted that Toledo Mack told PAI that Mack had made the MACSPEC 2001 available for Toledo Mack's customers. All other matters asserted in this paragraph are denied.

9.  Admitted in part, denied in part. Toledo Mack admits that it invoiced PAI for a one-year lease for the MACSPEC 2001 on February 14, 2002. The other allegations in this

paragraph relate to documents which speak for themselves and, therefore, any characterizations of those documents are denied.

11. Denied. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

10. Denied as stated. It is admitted that PAI has paid Toledo Mack for MACSPEC 2001 and also that, in turn, Mack itself has been paid for PAI's possession and use of MACSPEC 2001.

12. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

## COUNT I – INDEMNIFICATION

13. The answers to the allegations contained in paragraphs 1 through 12 are incorporated herein by reference.

14. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

WHEREFORE, Toledo Mack, by and through its attorneys, Duane Morris LLP, respectfully prays for judgment in its favor and against PAI on PAI's Crossclaims, and for an award of its costs incurred herein.

## COUNT II – CONTRIBUTION

15. The answers to the allegations contained in paragraphs 1 through 14 are incorporated herein by reference.

16. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

WHEREFORE, Toledo Mack, by and through its attorneys, Duane Morris LLP, respectfully prays for judgment in its favor and against PAI on PAI's Crossclaims, and for an award of its costs incurred herein.

## COUNT III – BREACH OF CONTRACT

17. The answers to the allegations contained in paragraphs 1 through 16 are incorporated herein by reference.

18. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

19. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

WHEREFORE, Toledo Mack, by and through its attorneys, Duane Morris LLP, respectfully prays for judgment in its favor and against PAI on PAI's Crossclaims, and for an award of its costs incurred herein.

## COUNT IV – BREACH OF WARRANTY

20. The answers to the allegations contained in paragraphs 1 through 19 are incorporated herein by reference.

21. Denied. It is specifically denied that Toledo Mack provided any warranty to PAI regarding MACSPEC 2001. By way of further answer, the remaining allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

22. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

23. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and, therefore, such allegations are deemed denied.

WHEREFORE, Toledo Mack, by and through its attorneys, Duane Morris LLP, respectfully prays for judgment in its favor and against PAI on PAI's Crossclaims, and for an award of its costs incurred herein.

### **AFFIRMATIVE DEFENSES TO CROSSCLAIMS**

1. PAI's Crossclaims fail to state a cause of action upon which relief may be granted.

2. PAI's Crossclaims are barred in whole, or in part, by the doctrine of unclean hands.

3. To the extent that Mack is successful on its Counterclaims, PAI's Crossclaims fail and are barred as a result of PAI's own bad faith and/or fraud as alleged in Mack's Counterclaims against PAI.

4. PAI's Crossclaims are barred by the doctrine of acquiescence.

5. PAI's Crossclaims are barred to the extent PAI has failed to mitigate its damages.

6. PAI's Crossclaims are barred by the doctrine of assumption of the risk.

7. PAI's Crossclaims are barred by the doctrine of estoppel.

8. PAI's Crossclaims are barred by the doctrine of waiver.

9. PAI's Crossclaims are barred to the extent PAI is found liable on Mack's Counterclaims for any act relating to and/or use of MACSPEC 2001 beyond the scope of any representations made to PAI, if any, by Toledo Mack.

WHEREFORE, Plaintiff and Crossclaim Defendant Toledo Mack, by and through its attorneys, Duane Morris LLP, respectfully prays for judgment in its favor and against PAI on PAI's Crossclaims, and for an award of its costs incurred herein.

## CROSSCLAIMS AGAINST PAI

1. Toledo Mack is an Ohio corporation with its principal place of business at 2124 Front Street, Toledo, Ohio.

2. Upon information and belief, PAI is a Georgia corporation with its principal place of business at 950 Northbrook Parkway, Suwanee, Georgia.

3. This Court has jurisdiction over Toledo Mack's Crossclaims pursuant to the doctrine of pendant jurisdiction.

4. This Court has jurisdiction over Toledo Mack's Crossclaims pursuant to 28 U.S.C. § 1367(a).

5. Jurisdiction over Toledo Mack's Crossclaims against PAI is also supported by Rule 13(g) of the Federal Rules of Civil Procedure.

6. Venue over Toledo Mack's Crossclaims against PAI is proper in this Court.

## FACTUAL BACKGROUND

7. PAI is a customer of Toledo Mack and periodically purchases parts, including original Mack parts, from Toledo Mack.

8. Toledo Mack is an authorized distributor and dealer of Mack trucks and parts.

9. Mack Trucks, Inc. ("Mack") authorized Toledo Mack to order copies of the MACSPEC 2001 for customers.

10. Toledo Mack ordered two copies of the MACSPEC 2001 from Mack, including one copy for PAI.

11. Toledo Mack did not open, use, or install the MACSPEC 2001 system.

12. Toledo Mack forwarded one copy of MACSPEC 2001 to PAI.

13. Mack alleges that Toledo Mack gave PAI the necessary unlock code to install the MACSPEC 2001.

14. Toledo Mack did not supply PAI with the unlock code.

15. On information and belief, PAI obtained the necessary unlock code from Mack or Mack's agents.

16. To the extent that PAI fraudulently obtained the unlock code for the MACSPEC 2001 from Mack, PAI is liable to Toledo Mack for any damages found to have been suffered by Mack.

17. Toledo Mack did not obtain a replacement disk for the MACSPEC 2001 for PAI.

18. Mack alleges that, when ordering a replacement disk from Mack, PAI falsely claimed to Mack that it was an authorized distributor named "Nancy's Trucking" and provided a false mailing address.

19. To the extent that PAI fraudulently obtained a replacement disk for the MACSPEC 2001 from Mack, PAI is liable to Toledo Mack for any damages found to be suffered by Mack.

20. Toledo Mack provided a copy of MACSPEC 2001 to PAI solely to assist in ordering parts from Toledo Mack and did not authorize PAI to use MACSPEC 2001 in the manner alleged by Mack or have any knowledge of such alleged conduct.

21. Mack alleges that PAI is now using the MACSPEC 2001 to destroy Mack's after market parts business.

22. Mack further alleges that PAI is now using the MACSPEC 2001 to steal Mack's trade secrets, confidential business information, and intellectual property.

23. To the extent that PAI has misappropriated the trade secrets and/or confidential business information of Mack, PAI is liable to Toledo Mack for any damages found to be suffered by Mack.

24. Mack alleges that PAI distributes, copies, and prepares derivative works based on the MACSPEC 2001.

25. To the extent that PAI has infringed any copyright Mack has in the MACSPEC 2001, PAI is liable to Toledo Mack for any damages found to be suffered by Mack.

26. To the extent that PAI fraudulently induced Toledo Mack to send PAI a copy of the MACSPEC 2001, PAI is liable to Toledo Mack for any damages found to be suffered by Mack.

### COUNT I – INDEMNIFICATION

27. Toledo Mack incorporates Paragraphs 1 through 26 of its Crossclaims as if fully set forth therein.

28. To the extent that Toledo Mack is found to be liable to Mack because of PAI's acquisition, possession, or use of the MACSPEC 2001 system, a replacement disk, or its unlock codes, PAI is liable to Toledo Mack for any damages found to be suffered by Mack.

### COUNT II – CONTRIBUTION

29. Toledo Mack incorporates Paragraphs 1 through 28 of its Crossclaims as if fully set forth herein.

30. To the extent that Toledo Mack is found to be liable to Mack because of PAI's acquisition, possession, or use of the MACSPEC 2001 system, a replacement disk, or its unlock codes, PAI is liable to Toledo Mack for any damages found to be suffered by Mack.

### PRAYER FOR RELIEF

WHEREFORE, Toledo Mack requests the following relief on its Crossclaims against Toledo Mack:

1. That the Court award Toledo Mack relief on all its Crossclaims in an amount to be determined at trial;

2. That the Court award Toledo Mack compensatory damages from PAI in an amount to be proven at trial.

3. That the Court award Toledo Mack costs and attorneys' fees as applicable; and

4. For such such other, further, or different relief as the Court may deem just and proper.

DUANE MORRIS LLP

_____
Wayne A. Mack
Mark B. Schoeller
J. Manly Parks
James H. Steigerwald

One Liberty Place
Philadelphia, PA 19103-7396
215.979.1000

Attorneys for Toledo Mack Sales & Service, Inc.

Dated: October 9, 2002

## CERTIFICATE OF SERVICE

I, J. Manly Parks, certify that on this 9th day of October, 2002, I caused a true and correct copy of the foregoing Answer to the Crossclaims of PAI Industries, Inc. and Crossclaims of Toledo Mack Sales & Service, Inc. to be served via first class mail, postage prepaid, upon the following counsel of record:

John A. Baughman
Jeremy Heep
Barak A. Bassman
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

Joseph Schumacher
Kimberly Toomey
Wiggin & Dana LLP
1001 Hector Street
Conshohocken, PA 19428

Stephen M. Dorvee
Scott E. Taylor
Arnall Golden & Gregory LLP
2800 One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3450

_____
J. Manly Parks, Esq.