IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | : : : | |
| Defendant. | : | |

_____

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : | |
| Counterclaim Plaintiff, | : : : : | |
| v. | : : : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : : : : | |
| Counterclaim Defendant. | : : | |

**AMENDED ANSWER OF COUNTERCLAIM DEFENDANT
TOLEDO MACK SALES & SERVICE, INC. TO FIRST
AMENDED COUNTERCLAIMS OF DEFENDANT MACK TRUCKS, INC.**

Counterclaim Defendant Toledo Mack Sales and Service, Inc. ("Toledo Mack"), by and through its undersigned counsel, hereby submits its Answer to the First Amended Counterclaims of Defendant Mack Trucks, Inc. ("Mack").

# PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. This paragraph contains conclusions of law to which no response is required.

4. This paragraph contains conclusions of law to which no response is required.

5. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

## FACTUAL BACKGROUND

6. Admitted.

7. Admitted.

8. It is admitted that Mack and the distributor community work together to promote Mack products. It is denied that Mack regularly entrusts its distributors with confidential or proprietary materials. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the rest of the matters asserted in this paragraph, and they are therefore denied.

9. It is admitted that the after-market is competitive and comprised of name-brand manufacturers and manufacturers of generic parts. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the rest of the matters asserted in this paragraph, and they are therefore denied.

10. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

11. It is admitted that the MACSPEC 2001 system is comprised of 28 CD Rom disks containing parts configuration data. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or sufficient information to form a belief as to the truth of these allegations, and they are therefore denied.

12. It is admitted that MACSPEC 2001 allows distributors to search quickly for parts necessary to meet a particular customer's needs. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

13. It is denied that the compilation of data and software codes give Mack and its distributors a significant competitive edge. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

14. Toledo Mack is without knowledge or sufficient information to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

15. It is admitted that the MACSPEC 2001 system includes "unlock codes." It is further admitted that each "unlock code" is specific to each copy of the MACSPEC 2001 system, and that each "unlock code" integrates itself onto the computer hard drive on which it is first used, such that it can never be used on any other computer. Further, it is admitted that an "unlock code" can be assigned only once, during the first use of MACSPEC 2001 on the computer on which it is first installed. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

16. It is admitted that Mack has authorized GGS to distribute unlock codes. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

17. It is admitted that dealers are permitted to order more than one copy of MACSPEC 2001. The remaining allegations of this paragraph are denied.

18. It is admitted that for each new copy of the system, the user receives a new unlock code. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

**TOLEDO MACK'S LICENSING OF MACSPEC 2001**

19. Denied. There is no license agreement between Toledo Mack and Mack for MACSPEC 2001. By way of further answer, in February 1996, Toledo Mack entered into a license agreement with Mack for MACSPEC II, not MACSPEC 2001. Toledo Mack terminated the license agreement for MACSPEC II in January 2001 and returned the MACSPEC II software to Mack at that time. In early 2002, Toledo Mack ordered copies of MACSPEC 2001, but never entered into a license agreement with Mack for that software.

20. Denied. By way of further response, the language misquoted by Mack in this paragraph is from the MACSPEC II license agreement between Toledo Mack and Mack. This language actually uses the word "SOFTWARE" (defined by the MACSPEC II license agreement to be "[t]he MACSPEC II parts information system, consisting of both the operating

software and the parts database on CD-ROM.") in place of the bracketed phrase "[MACPEC 2001]" that Mack incorrectly uses.

21. Denied.

22. Denied.

**TOLEDO MACK AND PAI CONSPIRE TO STEAL MACSPEC 2001**

23. It is denied that Toledo Mack secretly conspired with PAI to steal and misappropriate MACSPEC 2001. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph, and they are therefore denied.

24. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

25. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

26. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

27. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

28. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

29. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

30. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

31. It is admitted that Toledo Pack provided MACSPEC 2001 to its customer, PAI in exchange for the fair value of MACSPEC 2001. It is denied that this was fraudulent or in violation of any license agreement with Mack. To the extent that this paragraph contains any additional factual allegations, they are denied.

**MACK CONTINUES TO SUFFER IRREPARABLE HARM
AS A RESULT OF PAI's THEFT**

32. It is denied that Toledo Mack was involved in the theft of the MACSPEC 2001 system and that Mack has suffered irreparable harm. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph, and they are therefore denied.

33. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

34. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied. It is specifically denied that Toledo Mack continues to conspire to steal Mack's trade secrets, confidential business information and intellectual property.

**FURTHER REVELATIONS DURING DISCOVERY OF TOLEDO MACK'S
SALE OF MACK'S TRADE SECRETS AND CONFIDENTIAL INFORMATION**

35. It is admitted that Mack filed its original Counterclaims and Motion for Preliminary Injunction on August 22, 2002. The remaining allegations of this paragraph are denied. It is specifically denied that Toledo Mack was involved with any " thefts" of Mack's trade secrets and confidential business information.

36. It is admitted that Toledo Mack provided a copy of MACSPEC 2001 to PAI and Northwest Truck Sales of Edmonton, Canada, a customer of Toledo Mack. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

37. It is admitted that Toledo Mack sold portions of Mack's microfiche parts database to PAI and Illinois Diesel Parts Center, Inc. ("Illinois Diesel"). It is denied that the Mack microfiche parts database that Toledo Mack leased from Mack is confidential or proprietary. It is admitted that Mack's microfiche parts database contains drawings and diagrams for Mack trucks. It is admitted that Illinois Diesel is a PAI distributorship. It is further admitted that Paul Palmer is a former Toledo Mack parts manager, who is now involved with Illinois Diesel. Toledo Mack is without knowledge or information sufficient to form a belief as to the remaining factual allegations in this paragraph, and they are therefore denied.

38. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

39. It is admitted that Toledo Mack sold Mack's parts price lists to PAI. It is denied that these price lists are confidential or secret.

40. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied, however it is specifically denied that the costs of Mack's parts are not publicly available or published and that such costs are kept confidential.

41. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied, however it is specifically denied that Toledo Mack participated in a conspiracy to undermine Mack's position.

**COUNT I (MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL BUSINESS INFORMATION (AS AGAINST TOLEDO MACK AND PAI)**

42. Toledo Mack incorporates paragraphs 1 through 41 of its Answer as if fully set forth herein.

43. It is admitted that the MACSPEC 2001 system consists of a compilation of information about truck parts and computer software to search and use that compilation. As to the remaining allegations in this paragraph, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

44. It is denied that Mack's parts price lists are confidential. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

45. It is admitted that Mack distributes individual copy-specific unlock codes for MACSPEC 2001. The remaining allegations in this paragraph are denied. It is specifically denied that the information on the MACSPEC 2001 system is confidential and proprietary to Mack.

46. Denied.

47. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

48. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

49. Denied.

50. Denied.

51. Denied.

52. It is admitted that Toledo Mack distributed one copy of the MACSPEC 2001 system to PAI. It is denied that Toledo Mack provided PAI with the necessary unlock code to access the system. It is further denied that it was a breach of any agreement or confidence for Toledo Mack to provide PAI with a copy of the MACSPEC 2001 system. To the extent that this paragraph contains additional factual allegations, they are denied.

53. It is admitted that Toledo Mack provided PAI with a Mack parts price list of the service dealer variety on one occasion. It is also admitted that Toledo Mack provided portions of the microfiche databases to PAI. It is denied that this was a breach of any confidence

Mack reposed in Toledo Mack. To the extent that this paragraph contains additional factual allegations, they are denied.

54.    It is specifically denied that Toledo Mack participated in any "theft" of the MACSPEC 2001 system. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

55.    This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied. It is specifically denied that Toledo Mack's distribution of MACSPEC 2001 violated Mack's confidence and the License Agreement.

56.    Denied.

57.    Denied.

58.    Denied.

**COUNT II (COPYRIGHT INFRINGEMENT)**
**(AS AGAINST TOLEDO MACK AND PAI)**

59.    Toledo Mack incorporates paragraphs 1 through 58 of its Answer as if fully set forth herein.

60.    It is admitted that MACSPEC 2001 is a computer program. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

61.    Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

62. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

63. Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph, and they are therefore denied.

64. It is admitted that Toledo Mack distributed MACSPEC 2001 to PAI. It is denied that such distribution was without authorization from Mack. To the extent that this paragraph contains additional factual allegations, they are denied.

65. It is admitted that Toledo Mack distributed portions of the microfiche parts database to PAI. It is denied that such distribution was without authorization from Mack. To the extent that this paragraph contains additional factual allegations, they are denied.

66. It is denied that PAI induced Toledo Mack to distribute MACSPEC 2001 to it by offering consideration to Toledo Mack. By way of further answer, PAI paid Toledo Mack the fair cost of MACSPEC 2001. To the extent that this paragraph contains additional factual allegations, they are denied.

67. This paragraph contains legal conclusions to which no response is required. To the extent that this paragraph contains additional factual allegations, Toledo Mack is without knowledge or information sufficient to form a belief as to the truth of such allegations, and they are therefore denied.

68. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, Toledo Mack is without

knowledge or information sufficient to form a belief as to the truth of such allegations, and they are therefore denied.

69. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

70. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

### COUNT III (BREACH OF CONTRACT)
### (AS AGAINST TOLEDO MACK)

71. Toledo Mack incorporates paragraphs 1 through 70 of its Answer as if fully set forth herein.

72. Denied.

73. Denied.

74. It is admitted that Toledo Mack distributed MACSPEC 2001 to PAI. It is denied that this was a breach of any agreement with Mack because there is no license agreement between Toledo Mack and Mack for MACSPEC 2001.

75. Denied. It is specifically denied that Toledo Mack ever provided the relevant unlock code to PAI. Under Mack's own description of the "unlock" feature, only Mack or its contractor, GSS, can distribute an unlock code during the first use of MACSPEC 2001 on the computer on which it is first installed. To the extent that this paragraph contains additional factual allegations, they are denied.

76. Denied.

## COUNT IV (CIVIL CONSPIRACY)
## (AS AGAINST TOLEDO MACK AND PAI)

77. Toledo Mack incorporates paragraphs 1 through 76 of its Answer as if fully set forth herein.

78. Denied.

79. Denied.

80. It is admitted that Toledo Mack provided a copy of MACSPEC 2001 to PAI. The remaining factual allegations in this paragraph are denied.

81. Denied.

82. Denied.

### FIRST AFFIRMATIVE DEFENSE

Mack's Amended Counterclaims fail to state a claim upon which relief may be granted and therefore must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Mack's counterclaims fail to state an appropriate claim for declaratory or equitable relief.

### THIRD AFFIRMATIVE DEFENSE

Mack has suffered no damages.

### FOURTH AFFIRMATIVE DEFENSE

Mack's counterclaims are barred by Mack's consent.

### FIFTH AFFIRMATIVE DEFENSE

Mack's counterclaims are barred by Mack's unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Mack's counterclaims are barred by the doctrine of estoppel, and by Mack's failure to mitigate its alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Mack's counterclaims are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Mack's counterclaims are barred by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

Mack's counterclaims are barred by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Mack has failed to allege facts sufficient to establish misappropriation of trade secrets and confidential business information. Mack has not alleged facts sufficient to establish the existence of trade secrets or any misappropriation by Toledo Mack.

**ELEVENTH AFFIRMATIVE DEFENSE**

Mack has not suffered irreparable injury.

**TWELFTH AFFIRMATIVE DEFENSE**

Mack has not stated a claim upon which punitive damages may be awarded.

## **PRAYER FOR RELIEF**

WHEREFORE, Toledo Mack requests the following relief on all claims and counterclaims in this action:

1. That the Court dismiss Mack's counterclaim's with prejudice.

2. That the Court award Toledo Mack relief on all of its claims.

3. For compensatory, general, special, statutory, and other damages in an amount to be determined according to the proofs presented during the course of trial;

4. For double damages;

5. For treble damages;

6. For punitive damages in an amount to be determined according to the proofs presented during the course of trial;

7. For costs and attorneys' fees;

8. For a preliminary and permanent injunction enjoining MTI from engaging in unfair competition with Toledo Mack in violation of Section 4517.59 of the Ohio Revised Code Annotated;

9. For a preliminary and permanent injunction enjoining MTI from making direct sales to retail customers other than through its franchised dealers in violation of Section 445.1574 of the Michigan Franchise Investment Law.

10. For a declaration that, pursuant to its Distributor Agreement with Toledo Mack and any other legal duties that MTI owes to Toledo Mack, MTI must distribute Mack trucks and components exclusively through franchised Mack dealers, and that MTI must not sell Mack trucks or components directly to body manufacturers, other National Accounts, or other non-public purchasers;

11.	For such other relief as the Court deems necessary, just and appropriate under the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on any and all claims for which adjudication by jury may be appropriate.

                Respectfully Submitted,

Dated:  January 13, 2004

                _____
                Wayne A. Mack
                J. Manly Parks
                Keith J. Verrier
                Marcella E. McIntyre

                DUANE MORRIS LLP
                One Liberty Place
                Philadelphia, PA 19103
                Phone: 215-979-1152/1342/1133/1167
                Fax:    215-979-1020

                Attorneys for Plaintiff Toledo Mack
                Sales & Service, Inc.

**Certificate of Service**

I hereby certify that on January 13, 2004, a true and correct copy of the foregoing Answer of Counterclaim Defendant Toledo Mack Sales & Service, Inc. To First Amended Counterclaims of Defendant Mack Trucks, Inc. was served via hand delivery upon the following:

> Jeremy Heep, Esquire
> Pepper Hamilton LLP
> 3000 Two Logan Square
> Eighteenth and Arch Streets
> Philadelphia, PA 19103-2799

_____
Marcella E. McIntyre, Esquire

PH2\749563.2