IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| MACK TRUCKS, INC. | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| Counterclaim Defendant. | : | |
| | : | |

**DEFENDANT MACK TRUCKS, INC.'S RESPONSIVE MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO PRESERVE THE DESIGNATION OF CERTAIN DOCUMENTS AS "CONFIDENTIAL – ATTORNEYS EYES ONLY"**

Defendant Mack Trucks, Inc. ("Mack"), by and through its undersigned counsel, hereby submits this Responsive Memorandum of Law in Further Support of its Motion to Preserve the Designation of Certain Documents as "Confidential – Attorneys Eyes Only" pursuant to the Second Stipulated Protective Order entered by the Court on March 31, 2003 (the "Protective Order").

## I.    INTRODUCTION

Setting aside Plaintiff/Counterclaim Defendant Toledo Mack Sales and Service Inc.'s ("Toledo Mack") attempt to put impertinent and premature evidence before this Court and to rehash the same trade secret arguments already rejected by this Court, its submission of twenty documents to the Court in the form of Exhibits B (1)-(10) and E (1)-(10) is telling for three reasons.  First, Exhibits B (1)-(10) illustrate the purpose of the requirement of Federal Rule of Civil Procedure 26(c) and Paragraph 14 of the Protective Order that litigants go to each other with disputes before going to the Court.[1]  Second, documents pre-dating 2001 may remain highly sensitive such that disclosure causes a clearly defined and serious injury to Mack.  Third, Plaintiff's proffered reason for disclosure to Dave Yeager is unsubstantiated.

Quite simply, Mack remains ready and willing to engage in discussions with Toledo Mack regarding any specific designations with or without the assistance of the Court.

## II.    ARGUMENT

Despite Mack's invitation to Toledo Mack to point out any mistaken designations, Toledo Mack chose to go straight to the Court in an apparent effort to embarrass Mack.  While Mack regrets the chosen forum for this sentence, Mack hereby designates the documents in Exhibits B (1)-(10) as "Confidential" instead of "Confidential – Attorneys Eyes Only."

### A.    Documents Pre-Dating 2001 Remain Highly Sensitive and Disclosure Would Cause a Clearly Defined and Serious Injury to Mack.

Toledo Mack alleges that Mack failed to meet its burden to show that the disclosure of documents designated "Confidential – Attorneys Eyes Only" would cause a clearly defined and serious injury to Mack.  Toledo Mack argues that In re Honeywell Int'l, Inc. Secs.

---

[1] Mack's motion was triggered by Toledo Mack's challenge and subsequent refusal to hold any reasonable dialogue between the parties.

Litig., No. 00-3605, 2003 U.S. Dist. LEXIS 20409 (D.N.J. Aug. 27, 2003) reveals that "Toledo Mack's position is warranted and directly on point," because Mack "has not even attempted to explain how disclosure to Dave Yeager of any of the documents whose designations have been challenged by Toledo Mack would cause a clearly defined and serious injury to Mack." See Plaintiff Toledo Mack Sales & Service, Inc.'s Opposition at 5. In Honeywell, the court found that the defendant failed to provide the "critical link between the old information contained in the documents and the method or methods by which its competitors, suppliers, and customers could use this information to currently cause Honeywell a clearly defined and serious injury." 2003 U.S. Dist. LEXIS 20409 at *13-14. Mack disagrees with Toledo Mack's allegations. Mack has provided the "critical link" between the information contained in the documents and the methods by which outside parties could use the information to currently cause Mack a clearly defined and serious injury.

Mack produced in excess of 200,000 pages of documents to Toledo Mack in Summer 2003. As admitted above, Mack improperly designated isolated documents "Confidential – Attorneys Eyes Only." Because Toledo Mack refuses to engage in discussions with Mack regarding the proper designation for approximately 18,000 documents, it is not possible for Mack to demonstrate that every single challenged document remains highly sensitive and that disclosure would cause a clearly defined and serious injury to Mack.[2] The documents attached by Plaintiff as Exhibit E (1)-(10), however, do remain highly sensitive, and their disclosure would cause a clearly defined and serious injury to Mack. See Affidavit of Robert L. Fournier (attached hereto as "Exhibit A").

---

[2] In Honeywell, the plaintiff challenged the designation of only 39 documents. 2003 U.S. Dist. LEXIS 20409.

1.    **Mack Does Not Have the Authority to Release Information on Other Dealer's Floor Plan and Credit Terms.**

Five of the documents attached to Toledo Mack's Opposition (Exhibit E (1)-(5)) contain highly sensitive credit information regarding Nextran Truck Center and Tampa Mack Sales & Service. Although those documents pre-date 2001, if Mack releases such information, its relationship of trust and confidence with these and other dealers could be irreparably harmed now and in the future. See id. at ¶ 6. Under no circumstances should one dealer be privy to sensitive information from other dealers' credit providers. Mack does not have the authority to release that information and cannot release documents that contain highly confidential information regarding the financial relationship between Mack and its dealers. See id. at ¶ 5. Mack's relationship of trust and confidence with its dealer principals and with its whole dealer network is crucial to Mack's business operations. See id. at ¶ 6. Disclosure of the documents at Exhibit E (1)-(5) of the Plaintiff's Opposition would violate the confidential relationship between Mack and its dealers, causing a clearly defined and serious injury to Mack.

2.    **Mack Would be Seriously Injured by the Disclosure of Financial and Cost Information.**

The documents attached at Exhibit E (6)-(9) contain highly sensitive information regarding both Mack's cost methodology and internal financial data. See id. at ¶ 7. Mack's cost methodology and internal financial data play an integral role in the pricing of Mack's product lines. See id. at ¶ 7. Although the actual numbers contained in the documents may change from year to year, the disclosure of Mack's overall cost methodology could be used by its competitors, suppliers, or customers to gain insight into Mack's marketing strategies and cost structure. See id. at ¶ 7. Similarly, while the numbers contained in the documents may arguably be stale, the documents clearly demonstrate how Mack gathers and analyzes financial data and assesses its financial health. See id. at ¶ 7. The disclosure of such segregation and analysis of complex

financial information to parties outside of Mack could severely inhibit Mack's ability to compete in the Class-8 truck market. See id. at ¶ 7. This is a clearly defined and serious injury to Mack.

The document attached at Exhibit E (10) is an Agenda for an October, 1999 meeting of the Mack Trucks Finance Committee ("Finance Committee"). Although the meeting took place several years ago, the discussion topics listed on the agenda clearly reveal the specific types of information considered by Mack in its operation of the corporation. See id. at ¶ 8. The disclosure of the deliberative processes of high level Mack employees to parties outside the company could cause a clearly defined and serious injury to Mack. See id. at ¶ 8.

**B.    Toledo Mack's Proffered Reason for Disclosure to Their Dave Yeager is Unsubstantiated.**

Toledo Mack alleges that Mack by designating documents as "Confidential - Attorneys Eyes Only" has hampered Dave Yeager's ability to participate in the prosecution of his case." See Plaintiff Toledo Mack Sales & Service, Inc.'s Opposition at page 18. Toledo Mack argues that the class-8 truck industry is very complicated and highly specialized, and that it "encompasses extensive information and specialized terminology that is most easily understood by those participating in that industry on a daily basis." See id. at pages 18 – 19. Toledo Mack has not provided an example of any document which requires such an explanation.

In addition, Toledo Mack further alleges that Mack designated documents as "Confidential - Attorneys Eyes Only" in an attempt to keep secret from Mr. Yeager the details of alleged agreements to allocate customers and geographically divide the market. See id. at page 6. Toledo Mack is obviously unable to discover any document that evidences such an agreement, else they would have attached the document to their reply brief. Instead, Toledo Mack has attached to its reply brief randomly selected documents that fail to demonstrate any

prejudice to Mr. Yeager as a result of the documents' "Confidential – Attorneys Eyes Only" designation.

## III.    CONCLUSION

For the reasons set forth both herein, Mack respectfully requests that this Court grant Mack's Motion and preserve the "Confidential – Attorneys Eyes Only" designations being challenged.

Respectfully submitted,

Jon A. Baughman
Jeremy Heep
Barak A. Bassman
Daniel J. Boland
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Mack Trucks, Inc.

Dated:  February 17, 2004

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TOLEDO MACK SALES &amp;                     :
SERVICE, INC.,                             :
                                           :
      Plaintiff,                 :       Civil Action No. 2:02-CV-04373-RLB
                                           :
     v.                              :
                                           :       JURY TRIAL DEMANDED
MACK TRUCKS, INC.,                         :
                                           :
      Defendant.                 :

---

MACK TRUCKS, INC.,                         :
                                           :
      Plaintiff,                 :
                                           :
     v.                              :
                                           :
TOLEDO MACK SALES &amp;                     :
SERVICE, INC., and                         :       JURY TRIAL DEMANDED
                                           :
                                           :
      Defendants.                :

### AFFIDAVIT OF ROBERT L. FOURNIER

COMMONWEALTH OF PENNSYLVANIA          :
                                                    ss.
COUNTY OF LEHIGH                      :

     I, Robert L. Fournier, being over 18 years of age, being of sound mind and

capable of making this affidavit, and being personally acquainted with the facts described herein,

which are true and correct to the best of my knowledge and belief, state the following:

     1.    I have been employed by Mack Truck, Inc. ("Mack") since January 22,

1977. My current title is Director of Corporate Credit, with responsibility for worldwide

collection of truck and part receivables.

2.     I have reviewed Exhibits E-1 through E-10 ("Exhibits") attached to Toledo Mack Sales & Service Inc.'s Memorandum of Law in Opposition to Defendant Mack Trucks, Inc.'s Motion to Preserve the Designation of Certain Document as "Confidential – Attorney's Eyes Only."

3.     The Exhibits are documents of a highly sensitive nature whose disclosure to any party will result in clearly defined and serious injury to Mack.

4.     Exhibits E-1 through E-5 are documents containing highly confidential credit information regarding the financial relationship between Mack and its dealers.

5.     Mack has neither the authority to release the type of sensitive financial information about its dealers contained in Exhibits E-1 through E-5 nor the permission from its dealers to release such information.

6.     The financial success of Mack greatly depends upon a relationship of both trust and confidence with its dealer network.  Disclosure of Exhibits E-1 through E-5 and similar documents would undermine the trust and confidence of Mack's relationship with its dealers.  A breakdown of trust and a breach of confidentiality between Mack and its dealers would place the well-being of the entire Mack dealer network in peril and result in serious injury to Mack.

7.     Exhibits E-6 through E-9 are documents containing highly sensitive information regarding both cost methodology and internal financial data.  Disclosure of such information could result in clearly defined and serious harm to Mack.  Both Mack's cost methodology and how Mack chooses to group and segregate certain internal financial data play an integral role in the pricing of Mack product lines.  Mack's competitors, suppliers and customers could easily use Mack's cost methodology to gain insight into both Mack's marketing strategies and pricing policies.  Disclosure of the information contained in Exhibits E-6 through

E-9 and similar documents would result in serious harm to Mack in the market place, especially given the highly competitive atmosphere of the class 8 truck market.

8.      Exhibit E-10 is the Agenda for the October 8, 1999 meeting of the Mack Trucks Finance Committee ("Finance Committee").  The discussion topics of the Finance Committee clearly reveal specific types of information considered by Mack in its operation of the corporation.  Other parties, especially Mack's competitors, have no right to know what Mack considers to be important to effectively compete in the class 8 truck market.  Disclosure of Exhibit E-10 and similar documents that reveal the deliberative business processes of high level Mack employees to parties outside the corporation would compromise Mack's strategy for competition in the class 8 truck market and result in clearly defined and serious injury to the corporation.

I certify that the foregoing statements by me are true and correct to the best of my knowledge, information and belief.  I understand that if any of the foregoing statements made by me are willfully false, I am subject to the penalties provided for under 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

Robert L. Fournier
2100 Mack Boulevard
Allentown, PA 18103

Dated:  February 16, 2004

NOTARIAL SEAL
ANNA MAE YEAGER, Notary Public
Allentown, Lehigh County, PA
My Commission Expires Feb. 1, 2005

## CERTIFICATE OF SERVICE

I, Daniel J. Boland, hereby certify that on February 17, 2004, a true and correct copy of the foregoing Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Responsive Memorandum of Law in Further Support of Its Motion to Preserve the Designation of Certain Documents as "Confidential – Attorneys Eyes Only" was served via hand delivery upon the following:

J. Manly Parks
Duane Morris LLP
One Liberty Place
Philadelphia, PA 19103-7396

Daniel J. Boland