IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC., and | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**DEFENDANT MACK TRUCKS, INC.'S PRAECIPE TO ATTACH EXHIBIT**

Kindly attach the February 16, 2004 affidavit of Robert L. Fournier with original signature, attached hereto as Exhibit A, to Defendant Mack Trucks, Inc.'s Responsive Memorandum of Law in Further Support of Its Motion to Preserve the Designation of Certain

-2-

Documents as "Confidential – Attorneys Eyes Only."

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Daniel J. Boland |
| Date: February 18, 2004 | Jon A. Baughman<br>Jeremy Heep<br>Barak A. Bassman<br>Daniel J. Boland<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA 19103-2799<br>(215) 981-4000 |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC., and | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF ROBERT L. FOURNIER

COMMONWEALTH OF PENNSYLVANIA     :
                                                                ss.
COUNTY OF LEHIGH                                  :

      I, Robert L. Fournier, being over 18 years of age, being of sound mind and capable of making this affidavit, and being personally acquainted with the facts described herein, which are true and correct to the best of my knowledge and belief, state the following:

      1.    I have been employed by Mack Truck, Inc. ("Mack") since January 22, 1977. My current title is Director of Corporate Credit, with responsibility for worldwide collection of truck and part receivables.

2. I have reviewed Exhibits E-1 through E-10 ("Exhibits") attached to Toledo Mack Sales & Service Inc.'s Memorandum of Law in Opposition to Defendant Mack Trucks, Inc.'s Motion to Preserve the Designation of Certain Document as "Confidential – Attorney's Eyes Only."

3. The Exhibits are documents of a highly sensitive nature whose disclosure to any party will result in clearly defined and serious injury to Mack.

4. Exhibits E-1 through E-5 are documents containing highly confidential credit information regarding the financial relationship between Mack and its dealers.

5. Mack has neither the authority to release the type of sensitive financial information about its dealers contained in Exhibits E-1 through E-5 nor the permission from its dealers to release such information.

6. The financial success of Mack greatly depends upon a relationship of both trust and confidence with its dealer network. Disclosure of Exhibits E-1 through E-5 and similar documents would undermine the trust and confidence of Mack's relationship with its dealers. A breakdown of trust and a breach of confidentiality between Mack and its dealers would place the well-being of the entire Mack dealer network in peril and result in serious injury to Mack.

7. Exhibits E-6 through E-9 are documents containing highly sensitive information regarding both cost methodology and internal financial data. Disclosure of such information could result in clearly defined and serious harm to Mack. Both Mack's cost methodology and how Mack chooses to group and segregate certain internal financial data play an integral role in the pricing of Mack product lines. Mack's competitors, suppliers and customers could easily use Mack's cost methodology to gain insight into both Mack's marketing strategies and pricing policies. Disclosure of the information contained in Exhibits E-6 through

E-9 and similar documents would result in serious harm to Mack in the market place, especially given the highly competitive atmosphere of the class 8 truck market.

8. Exhibit E-10 is the Agenda for the October 8, 1999 meeting of the Mack Trucks Finance Committee ("Finance Committee"). The discussion topics of the Finance Committee clearly reveal specific types of information considered by Mack in its operation of the corporation. Other parties, especially Mack's competitors, have no right to know what Mack considers to be important to effectively compete in the class 8 truck market. Disclosure of Exhibit E-10 and similar documents that reveal the deliberative business processes of high level Mack employees to parties outside the corporation would compromise Mack's strategy for competition in the class 8 truck market and result in clearly defined and serious injury to the corporation.

I certify that the foregoing statements by me are true and correct to the best of my knowledge, information and belief. I understand that if any of the foregoing statements made by me are willfully false, I am subject to the penalties provided for under 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

*Robert L. Fournier*
Robert L. Fournier
2100 Mack Boulevard
Allentown, PA 18103

Dated: February 16, 2004

*Anna Mae Yeager*

NOTARIAL SEAL
C YEAGER, Notary Public
...own, Lehigh County, PA
...ssion Expires Feb. 1, 200_

## CERTIFICATE OF SERVICE

I, Daniel J. Boland, hereby certify that on February 18, 2004, a true and correct copy of the foregoing Defendant Mack Trucks, Inc.'s Praecipe to Attach Exhibit was served via hand delivery upon the following:

>J. Manly Parks
>Duane Morris LLP
>One Liberty Place
>Philadelphia, PA 19103-7396

Daniel J. Boland