**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : | |
| Counterclaim Plaintiff, | : : : | |
| v. | : : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC. and | : : : | |
| Counterclaim Defendant. | : : | |

**MOTION OF PLAINTIFF TOLEDO MACK SALES & SERVICE INC.
FOR LEAVE TO SUPPLEMENT ITS SUMMARY JUDGMENT BRIEFS
WITH TWO RECENTLY DECIDED AUTHORITIES**

**I.     INTRODUCTION**

This case involves claims by plaintiff Toledo Mack Sales & Service, Inc. ("Toledo Mack"), a Mack truck dealer in Toledo, Ohio, against defendant Mack Trucks, Inc. ("MTI"), that MTI has engaged in illegal restraints of trade in violation of Section 1 of the Sherman Act, price discrimination in violation of the Robinson-Patman Act and the Ohio Motor Vehicle Dealers Act, as well as other violations of statutory and common law.  MTI brought counterclaims

PH2\814441.1

against Toledo Mack asserting that Toledo Mack had misappropriated MTI's trade secrets and confidential information and violated federal copyright laws.

Both parties filed motions for summary judgment in their favor on the claims against them, and the parties each submitted extensive briefing on the issues raised by those motions. This Court has informed the parties by letter that it will not accept any further briefing on MTI's Motion for Summary Judgment. Subsequent to the Court's letter, two significant developments have occurred of which Toledo Mack believes the Court should be made aware, and therefore Toledo Mack makes this motion for leave to supplement its prior briefs, both in opposition to MTI's motion for summary judgment and in support of Toledo Mack's motion for summary judgment on MTI's counterclaims, with these two recently decided authorities.

## II.    REEDER-SIMCO

The first significant development which Toledo Mack wishes to bring to the Court's attention is the opinion issued approximately three weeks ago by United States Court of Appeals for the Eighth Circuit in Reeder-Simco GMC v. Volvo GM Heavy Truck, No. 02-2462, 2004 U.S. App. LEXIS 14231 (8th Cir. July 12, 2004). A copy of that opinion is attached hereto as Exhibit A.

Reeder-Simco involved claims of price discrimination by a truck dealer against Volvo Truck, MTI's parent company. In upholding a verdict in favor of the plaintiff, the Eight Circuit addressed and squarely rejected many of the same arguments advanced by MTI in support of its motion for summary judgment in this case.

Also noteworthy in the Reeder-Simco decision is the relationship observed by the court between the price discrimination experienced by the plaintiff dealer in Reeder-Simco and the defendant manufacturer's dealer consolidation plan (known within Volvo Truck as "Volvo Vision"). The similarities between the situation in Reeder-Simco and Toledo Mack's experience

2

with price discrimination and MTI's dealer consolidation plan, Network 2000, are striking. The connection between the two situations is cemented by the fact that MTI is a wholly-owned subsidiary of Volvo Truck.

### III. TERMINATION CASE RULING

The second significant development which Toledo Mack wishes to bring to the Court's attention involves the "Termination Proceeding" between Toledo Mack and MTI before the Ohio Motor Vehicle Board.

As noted in both parties' summary judgment papers, following the initiation of this action, MTI attempted to terminate Toledo Mack as a Mack truck distributor. Pursuant to the Ohio Motor Vehicle Dealers Act, Toledo Mack filed a formal protest of that termination with the Ohio Motor Vehicle Board, thereby initiating a formal proceeding before that agency regarding whether the termination was justified. Following extensive discovery by both parties, the matter was heard by a Hearing Examiner for eight days, after which both parties submitted post-hearing briefing.

This past Friday, July 30, 2004, the Hearing Examiner issued her ruling in the Termination Case. A copy of the Hearing Examiner's ruling is attached hereto as Exhibit B. In upholding Toledo Mack's protest of the termination, the Hearing Examiner found:

- Good cause did not exist for MTI's termination of Toledo Mack

- The stated "primary reason" MTI terminated Toledo Mack, which was the alleged provision of trade secrets by Toledo Mack to MTI's competitors, was invalid because "*the information claimed by [MTI] to be secret is widely known and available outside [MTI], widely known within [MTI] and [MTI]'s dealer network, not subject to extensive protective measures by [MTI], and easily acquired by others, [and therefore] it cannot qualify for trade secret status as a matter of law.*"

- Toledo Mack and MTI were not parties to a "confidential relationship."

- "Toledo Mack did not disseminate any trade secrets or confidential information as defined by [Ohio law] of [MTI]."

3

- By the January 29, 2002 letter from Bob Yusuik of MTI, *"Toledo Mack was authorized to sell MACSPEC 2001 systems to its customers, including PAI and Northwest Truck Sales."*

- MTI discriminated against Toledo Mack by *"provid[ing] price discounts to certain dealers and not to Toledo Mack at times when Toledo Mack was competing against those dealers."*

IV. **CONCLUSION**

In light of the obvious relevance and significance of these very recent developments, Toledo Mack respectfully requests that the Court grant Toledo Mack leave to supplement its prior briefing in opposition to MTI's motion for summary judgment and in support of Toledo Mack's motion for summary judgment on MTI's counterclaims, to include the Eighth Circuit's opinion in Reeder-Simco and the Hearing Examiner's ruling in the Termination Case.

Respectfully submitted,

DUANE MORRIS LLP

By:       JMP 1633
Wayne A. Mack
J. Manly Parks
One Liberty Place
Philadelphia, PA 19103
215.979.1152/.1342

ATTORNEYS FOR PLAINTIFFS
TOLEDO MACK SALES &
SERVICE, INC.

4

## **CERTIFICATE OF SERVICE**

I, J. Manly Parks, hereby certify that I caused a true and correct copy of the foregoing Motion of Plaintiff Toledo Mack Sales & Service, Inc. for Leave to Supplement its Summary Judgment Briefs With Two Recently Decided Authorities to be delivered by hand delivery to the following counsel of record this 3rd day of August, 2004:

>Jeremy Heep, Esq.
>Pepper Hamilton LLP
>3000 Two Logan Square
>Eighteenth and Arch Streets
>Philadelphia, PA 19103-2799

                                          _____
                                                       J. Manly Parks

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : | |
| Counterclaim Plaintiff, | : : : : | |
| v. | : : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC. and | : : : : | |
| Counterclaim Defendant. | : : | |

## **ORDER**

AND NOW, this ___ day of _____, 2004, upon consideration of the Motion of Plaintiff Toledo Mack Sales & Service, Inc. for Leave to Supplement its Summary Judgment Briefs With Two Recently Decided Authorities and the response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.

                                                                _____
                                                                Buckwalter, J.