# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC. | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| | : | |
| Counterclaim Defendant. | : | |

## DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF/ COUNTERCLAIM DEFENDANT TOLEDO MACK SALES & SERVICE, INC.'S RENEWED MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

During the pendency of Toledo Mack's original Motion for Summary Judgment before this Court, it filed a brief on September 8, 2004 arguing that Mack's Counterclaims were precluded by the Order of the Ohio Motor Vehicle Dealer Board sustaining Toledo Mack's Protest of Mack's Notice of Termination. In response, Mack agreed that its claim for misappropriation of trade secrets was precluded by the ruling in Ohio, as the termination was based, in part, upon Mack's allegation that Toledo Mack misappropriated trade secrets when it

provided price lists, microfiche, and MACSPEC 2001, to Mack competitor PAI Industries, Inc. and two PAI dealers. However, Mack argued – and this Court has already held – that there was no collateral estoppel effect as to Mack's remaining Counterclaims for misappropriation of confidential business information, copyright infringement, breach of contract, and civil conspiracy, as these claims involved wholly different elements of proof.

Toledo Mack now brings a "renewed" Motion for Summary Judgment on Mack's Counterclaims, arguing again on the same underlying bases that they are precluded by the ruling in Ohio. This "renewed" Motion is not based on any recent development, but on an opinion from the Ohio Court of Common Pleas issued on May 12, 2005 – over *nine months ago*. Mack has appealed that ruling to the Ohio Court of Appeals, and the appeal is fully briefed and was argued on December 7, 2005.[1] Regardless, Toledo Mack's "renewed" Motion is nothing but a regurgitation of already rejected arguments, and should be denied.

## II.    PROCEDURAL HISTORY

On August 22, 2002, Mack filed its Counterclaims in this case, alleging causes of action for misappropriation of trade secrets, misappropriation of confidential business information, copyright infringement, breach of contract, and civil conspiracy based on the then-recently discovered misappropriation of MACSPEC 2001. Mack joined PAI as a defendant and filed simultaneous Motions for Expedited Discovery and Preliminary Injunction.

Neither PAI nor Toledo Mack chose to contest the Motion for Preliminary Injunction. During the expedited discovery period, Mack and PAI reached a negotiated

---

[1] Should the Ohio Court of Appeals reverse the lower court, of course, the prior judgment in Toledo Mack's favor would lose all preclusive effect and Mack would move to reconsider this Court's dismissal of Mack's claim for misappropriation of trade secrets. See generally Comment o to Rest. 2d Judgments § 27 ("If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court (or by the court of first instance in pursuance of the mandate of the appellate court), this latter judgment is conclusive between the parties").

settlement, whereby PAI agreed to the entry of a Consent Decree that forbids PAI from

possessing MACSPEC 2001 or MACK parts price lists. PAI also agreed to pay money to Mack

and to return MACSPEC 2001 and all MACK parts price lists that it possessed. To settle the

Motion for Preliminary Injunction, Toledo Mack similarly agreed to the entry of a Consent

Decree that mandated the return of the MACSPEC 2001 system that Toledo Mack provided to

PAI distributor Northwest Truck and that forbids Toledo Mack from disseminating Mack's

databases and price lists during the pendency of this litigation.

Based on information learned in expedited discovery, Mack filed its First

Amended Counterclaims on March 24, 2003, adding claims based on Toledo Mack's repeated

funneling of Mack's parts price lists and microfiche database to PAI and PAI dealers Illinois

Diesel and Northwest Truck. Toledo Mack moved to dismiss Mack's Amended Counterclaims

for failure to state a claim. The Court denied that Motion on August 18, 2003.

At approximately the same time that Mack filed its First Amended Counterclaims,

it also sent a Notice of Termination of its distributorship agreement with Toledo Mack based on,

inter alia, Mack's allegation that Toledo Mack engaged in misappropriation of trade secrets.

Toledo Mack filed an administrative protest of the proposed termination to the Ohio Motor

Vehicle Dealers Board (the "Board"). On July 30, 2004, the Board-appointed Hearing Examiner

issued a Report recommending that Toledo Mack's protest be sustained because of, inter alia,

Mack's alleged failure to prove misappropriation of trade secrets. Thirty days later the Board

adopted this Report by inaction.

At the time the Hearing Examiner issued her Report, Toledo Mack had already

moved for summary judgment on the merits of Mack's Counterclaims. After the Board adopted

the Report by inaction, Toledo Mack filed a supplemental brief in support of its Motion, arguing

that the Board's order acted as a collateral estoppel bar to all of Mack's Counterclaims. See generally Exh. D to Toledo Mack's Memorandum of Law in Support of Renewed Motion for Summary Judgment.

In response, Mack conceded that its claim for misappropriation of trade secrets was barred by collateral estoppel. See Exh. E to Toledo Mack's Memorandum of Law in Support of Renewed Motion for Summary Judgment at 2.  Nevertheless, Mack pointed out that the Board's Order did not have preclusive effect on its remaining counterclaims.  Mack made three arguments as to the price lists and microfiche.  First, Mack noted that the Hearing Examiner had not addressed the different, and substantially lower, standard of proof for an action for misappropriation of confidential business information. Id. at 8-11.  Second, Mack pointed out that the Hearing Examiner did not reach any of the issues implicated in Mack's claim for copyright infringement of the microfiche. Id. at 3-6.  Third, as the Board's Order did not defeat Mack's ability to prove a separate underlying tort, there could be no preclusion of Mack's civil conspiracy claim. Id. at 13.

Regarding Mack's Counterclaims for the misappropriation of MACSPEC 2001 (as opposed to the microfiche and price lists), including copyright infringement, breach of contract, and misappropriation of confidential business information, the issues were somewhat different.  The Hearing Examiner found that Toledo Mack's distribution of MACSPEC 2001 was not a misappropriation of trade secrets, based on three distinct reasons: (1) the finding that Mack consented to the distribution; (2) the finding that MACSPEC 2001 was not kept sufficiently secret to qualify as a "trade secret;" and (3) the finding that Mack and Toledo Mack were not in a relationship of confidence. Id. at 7-8.  The latter two findings are relevant only to a trade secrets analysis, and have no relevance to Mack's remaining Counterclaims. Id. at 3-6, 8-11.

Mack's response explained that in some circumstances the first finding – that Mack consented to the distribution of MACSPEC 2001 – would defeat all of Mack's Counterclaims relating to the misappropriation of MACSPEC 2001 (although not, of course, the separate misappropriations of the microfiche and the price lists). Still, as Mack pointed out, where a trial-level tribunal bases its holding on multiple, independent grounds, it cannot be said that each ground was "necessary" to the judgment and thus none of them have preclusive effect unless specifically affirmed on appeal. Id. at 7-8.

On March 29, 2005, this Court denied Toledo Mack's Motion for Summary Judgment except as to misappropriation of trade secrets, which the parties agreed was barred by collateral estoppel; the Court found that the Board's Order had no preclusive effect on Mack's remaining Counterclaims and that Toledo Mack's arguments on the merits were not persuasive. See Summary Judgment Opinion at 24-30.

Meanwhile, proceedings in Ohio continued. On September 2, 2004, Mack appealed the Board's Order to the Court of Common Pleas for Franklin County (the "CCP"), which issued an Opinion on May 12, 2005 affirming the Hearing Examiner's Report upholding Toledo Mack's Protest. See Exh. C to Toledo Mack's Memorandum of Law in Support of Renewed Motion for Summary Judgment. The CCP specifically rejected Toledo Mack's "consent" defense – that Mack authorized the distribution of MACSPEC 2001 to PAI in a January 2002 letter – stating that it "***rings hollow***." Id. at 11 (emphasis added). The CCP further noted that there was evidence that both PAI and Toledo Mack actively concealed their activities from Mack and that the "Court can easily discern the damage incurred by Mack from the dissemination of the entire dealer price list for parts and the compiled database of the truck specifications." Id. Nevertheless, the CCP found that this conduct did not amount to

misappropriation of trade secrets because Mack's efforts to protect the secrecy of the price lists, microfiche, and MACSPEC 2001 were allegedly inadequate to qualify them as "trade secrets" under Ohio law. Id. at 12.

Mack took a timely appeal as of right from the CCP to the Ohio Court of Appeals. That appeal is fully briefed and was argued on December 7, 2005. The parties are currently awaiting a decision. It is unknown at this point whether either party will seek further review from the Ohio Supreme Court following that decision.

## III.    ARGUMENT

### A.    The Ohio Court of Common Pleas Did Not Specifically Affirm The Finding Of Consent As To MACSPEC 2001

The only issue that is arguably relevant to this briefing pertains to whether the Hearing Examiner's finding of consent with regard to Toledo Mack's provision of MACSPEC 2001 to PAI can now serve as the basis for collateral estoppel. As Toledo Mack correctly notes, Mack successfully argued that this finding was merely one of three alternate grounds for her decision, and thus has no preclusive effect unless specifically affirmed on appeal. See Exh. E to Toledo Mack Memorandum of Law in Support of Renewed Motion for Summary Judgment at 7-8. As Mack has already successfully argued that the non-consent related MACSPEC 2001 findings are irrelevant to the non-trade secrets issues in this case, see id. at 6-13, the only question for the Court to consider now is whether the consent finding has been specifically affirmed on appeal, in which case it would theoretically bar Mack's claims relating to MACSPEC 2001 only.

Toledo Mack baldly asserts that "the Hearing Examiner's findings have been affirmed in their *entirety* on appeal." Toledo Mack Memorandum of Law in Support of Renewed Motion for Summary Judgment at 5 (emphasis added). This sweeping statement is

accompanied by no citation – and with good reason, because the CCP specifically did *not* affirm

the consent finding.

The Hearing Examiner's consent finding was based on a letter dated January 29,

2002 in which Mack stated that "customers" could order MACSPEC 2001. See Exh. A to

Toledo Mack Memorandum of Law in Support of Renewed Motion for Summary Judgment at 8-

9. Because PAI bought parts from Toledo Mack, the Hearing Examiner concluded that PAI was

a "customer" authorized to receive the system. Id.

> On appeal, the CCP considered and rejected this argument:
>
> > Toledo's protestations that it believed customer would include one
> > of the largest direct competitors to Mack's parts business *rings
> > hollow*. The evidence also suggests that PAI did not want Mack to
> > know that it was utilizing its computer program and employed the
> > fictitious [name] Nancy's Trucking to circumvent such knowledge.
> > It is also interesting to note that the invoices kept by Toledo
> > indicate sales to PAI, but not on those forwarded on to Mack.

Exh. C to Toledo Mack Memorandum of Law in Support of Renewed Motion for Summary

Judgment at 11 (emphasis added).

Realizing that the CCP did not specifically affirm the consent finding, Toledo

Mack argues that this finding nevertheless has preclusive effect because it was supposedly "left .

. . undisturbed." Toledo Mack Memorandum of Law in Support of Renewed Motion for

Summary Judgment at 8. This contention is wrong. It is black letter law that multiple alternate

grounds at the trial court level lack preclusive effect unless they are each *specifically affirmed*,

not merely "left undisturbed." As Comment o Rest. 2d Judgments § 27 explains:

> > If the judgment of the court of first instance was based on a
> > determination of two issues, either of which standing
> > independently would be sufficient to support the result, and the
> > appellate court upholds both of these determinations as sufficient,
> > and accordingly affirms the judgment, the judgment is conclusive
> > as to both determinations. . . . *If the appellate court upholds one
> > of these determinations as sufficient but not the other, and*

*accordingly affirms the judgment, the judgment is conclusive as to the first determination. If the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination.* (Emphasis added.)

Accordingly, numerous courts have declined to give preclusive effect to grounds not specifically affirmed on appeal. See Masco Corp. v. United States, 303 F.3d 1316, 1330-1331 (Fed. Cir. 2002) (declining to apply collateral estoppel to issue not specifically affirmed on appeal); Matter of Schwager, 121 F.3d 177, 183-184 (5th Cir. 1997) ("federal circuit cases interpreting comment o clearly indicate that the appellate court must have considered the *specific* issue before it is barred by collateral estoppel" (emphasis in original)); Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 872-873 (10th Cir. 1992) (declining to apply collateral estoppel to issue not specifically affirmed on appeal); Arab African Int'l Bank v. Epstein, 958 F.2d 532, 535-537 (3d Cir. 1992) (same), rev'd in part on other grounds 10 F.3d 168 (3d Cir. 1993); Dow Chemical Co. v. United States Environmental Protection Agency, 832 F.2d 319, 323 (5th Cir. 1987) ("'The federal decisions agree that once an appellate court has affirmed one ground and passed over another, preclusion does not attach to the ground omitted from its decision'"), quoting 18 C. Wright and A. Miller, Federal Practice and Procedure § 4421; In re Relafen Antitrust Litig., 286 F.Supp.2d 56, 66 (D. Mass. 2003) (declining to apply collateral estoppel to issue not specifically affirmed on appeal); Janicki Logging Co., Inc., 36 Fed. Cl. 338, 341 ("A determination would be 'necessary and essential to the final judgment' only if the highest appellate court that addressed the merits rested its judgment on that determination") (Ct. Fed. Cl. 1996), aff'd 124 F.3d 226 (Fed. Cir. 1997).

Because the CCP did not specifically affirm – and, if anything, disavowed – the Hearing Examiner's consent finding, that consent finding has no preclusive effect. The Court's

prior holding that Mack's claims arising from the misappropriation of MACSPEC 2001 are not

barred by collateral estoppel should not be disturbed.

**B.**     **The Law of the Case Doctrine Precludes Toledo Mack's Already Rejected Arguments**

As to Mack's remaining counterclaims, two points dispose of Toledo Mack's

arguments. First, the "consent" finding does not apply to the microfiche and the price lists. See

generally Exh. E to Toledo Mack Memorandum of Law in Support of Renewed Motion for

Summary Judgment, at 5-6, 8-11. Second, even as to MACSPEC 2001, the "consent" finding

was the *only* finding where the "multiple alternate grounds" rule was implicated. Id. at 6-8.

Toledo Mack's arguments pertaining to Mack's claims of breach of contract, misappropriation of

confidential business information, copyright infringement and civil conspiracy are the same old

arguments, regurgitated from Toledo Mack's prior summary judgment brief, and are not in the

least affected by the CCP opinion.

This Court has already rejected those points:

> In light of the Ohio Motor Vehicle Dealers Board Order ("Board"),
> the Court will not address the misappropriation of trade secrets
> claim as Mack Trucks concedes the Board's Order has preclusive
> effect as to this claim. *The Court, however, finds that the Board's
> Order did not have any preclusive effect as to the
> misappropriation of confidential business information, copyright
> infringement, breach of contract, and civil conspiracy claims.*

Summary Judgment Opinion at 24 (emphasis added). This holding is law of the case, and should

be followed. See Regent Nat'l Bank v. Dealers Choice Automotive Planning, Inc., Civ. A. No.

96-7930, 1999 WL 357364 at *4 (E.D. Pa. June 2, 1999) ("The law of the case doctrine provides

that a district court will not revisit its prior decisions"); see also Johnson v. Knorr, Civ. A. No.

01-3418, 2005 WL 3021080 at *8 (E.D. Pa. Oct. 31, 2005) (denying motion for summary

judgment based on law of the case doctrine).[2]

## IV.    CONCLUSION

For the reasons set forth herein, Toledo Mack's "renewed" Motion for Summary

Judgment as to Mack's Counterclaims should be denied with prejudice.

Respectfully submitted,

Jon A. Baughman
Barbara W. Mather
Jeremy Heep
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated:  March 10, 2006

---

[2] In the alternative, Toledo Mack's "renewed" Motion as to these claims should be denied for the reasons set forth in Mack's opposition to the previous, unsuccessful collateral estoppel motion, which are incorporated fully herein by reference. See Exh. E to Toledo Mack Memorandum of Law in Support of Renewed Motion for Summary Judgment at 3-6, 8-11. Of course, in its current motion, Toledo Mack does not even purport to move for reconsideration.

## CERTIFICATE OF SERVICE

I, Barak A. Bassman, hereby certify that on March 10, 2006 a true and correct

copy of the foregoing Memorandum of Law in Opposition to Toledo Mack's Renewed Motion

for Summary Judgment was served via hand delivery upon the following:

J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103


_____
Barak A. Bassman