IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| | : | |
| Counterclaim Defendant. | : | |

## ORDER

And now, on this ___ day of ____, 2006, upon consideration of Mack Trucks, Inc.'s Motion for Reconsideration and for Partial Summary Judgment and accompanying Memorandum of Law, and Toledo Mack's response thereto, it is hereby ORDERED that:

1. The Motion is GRANTED;

2. This Court's prior ruling dismissing Mack's Counterclaims for misappropriation of trade secrets is VACATED; and

3. Summary judgment is hereby entered in favor of Mack on liability for its

-2-

Counterclaim of misappropriation of trade secrets as to MACSPEC 2001 to PAI.

By: _____
Buckwalter, R., U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : |
| Plaintiff, | : Civil Action No. 2:02-CV-04373-RLB |
| v. | : |
| MACK TRUCKS, INC. | : JURY TRIAL DEMANDED |
| Defendant. | : |
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : |
| Counterclaim Defendant. | : |

**MACK TRUCKS, INC.'S MOTION FOR RECONSIDERATION AND FOR PARTIAL SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR MISAPPROPRIATION OF TRADE SECRETS**

Pursuant to Rules 54(b) and 56(c) of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff Mack Trucks, Inc. ("Mack") respectfully moves this Court for an Order (1) revising its Opinion and Order of March 29, 2005 to vacate the entry of summary judgment against Mack as to Mack's Counterclaims for misappropriation of trade secrets and (2) entering judgment in Mack's favor on Toledo Mack's liability for misappropriation of trade

secrets as to MACSPEC 2001, for the reasons set forth in the accompanying Memorandum of Law.

                    Respectfully submitted,

                    Barbara Mather
                    Jeremy Heep
                    Barak A. Bassman
                    PEPPER HAMILTON LLP
                    3000 Two Logan Square
                    Eighteenth & Arch Streets
                    Philadelphia, PA  19103-2799
                    (215) 981-4000

Dated: June 20, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : <br> : <br> : |
| Plaintiff, | :    Civil Action No. 2:02-CV-04373-RLB <br> : |
| v. | : <br> :    JURY TRIAL DEMANDED |
| MACK TRUCKS, INC. | : <br> : |
| Defendant. | : |

| | |
|---|---|
| MACK TRUCKS, INC., | : <br> : |
| Counterclaim Plaintiff, | : <br> : <br> : |
| v. | : <br> :    JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : <br> : <br> : |
| Counterclaim Defendant. | : <br> : <br> : |

**MACK TRUCKS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION AND PARTIAL SUMMARY JUDGMENT ON
<u>ITS COUNTERCLAIM FOR MISAPPROPRIATION OF TRADE SECRETS</u>**

<u>INTRODUCTION</u>

In the parties' summary judgment briefing, there was one point of agreement: that the Order of the Ohio Motor Vehicle Dealer Board (the "Board") collaterally estopped Mack from pursuing its Counterclaims for misappropriation of trade secrets here. This Court accordingly entered summary judgment against Mack: "In light of the Ohio Motor Vehicle Dealer Board's Order . . . the Court will not address the misappropriation of trade secrets claim

as Mack Trucks concedes the Board's Order has preclusive effect as to this claim." Summary Judgment Opinion at 24.

As the parties explained in their separate letters to the Court of June 6, 2006, the Ohio Court of Appeals has now reversed the Board's Order. The Court of Appeals held that (1) Mack has proven that Toledo Mack's provision of the MACSPEC 2001 computer parts database system to Mack competitor PAI Industries, Inc. ("PAI") constituted misappropriation of trade secrets and (2) this misappropriation constituted good cause to terminate Toledo Mack's distributorship under the Ohio Motor Vehicle Dealer Law. See Mack Trucks, Inc. v. Motor Vehicle Dealers Board, et al., No. 05AP-768 (Oh. Ct. App. June 1, 2006) (Exh. A), at 10-20.

The Ohio Court of Appeals' decision has two effects on this case. First, because reversed judgments have no collateral estoppel effect, this Court's dismissal of Mack's claims for misappropriation of trade secrets should be vacated. Second, based on the same principles of collateral estoppel that served as the underpinning of this Court's prior Order, Mack is entitled to summary judgment on Toledo Mack's liability for misappropriation of trade secrets as to MACSPEC 2001.

Given the parties' prior agreement and this Court's holding, Mack asked Toledo Mack to stipulate to the these points. See E-mail dated June 8, 2006 from Barak A. Bassman, Esq. to J. Manly Parks, Esq. and Wayne Mack, Esq. (Exh. B). Toledo Mack, without any explanation, refused, thereby compelling the instant Motion. See E-mail dated June 14, 2006 from J. Manly Parks, Esq. to Barak A. Bassman, Esq. (Exh. C). Toledo Mack apparently wants to have its cake and eat it too: when Toledo Mack prevailed earlier, it unhesitatingly heralded that the Ohio proceedings had preclusive effect, and it is now bound by that position under the doctrine of judicial estoppel.

## PROCEDURAL HISTORY

On August 22, 2002, Mack filed its Counterclaims in this case, alleging causes of action for misappropriation of trade secrets, misappropriation of confidential business information, copyright infringement, breach of contract, and civil conspiracy based on the then-recently discovered misappropriation of MACSPEC 2001. Mack joined PAI as a defendant and filed simultaneous Motions for Expedited Discovery and Preliminary Injunction.

Neither PAI nor Toledo Mack chose to contest the Motion for Preliminary Injunction. PAI quickly agreed to the entry of a Consent Decree that forbids PAI from possessing MACSPEC 2001 or MACK parts price lists. PAI also agreed to pay money to Mack and to return MACSPEC 2001 and all MACK parts price lists. Toledo Mack similarly agreed to the entry of a Consent Decree that mandated the return of the MACSPEC 2001 system that Toledo Mack had provided to PAI distributor Northwest Truck and that forbids Toledo Mack from further disseminating Mack's databases and price lists during the pendency of this litigation.

Based on information learned in expedited discovery, Mack amended its Counterclaims on March 24, 2003 to cover Toledo Mack's repeated funneling of Mack's parts price lists and microfiche database to PAI and PAI dealers. This Court denied Toledo Mack's motion to dismiss Mack's Amended Counterclaims on August 18, 2003. At approximately the same time that Mack filed its First Amended Counterclaims, it also sent a Notice of Termination of its distributorship agreement with Toledo Mack based on, inter alia, Mack's allegation that Toledo Mack engaged in misappropriation of trade secrets. Toledo Mack filed an administrative protest of the proposed termination to the Board. On July 30, 2004, the Board-appointed Hearing Examiner issued a Report recommending that Toledo Mack's protest be sustained

because of, <u>inter alia</u>, Mack's alleged failure to prove misappropriation of trade secrets. Thirty days later the Board adopted this Report.

Toledo Mack had moved for summary judgment on the merits of Mack's Counterclaims and argued that the Board's Order acted as a collateral estoppel bar to all of Mack's Counterclaims. <u>See generally</u> Memorandum of Law in Further Support of Toledo Mack's Motion for Summary Judgment On Mack Trucks, Inc.'s Counterclaims (Exh. D). In Toledo Mack's words: "In upholding Toledo Mack's protest of the termination, the Hearing Examiner decided issues that are identical to the issues raised in [Mack's] [C]ounterclaims against Toledo Mack. As such, the doctrine of collateral estoppel applies . . ." <u>Id.</u> at 3-4.

In response, Mack conceded that its claim for misappropriation of trade secrets was barred by collateral estoppel. <u>See</u> Defendant/Counterclaim/Plaintiff's Memorandum of Law in Further Opposition to Counterclaim Defendant's Motion for Summary Judgment (Exh. E) at 2. Nevertheless, Mack pointed out that the Board's Order did not have preclusive effect on its remaining counterclaims for misappropriation of confidential business information, copyright infringement, breach of contract, and civil conspiracy. On March 29, 2005, this Court denied Toledo Mack's Motion for Summary Judgment except as to misappropriation of trade secrets. <u>See</u> Summary Judgment Opinion at 24-30.

Meanwhile, proceedings in Ohio continued. On September 2, 2004, Mack appealed the Board's Order to the Court of Common Pleas for Franklin County (the "CCP"), which issued an Opinion on May 12, 2005 affirming the Board's Order. Mack appealed, and on June 1, 2006 the Ohio Court of Appeals reversed the Board and the CCP, holding that Mack had good cause to terminate Toledo Mack's distributorship under Ohio law. <u>See generally</u> Court of Appeals Opinion (Exh. A). The Court of Appeals expressly "found that Toledo Mack divulged

Mack's trade secret by giving the MACSPEC 2001 system to PAI." Id. at 19. The Court of Appeals further held:

- "Toledo Mack's actions with respect to the MACSPEC 2001 constituted good cause for termination." Id. at 10.

- "The MACSPEC 2001 system satisfies both requirements of a trade secret found in R.C. 1331.61(D)." Id. at 11.

- "The evidence was clear that the MACSPEC 2001 system was not readily obtainable via proper means by PAI or Northwest [Truck Sales]." Id. at 13.

- "The MACSPEC 2001 system was the subject of efforts that were reasonable under the circumstances to maintain its secrecy." Id. at 13.

In February 2006, between the time of the CCP and Court of Appeals opinions, Toledo Mack had filed a "Renewed" Motion for Summary Judgment against Mack's non-trade secrets Counterclaims based on the alleged collateral estoppel effect of the CCP opinion, arguing that the "Ohio court's affirmation of the decision of the Hearing Examiner on appeal now mandates that the doctrine of collateral estoppel apply to bar [Mack's] remaining [C]ounterclaims." Memorandum of Law in Support of Renewed Motion for Summary Judgment at 2 (Exh. E).

On June 6, 2006, Toledo Mack withdrew this Motion in light of the Court of Appeals' decision. See Letter dated June 6, 2006 from J. Manly Parks, Esq. to the Hon. Ronald L. Buckwalter (Exh. F). Toledo Mack represented to the Court that "in view of the decision by the Ohio appeals court, there is no longer a basis for arguing that Mack is collaterally estopped from raising such claims." Id. at 2.

## ARGUMENT

Rule 54(b) of the Federal Rules of Civil Procedure authorizes this Court to revise any previously entered interlocutory order, like the summary judgment ruling in this case, "at

-5-

any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." A Motion for Reconsideration is appropriate to address "the availability of new evidence not previously available." See generally Robinson v. Smith, Civil Action No. 05-4970, 2006 WL 1620162 at *1 (June 7, 2006) (Buckwalter, J.). Rule 56 of the Federal Rules of Civil Procedure provides that a moving party is entitled to summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

### I. This Court Should Reconsider Its Prior Collateral Estoppel Ruling Because The Underlying Judgment Is Now Reversed

The very basis of this Court's March 29, 2005 entry of summary judgment against Mack on its Counterclaims for misappropriation of trade secrets is now reversed. See Exh. A. It is black letter law that reversed judgments have *no* collateral estoppel effect. See Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 187 n. 7 (3d Cir. 2006) ("Because the judgment is reversed, it lacks preclusive effect"); State v. Baron, 805 N.E.2d 173, 179 (Oh. Ct. App. 2004) ("It is well established that when a judgment has been vacated, reversed, or set aside on appeal, it is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel"); Erebia v. Chrysler Plastic Products Corp., 891 F.2d 1212, 1215 (6th Cir. 1989) ("Where the prior judgment, or any part thereof, relied upon by a subsequent court has been reversed, the defense of collateral estoppel evaporates"); see generally Comment o to Rest. 2d Judgments § 27 ("If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court (or by the court of first instance in pursuance of the mandate of the appellate court), this latter judgment is conclusive between the parties").

Thus this Court's prior ruling should be vacated.

II.  **Mack Is Entitled To Summary Judgment As To Toledo Mack's Liability For The Misappropriation of MACSPEC 2001**

The Ohio Court of Appeals' holding that Toledo Mack misappropriated Mack's trade secrets when it provided MACSPEC 2001 to PAI is entitled to collateral estoppel in this case, and compels the conclusion that summary judgment should be entered in Mack's favor.[1] In its initial Memorandum of Law on the issue, Toledo Mack explained that five elements must be met to invoke collateral estoppel: "(1) there was a final judgment on the merits in the prior action, (2) the party against whom estoppel is asserted was a party or in privity with a party to the prior action, (3) there was a full and fair opportunity to litigate the issue in the first action, (4) the issue is identical to the issue in the prior action, and (5) the issue was actually litigated and necessary to the final judgment." Exh. D at 4-5.

As to the first two elements, the opinion of the Court of Appeals is a final judgment on the merits and the parties are the same in both cases. As to the third element, Toledo Mack has already admitted that the parties had a full and fair opportunity to litigate before the Board. See Exh. D at 7-10. Before the Court of Appeals, Toledo Mack filed a 48-page brief (Exh. G), and participated in oral argument.

As to the fourth element, the issues as to Toledo Mack's liability for Mack's Counterclaim for misappropriation of trade secrets as to MACSPEC 2001 are identical to the issues decided in Mack's favor by the Ohio Court of Appeals. The Ohio Court of Appeals held that "Toledo Mack divulged Mack's trade secret by giving the MACSPEC 2001 system to PAI" and "[t]he MACSPEC 2001 system satisfies both requirements of a trade secret found in R.C.

---

[1] As the Court of Appeals did not reach the issues relating to Mack's trade secret claims with respect to the price lists and microfiche, Mack does not seek summary judgment in its favor on those claims; instead, Mack merely seeks to vacate this Court's past dismissal of those claims based on the collateral estoppel effect of the Board's now reversed Order. Mack also is not seeking to invoke collateral estoppel as to any issue of compensatory or punitive damages, as these points were likewise not addressed.

1331.61(D)." Exh. A at 11, 19. Put simply, the Ohio Court of Appeals held that Mack had good cause to terminate Toledo Mack's distributorship because Toledo Mack misappropriated Mack's trade secrets when it provided MACSPEC 2001 to PAI – the exact same issue raised in Mack's Counterclaims for misappropriation of trade secrets as to MACSPEC 2001. See First Am. Counterclaims, ¶¶ 43-47, 50-52, 55.

As to the fifth element, the parties actually litigated whether Toledo Mack's provision of MACSPEC 2001 to PAI constituted misappropriation of trade secrets, see Exh. G at 16-25 and 30-35, and the Court of Appeals' holding was based entirely on its disposition of this issue in Mack's favor. Exh. A at 19-20. Indeed, Toledo Mack conceded in its earlier collateral estoppel briefing that the trade secret issue "was actually litigated in the Termination Case, and the determination of that question was necessary to support the Hearing Examiner's conclusion that [Mack] did not have good cause to terminate Toledo Mack's dealership." Exh. D at 21.

In sum, each and every element of collateral estoppel is met. Mack is accordingly entitled to summary judgment in its favor.[2]

---

[2] Toledo Mack, now that it is no longer the prevailing party, has abruptly changed course and taken the position that the Ohio Court of Appeals' opinion lacks collateral estoppel effect. Mack respectfully requests that the Court exercise its discretion to invoke the doctrine of judicial estoppel to preclude Toledo Mack from arguing against the application of collateral estoppel. The Supreme Court has explained that this doctrine exists precisely to prevent parties from radically shifting theories with each change of fortune: "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.' This rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.' New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citations omitted). "[T]he doctrine's basic principle is that absent a sufficient explanation, a party should be prohibited from gaining an advantage by litigating on one theory and then subsequently seeking an additional advantage by pursuing an irreconcilably inconsistent theory." Ortlieb v. Hudson Bank, 312 F.Supp.2d 705, 710 (E.D. Pa. 2004), aff'd 128 Fed.Appx. 214 (3rd Cir. 2005).

## CONCLUSION

For the reasons set forth herein, Mack respectfully requests that this Court (1) vacate its earlier dismissal of Mack's Counterclaims for misappropriation of trade secrets and (2) enter summary judgment in Mack's favor as to liability on its Counterclaim for misappropriation of trade secrets as it relates to MACSPEC 2001.

Respectfully submitted,

_____
Barbara Mather
Jeremy Heep
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated: June 20, 2006

## CERTIFICATE OF SERVICE

I, Barak A. Bassman, hereby certify that on June 20, 2006 a true and correct copy of the foregoing Second Motion for Reconsideration and Motion for Partial Summary Judgment and accompanying Memorandum of Law was served via hand delivery upon the following:

J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

_____
Barak A. Bassman