IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 02-4373 |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

_____

| | |
|---|---|
| MACK TRUCKS, INC., | : |
| | : |
| Counterclaim Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TOLEDO MACK SALES & SERVICE, INC., | : |
| | : |
| Counterclaim Defendant. | : |

**<u>ORDER</u>**

AND NOW, this 9th day of August, 2006, upon consideration of Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Motion for Reconsideration and for Partial Summary Judgment on its Counterclaim for Misappropriation of Trade Secrets (Docket No. 81), Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.'s response thereto (Docket No. 82) and Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Reply (Docket No. 83), it is hereby **ORDERED** that Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Motion is **GRANTED IN PART** and **DENIED IN PART** as explained in the following paragraphs.

With respect to Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s ("Mack") request for reconsideration of this Court's grant of summary judgment on its claim for misappropriation

of trade secrets, the Motion is **GRANTED**.  Granting a motion for reconsideration is appropriate

in three situations: "(1) the availability of new evidence not previously available, (2) an

intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent

manifest injustice."  New Chemic (U.S.), Inc. v. Fine Grinding Corp., 948 F. Supp. 17, 18-19

(E.D. Pa. 1996) (citations omitted).  Here, the Court granted summary judgment on Mack's

misappropriation of trade secrets claim on March 29, 2005 based on Mack's and

Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.'s ("Toledo") consent as to

the preclusive effect of the Ohio Motor Vehicle Dealers Board order.  On June 1, 2006, the Ohio

Court of Appeals reversed the May 12, 2005 decision of the Court of Common Pleas for Franklin

County, which affirmed the order of the Ohio Motor Vehicle Dealers Board.  The Court believes

that the reversal of the decision of the Court of Common Pleas for Franklin County by the Ohio

Court of Appeals constitutes new evidence.  Because this new evidence invalidates the parties'

basis for conceding to the grant of summary judgment, the Court vacates its grant of summary

judgment as to Mack's misappropriation of trade secrets claim.[1]

Concerning Mack's request for summary judgment on its claim for misappropriation of

trade secrets, Mack's Motion is **DENIED**.  Mack invokes the doctrine of collateral estoppel with

---

[1] Toledo argues that the grant of summary judgment should not be vacated based on the gist of the action doctrine and economic loss rule.  In the instant matter, Mack argues that Toledo procured MACSPEC 2001 for PAI Industries through fraud and provides evidence of Toledo's deceptive conduct.  The Court finds that the gist of the action does not apply as to Mack's misappropriation of trade secrets claim at this time because the fraud appears to concern the inducement of the contract, not the performance of it, meaning the claim lies in tort.  See Air Prods. and Chems., Inc. v. Eaton Metal Prods. Co., 256 F. Supp. 2d 329, 341-42 (E.D. Pa. 2003).  The same reasoning, that this action lies in tort, applies to Toledo's economic loss rule argument.

respect to its misrepresentation of trade secrets claim, asserting that the decision of the Ohio

Court of Appeals mandates that this Court grants summary judgment in its favor.  To

successfully assert collateral estoppel, Mack must establish the following elements:

> (1) The party against whom estoppel is sought was a party or in privity with a party
> to the prior action; (2) There was a final judgment on the merits in the previous case
> after a full and fair opportunity to litigate the issue; (3) The issue must have been
> admitted or actually tried and decided and must be necessary to the final judgment;
> and, (4) The issue must have been identical to the issue involved in the prior suit.[2]

Monahan v. Eagle Picher Indus., Inc., 486 N.E.2d 1165, 1168 (Ohio Ct. App. 1984).  Mack

brings its misappropriation of trades secrets claim under Pennsylvania law.  Mack must establish

the following four elements in order to prevail on its claim: (1) the existence of a trade secret; (2)

communication of the trade secret pursuant to a confidential relationship; (3) use of the trade

secret, in violation of that confidence; and, (4) harm to Mack.  Moore v. Kulicke & Soffa Indus.,

Inc., 318 F.3d 561, 566 (3d Cir. 2003).  While the parties concede that the Ohio Court of Appeals

found the existence of a trade secret, they disagree as to the latter three elements of the claim.

Toledo argues that the Ohio Court of Appeals failed to make findings with respect to elements

two, three and four of Mack's claim and, therefore, collateral estoppel should not apply.  The

Court agrees.  The Ohio Court of Appeals focused on whether Mack properly terminated

Toledo's franchise, not on analyzing the elements of Mack's misappropriation of trades secrets

claim.  Because the Ohio Court of Appeals did not analyze the latter three elements of Mack's

---

[2] "The Full Faith and Credit statute, 28 U.S.C. § 1738, requires that this [C]ourt give a
'prior state judgment the same effect as would the adjudicating state.'" Jeffrey M. Brown
Assocs., Inc. v. CRK Contracting of Suffolk, Inc., 100 F. Supp. 2d 323, 325 (E.D. Pa. 2000)
(quoting Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988)).  Thus, the Court will apply Ohio
law with respect to collateral estoppel.

misappropriation of trade secrets claim and make findings as to those elements, the Court finds

that collateral estoppel does not apply and denies Mack's request for summary judgment.

BY THE COURT:

_s/ Ronald L. Buckwalter, S. J._
RONALD L. BUCKWALTER, S.J.

4