## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOLEDO MACK SALES &** | : | |
| **SERVICE, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2:02-CV-04373-RLB** |
| | : | |
| **v.** | : | |
| | : | |
| **MACK TRUCKS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

| | | |
|---|---|---|
| **MACK TRUCKS, INC.,** | : | |
| | : | |
| **Counterclaim** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TOLEDO MACK SALES &** | : | |
| **SERVICE, INC. and** | : | |
| | : | |
| **Counterclaim** | : | |
| **Defendant.** | : | |

## ORDER

And now this _____ day of _____, 2006, upon consideration

of the Motion *In Limine* of Plaintiff Toledo Mack Sales & Service, Inc. to Exclude Evidence of

Prior Unrelated Litigation, and any response thereto, it is hereby ORDERED that the Motion is

GRANTED. All evidence regarding prior litigation involving David Yeager or Sally Yeager or

any business in which either of them has been involved other than Toledo Mack shall be

excluded from trial.

No reference shall be made by either party to such evidence or the fact of such prior litigation at trial by either party.

So ordered,

_____

Buckwalter, S.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : | |
| | : | |
| Counterclaim | : | |
| Defendant. | : | |

## MOTION *IN LIMINE* OF PLAINTIFF, TOLEDO MACK SALES & SERVICE, INC. TO EXCLUDE EVIDENCE OF PRIOR UNRELATED LITIGATION

Plaintiff, Toledo Mack Sales & Service, Inc. ("Toledo Mack"), hereby moves *in limine* to

exclude from trial all evidence regarding prior litigation in which either Toledo Mack's owners,

David and Sally Yeager, or any other business in which they have been involved, was a party.

The prior litigation in question occurred more than 15 years ago and involved different parties

than those involved in the current action. That litigation is wholly unrelated to this dispute

between Toledo Mack and Mack Trucks, Inc.

Evidence regarding prior unrelated litigation is not relevant to the claims or defenses in

this case and introduction of such litigation into evidence would unfairly prejudice Toledo Mack,

confuse the jury and waste this Court's time. Certain evidence regarding that prior litigation

would also constitute impermissible character evidence.

For the reasons set forth above and explained in detail in the accompanying

Memorandum, Plaintiff respectfully requests that, pursuant to Rules 401, 403, and 404(b) of the

Federal Rules of Evidence, this Court exclude from trial all evidence regarding prior litigation

involving Dave or Sally Yeager or any business in which they have been involved other than

Toledo Mack.

Respectfully Submitted,

DUANE MORRIS LLP

By: _____
    Wayne A. Mack
    J. Manly Parks
    James H. Steigerwald
    David A. Degnan
    DUANE MORRIS LLP
    30 South 17th Street
    Philadelphia, PA  19103-4196
    215.979.1000

    Attorneys for Plaintiff/Counterclaim
    Defendant Toledo Mack Sales &
    Service, Inc.

Date:  August 11, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : | |
| | : | |
| Counterclaim Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR UNRELATED LITIGATION**

Toledo Mack Sales & Service, Inc. ("Toledo Mack" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion *in Limine* to Exclude Evidence of Prior Unrelated Litigation.

## I.    INTRODUCTION

It is apparent from review of the preliminary Exhibit List presented by Mack Trucks, Inc. ("MTI") to Toledo Mack in accordance with the Court's pretrial scheduling order, that MTI intends to offer evidence at trial regarding other litigation matters in which Toledo Mack's owners, Dave and Sally Yeager, were involved. Specifically, MTI's Exhibit List includes at

least 24 exhibits, consisting solely of pleadings and other related documents, generated in litigation wholly unrelated to the present case, in which either Dave or Sally Yeager was a named party or were otherwise involved.

None of the actions to which those 24 exhibits pertain was commenced within the last 15 years, and none of that prior litigation involved the plaintiff or defendant in the present action. As such, evidence regarding that prior litigation involving Dave and Sally Yeager can have no relevance to the issues involved in the present litigation. Moreover, in addition to being bereft of any probative value, the evidence regarding that prior litigation is unduly prejudicial to Toledo Mack. Such evidence is also likely to confuse the jury and cause undue delay and certain evidence pertaining to the unrelated prior litigation would also constitute impermissible character evidence.

For all of these reasons, MTI should be foreclosed, pursuant to Federal Rules of Evidence 401, 403 and 404(b), from offering any exhibits or soliciting any testimony or otherwise presenting any evidence at trial regarding any prior litigation involving Dave or Sally Yeager or any business in which they may have been involved other than Toledo Mack.

## II.    RELEVANT FACTUAL BACKGROUND

Dave Yeager has worked in the trucking and trash hauling industry for over thirty years. During that period, he was at different times a party in various civil lawsuits, in the capacity of a defendant in some cases and a plaintiff in others. Mr. Yeager also testified on behalf of the United States government in a criminal action. On one occasion Mr. Yeager's wife, Sally Yeager, served as the named plaintiff in a shareholders derivative action.

All of those actions (sometimes hereafter collectively referred to as the "unrelated prior litigation") were commenced between 1983 and 1991 and pertained, in one way or another, to a

company called Browning-Ferris Industries ("BFI"), Mr. Yeager's former employer. The prior

unrelated litigation involved a range of legal claims, from defamation and libel to antitrust to

derivative shareholder claims. Neither Toledo Mack nor MTI was involved in any of the

unrelated prior litigation.

MTI's preliminary Exhibit List (attached hereto as Exhibit A) includes at least 24

exhibits that consist solely of pleadings and other documents generated in the course of the

unrelated prior litigation. See MTI Exhibit List, Ex. A, Exhibits 1, 518-540. The unrelated prior

litigation includes the following actions:

- A 1983 action in which BFI, Mr. Yeager's former employer, sued Mr. Yeager and his company for breach of contract and tortious interference with business relations. Included in the factual contentions of the complaint in that case were allegations of misappropriation of trade secrets. See Complaint, MTI Ex. 1 (Attached hereto as Exhibit B).

- A 1986 lawsuit in which the State of Ohio filed a complaint against BFI for violations of the Sherman Act, the Clayton Act and Ohio antitrust laws. In that case, BFI named Mr. Yeager as a defendant in a third party complaint arising from the antitrust case. In its third party complaint, BFI sought to hold Mr. Yeager liable for all damages for which BFI was held liable in the antitrust case against it. See Third Party Complaint, MTI Ex. 534 (Attached hereto as Exhibit C).

- A 1989 case in which Mr. Yeager sued BFI and other individual defendants for indemnification, malicious prosecution, abuse of process, libel and slander. Mr. Yeager also accused the defendants in that case of wire fraud and civil RICO violations. See Complaint, MTI Ex. 531 at M0220291 – M0220332 (Attached hereto as Exhibit D).

- A 1990 case in which BFI again named Mr. Yeager as a defendant. In this case, BFI sought criminal and civil indemnification as well as declaratory relief with respect to the claims brought against BFI by Mr. Yeager in the 1989 lawsuit. See Complaint, MTI Ex. 531. In response to this complaint, Mr. Yeager filed a counter complaint against BFI. In the counter complaint, Mr. Yeager asserted claims of defamation, false light, intentional infliction of emotional distress and abuse of process. See Counter Complaint, MTI Ex. 532 (Attached hereto as Exhibit E).

- A 1991 shareholder derivative action against certain BFI directors and officers in which Sally Yeager served as the class representative on behalf of a class of BFI shareholders. The chief allegations in that case were breach of fiduciary duty and waste of corporate assets. <u>See</u> Complaint, MTI Exhibit 520 (Attached hereto as Exhibit F).

It is beyond dispute that Mr. Yeager was involved in a series of protracted legal disputes with his former employer, BFI. However, none of the unrelated prior litigation, all of which is at least 15 years old, is even tangentially related to the present case involving MTI and Toledo Mack.[1] Furthermore, the fact that the litigation with BFI included claims of price fixing against Mr. Yeager (those claims were dismissed and Mr. Yeager eventually received a sizable confidential settlement on claims back against BFI) as well as claims by BFI (ultimately not proved) of misappropriation of trade secrets by Mr. Yeager presents a very real danger of improperly influencing the jury with respect to the merits of Toledo Mack's antitrust claims against MTI and MTI's counterclaims against Toledo Mack (MTI also advances a misappropriation of trade secrets claim against Toledo Mack here). Equally problematic is the fact that the circumstances underlying the unrelated prior litigation with BFI were incredibly complex and extensive and would require a lengthy and detailed explanation in order to fully describe them to the jury in this case.

---

[1] Toledo Mack filed the present antitrust action against MTI on July 1, 2002. Toledo Mack's Complaint contained seven causes of action: (1) agreements in restraint of trade in violation of Section 1 of the Sherman Act; (2) price discrimination in violation of Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act; (3) violation of Section 445.1574 of the Michigan Franchise Investment Law; (4) violation of the Ohio Motor Vehicle Dealer Law, OH. REV. CODE. ANN.. § 4517.59; (5) tortious interference with prospective business relations; (6) breach of the Distributor Agreement; and (7) breach of the implied covenant of good faith and fair dealing. See Complaint (Docket No. 1).

MTI filed counterclaims alleging misappropriation of trade secrets and confidential business information, copyright infringement, breach of contract, and civil conspiracy. See First Amended Counterclaim (Docket No. 34).

III.    **EVIDENCE REGARDING THE UNRELATED PRIOR LITIGATION INVOLVING DAVE AND SALLY YEAGER SHOULD BE PRECLUDED**

Evidence related to the Yeagers' long-since resolved legal disputes involving BFI is irrelevant to the current action. Furthermore, introduction at trial of evidence relating to that prior litigation would unfairly prejudice Toledo Mack, create jury confusion and waste this Court's time. Certain evidence arising from these cases also constitutes impermissible character evidence of "similar acts." Accordingly, pursuant to Rules 401, 403, and 404(b) of the Federal Rules of Evidence, this Court should exclude from trial all evidence of prior unrelated litigation.

A.    **Prior Litigation Involving Toledo Mack Or Its Principals Is Irrelevant**

According to Rule 401 of the Federal Rules of Evidence, "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401. An item of proof is relevant if it tends to prove or disprove any material issue of fact in a case. Hulmes v. Honda Motor Co., 936 F. Supp. 195 (D.N.J.), aff'd 141 F.3d 1154 (3d Cir. 1996). Evidence related to Dave and Sally Yeager's litigation involving BFI some 15 to 23 years ago would not have any tendency to make the existence of any fact that is at issue in this action more or less probable. Thus, such evidence is not relevant to the claims or defenses in this case and must be excluded from trial.

Although certain claims in the prior lawsuits involved the antitrust laws, that fact alone does not render those cases relevant to the current action. This is especially true since neither Toledo Mack or MTI was a party to or had any legal interest in any of the unrelated prior litigation. Moreover, the relevant timeframe for the claims in the BFI litigation is primarily those years during which Dave Yeager was employed by BFI: from 1978 to 1982. See 1983

Complaint, MTI Ex. 1.  Conversely, the claims in this case relate to a conspiracy that is alleged

to have formed in approximately 1989 and involved a completely different business and industry.

In <u>United States Football League v. National Football League</u>, 842 F.2d 1335 (2d Cir.

1988), the United States Court of Appeals for the Second Circuit addressed the circumstances

when it is proper to exclude evidence regarding prior litigation at trial in a subsequent action.  In

that case, the USFL had sued the NFL alleging violations of the Sherman Act.  <u>Id.</u> at 1340.  The

evidence at issue related to the fact that the NFL had previously defended itself in eighteen other

Sherman Act suits.  <u>United States Football League v. National Football League</u>, 634 F. Supp.

1155, 1172 (S.D.N.Y. 1986).

According to the Second Circuit, evidence prior judgments in the earlier antitrust actions

involving the NFL was inadmissible unless the "conduct underlying those prior judgments had a

direct, logical relationship to the conduct at issue in this case."  <u>United States Football League v.</u>

<u>National Football League</u>, 842 F.2d 1335, 1371 (2d Cir. 1988);  <u>See also</u> <u>Buckhead Theatre Co.</u>

<u>v. Atlanta Enters., Inc.</u>, 327 F.2d 365, 368-69 (5th Cir. 1964) (noting that evidence of prior

antitrust judgment irrelevant unless plaintiff introduced evidence that practices complained of in

prior case "had an injurious effect upon the plaintiff").  The Second Circuit concluded that the

evidence at issue was inadmissible because the offering party could show no connection between

the prior conduct and the conduct comprising the basis of the USFL's claims.  <u>Id.</u> at 1371-72.

As the Second Circuit's decision in <u>USFL</u> makes clear, the relevant inquiry in a situation

where a party is seeking to introduce evidence regarding prior litigation at trial in a subsequent

action is whether there is any connection between the *conduct underlying the prior action* and

the *conduct comprising the basis of the claims in the subsequent action*.  Here, MTI can

demonstrate no logical connection between the conduct underlying the Yeagers' prior litigation with BFI and the present case involving Toledo Mack.

Indeed, the conduct at issue in the Yeagers' litigation with BFI bears no relationship whatsoever to the conduct underlying either the claims or counterclaims in the current action. MTI alleges no injury arising from the facts or conduct underlying the unrelated prior litigation. The first case involving BFI arose out of an employment contract between BFI and Mr. Yeager. The Ohio antitrust case against BFI stemmed from allegations that BFI engaged in price fixing when Mr. Yeager worked for BFI in the late 1970s and early 1980s. Even the more recent cases—those filed in 1990 and 1991—related back to Mr. Yeager's conduct as an employee of BFI and BFI's conduct during that same time period.

There is simply no factual or causal nexus between the facts underlying the BFI litigation involving Dave and Sally Yeager and the claims and defenses raised by MTI and Toledo Mack here. Because there is no "logical relationship" between the conduct that gave rise to the unrelated prior litigation and the disputed facts underlying the current litigation, the prior litigation is wholly irrelevant to the present action and this Court should exclude evidence relating to it on that basis.

## B.    Evidence Of Prior Litigation Will Unfairly Prejudice Toledo Mack, Cause Jury Confusion and Waste Time

Beyond the fact that the prior litigation involving the Yeagers and BFI has no relevance to the present dispute between Toledo Mack and MTI, this Court should exclude evidence regarding that prior litigation because such evidence would prejudice Toledo Mack, confuse the jury and unduly delay what will in any event be a complex and lengthy trial.

According to Rule 403 of the Federal Rules of Evidence,

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

The Third Circuit has noted that, "[w]hile it is difficult to set forth any exclusive list of factors favoring Rule 403 exclusion, certain types of evidence are routinely excluded under the rule. *Evidence relating to previous litigation involving the parties [is one of many] likely subjects of exclusion*." Blancha v. Raymark Indus., 972 F.2d 507, 516 (3d Cir. 1992) (emphasis added). If evidence relating to prior litigation *involving one of the parties* qualifies as a "likely subject of exclusion," how much more so must evidence of litigation *not involving either of the parties* be entitled to exclusion? As discussed below, evidence regarding the unrelated prior litigation not only has no probative value, but also presents a very high risk of unfair prejudice to Toledo Mack, as well as jury confusion and undue delay.

### 1.    Unfair Prejudice

"Unfair prejudice means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 Advisory Comm. Notes. Rule 403 involves a balancing test that is designed to ensure that juries are not presented with evidence that is far less probative than it is prejudicial. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 (3d Cir. 2002).

In this case, there are several layers of potential prejudice to Toledo Mack that would flow from admission of evidence regarding the unrelated prior litigation. First, there is a substantial risk that a jury would infer from the numerous earlier cases that Dave and Sally Yeager—and by implication, Toledo Mack—are chronic litigants whose claims therefore may lack merit. This presents a very real threat of prejudice. As explained by the Second Circuit, "[t]he charge of litigiousness is a serious one, *likely to result in undue prejudice against the party*

- 8 -

*charged*, unless the previous claims made by the party are shown to have been fraudulent."
Outley v. New York, 837 F.2d 587, 592 (2d Cir. 1988) (emphasis added) (citing McCormick on
Evidence § 196 at 578-81 (3d ed. 1984); 3A J. Wigmore, Evidence §§ 963, 981 (Chadbourn rev.
1970).

Furthermore, the fact that Mr. Yeager has previously been forced to defend himself
against a (meritless) claim of misappropriation of trade secrets (a claim made against him by BFI
in the case filed in 1983) presents the risk that the jury may consider that fact to be probative or
relevant to MTI's trade secret misappropriation counterclaim in the present case.

Another layer of prejudice to Toledo Mack that could well result from evidence regarding
the unrelated prior litigation arises from the fact that the litigation with BFI included claims of
antitrust violations by BFI against Mr. Yeager. In point of fact, Mr. Yeager was a whistleblower
against BFI, reporting antitrust violations he was ordered to carry out by his superiors at BFI.
Nevertheless, there is a risk that the jury might conclude from the fact that BFI leveled
allegations of antitrust violations at Mr. Yeager (albeit in an unsuccessful effort to attack and
discredit him as a whistleblower against BFI), that because Mr. Yeager is an owner of Toledo
Mack, Toledo Mack should not be entitled to recover on its antitrust claims against MTI.

MTI has not alleged, nor can it, that any of the claims asserted by Dave and Sally Yeager
against BFI were fraudulent. On the contrary, Mr. Yeager testified on behalf of the government
as a whistleblower against BFI and BFI was ultimately convicted of criminal violations of the
antitrust laws. Moreover, Mr. Yeager's civil litigation with BFI was resolved only after BFI paid
a sizable confidential settlement. Nevertheless, given the breadth of the claims and the
seriousness of the allegations in the previous lawsuits, evidence related to that litigation could
well spark an emotional reaction from the jury and result in substantial prejudice to Toledo

Mack.  See Advisory Committee Notes to Rule 403 ("Unfair prejudice within its context means a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Included among the evidence from the unrelated prior litigation found on MTI's Exhibit List are psychological evaluations of Mr. Yeager that were conducted in conjunction with the claim of intentional infliction of emotional distress brought by Mr. Yeager against BFI (as well as pleading related to such evaluations).  Such reports are rank hearsay and must be excluded on that basis.  Furthermore, the content of these reports, many of which deal with Mr. Yeager's state of mind and health during a period of time prior to that relevant to the current dispute, is *extremely* personal, potentially embarrassing and utterly irrelevant to the claims at issue in this case.[2]  For these reasons, the psychological evaluations and related pleadings are highly likely to elicit a prejudicial emotional response from the jury while at the same time offering absolutely no probative value in the current litigation.  As such, they should be excluded from the trial.

### 2.    Jury Confusion and Waste Of Time

Introduction of prior litigation would not only prejudice Toledo Mack, but would also complicate and lengthen the trial of this action.  The Third Circuit has recognized that "[t]he introduction of dissimilar past acts runs the risk of confusing the issues in the trial and wasting valuable time."  Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 156 (3d Cir. 2002).  The risk of jury confusion is high in this instance, as the prior litigation involved numerous and varied causes of action and highly complex underlying facts and circumstances.

---

[2]    Due to their highly sensitive contents, the reports have not been included here.  Should the Court desire to review them, we would certainly provide them for *in camera* review.

Here, there is a particularly great danger of jury confusion because of the superficial similarity between certain of the claims in the current action and the causes of action raised in prior litigation, as both involved claims under the antitrust laws as well as claims of misappropriation of trade secrets (although the involved parties and underlying facts and circumstances were completely different).

The Third Circuit has said that "evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues. Blancha v. Raymark Indus., 972 F.2d 507, 516 (3d Cir. 1992) (citing United States v. Dennis, 625 F.2d 782, 797 (8th Cir.1980)). As explained above, Toledo Mack is likely to suffer significant prejudice if MTI is permitted to introduce selected information regarding the unrelated prior litigation. Should MTI be allowed to introduce evidence of the unrelated prior litigation, Toledo Mack, will necessarily have to tell the "rest of the story" regarding the circumstances underlying that litigation.

In order to try to counteract that prejudice and attempt to correct jury confusion or misconceptions about that litigation, Toledo Mack would necessarily have to educate the jury regarding that litigation by introducing detailed evidence regarding the facts and circumstances underlying the unrelated prior litigation in order to demonstrate to the jury in the current action why the claims against Mr. Yeager lacked merit and the claims by Mr. and Mrs. Yeager were meritorious. Because the facts and circumstances underlying the unrelated prior litigation are extremely complex and extensive, it is highly likely that the trial in this case could feature a "trial within a trial" regarding the unrelated prior litigation between the Yeagers and BFI, or alternatively could devolve into a series of mini-trials regarding the various prior lawsuits between the Yeagers and BFI. Under these circumstances, and given the lack of probative value

of the evidence related to the unrelated prior litigation, there is absolutely no legitimate

justification to permit introduction of that evidence.

### C.    Evidence Relating To the Prior Litigation Constitutes Impermissible Character Evidence

Here, there is a great danger that the jury might interpret evidence regarding the unrelated

prior litigation as "similar act" character evidence.  The Federal Rules of Civil Procedure

expressly prohibit such "similar act" evidence under these circumstances.

According to Federal Rule of Evidence 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the
> character of a person in order to show that he acted in conformity therewith.  It
> may, however, be admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
> or accident . . ..

FED. R. EVID. 404(b).

The threshold inquiry a court must make before admitting evidence of similar acts under

Federal Rule of Evidence 404(b) is whether that evidence is probative of a material issue other

than character.  Huddleston v. United States., 485 U.S. 681, 686 (1988).  However, evidence of

prior litigation intended to show a party's litigious nature is not probative of fact issues.  See

Nat'l Util. Serv., Inc., v. Huntsman Chem. Corp., 70 F. Supp. 2d 496, 510-11 (D.N.J. 1999)

(granting plaintiff's  motion in limine to exclude as irrelevant evidence which was intended to

prove that the party was "in the business of litigation").

Evidence of prior litigation involving the Yeagers would not meet any of the criteria for

admission identified in the second clause of the Rule 404(b).  On the contrary, as explained

above, such evidence is not probative of any material issue in this case and such evidence could

well lead the jury to believe that Toledo Mack's owners were unduly or inappropriately litigious

or habitual misappropriators of trade secrets.  Because "[l]itigiousness is just the sort of character

trait with which Rule 404(b) is concerned," <u>Outley</u>, 837 F.2d at 592, the Court should bar MTI

from evidence regarding the unrelated prior litigation at trial because it would constitute

impermissible "similar bad act" character evidence under Rule 404(b).[3]

---

[3]     Even where evidence falls within one of the exceptions set forth in Rule 404(b) and is thus admissible under that rule, the evidence may still be excluded under Rule 401, 402, and 403.  <u>See</u> <u>United States v. Mastrangelo</u>, 172 F.3d 288, 295 (3d Cir. 1999) ("admissibility under FRE 404(b) requires: (1) a proper evidentiary purpose; (2) relevance under FRE 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under FRE 403").

IV.    **CONCLUSION**

Dave and Sally Yeager's prior lawsuits are irrelevant to the present case. Moreover, given the risk of unfair prejudice, jury confusion and delay that such evidence would certainly create, and given that such evidence would be impermissible character evidence under Rule 404(b), this Court should exclude such evidence from trial even if it find such evidence to be somehow relevant.

Accordingly, for all the foregoing reasons, Toledo Mack respectfully requests this Court exclude from trial all evidence of all prior litigation involving Dave or Sally Yeager or any business with which they were previously affiliated.

Respectfully Submitted,

DUANE MORRIS LLP

Date:  August 11, 2006                    By:  _____

Wayne A. Mack
J. Manly Parks
James H. Steigerwald
David A. Degnan
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
215.979.1000

Attorneys for Plaintiff/Counterclaim
Defendant Toledo Mack Sales &
Service, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion *in Limine* to Exclude

Evidence of Prior Unrelated Litigation and accompanying Memorandum of Law was served on

this 11th day of August 2006 via hand delivery on the following counsel:

        Jeremy Heep, Esquire
        Pepper Hamilton LLP
        3000 Two Logan Square
        Eighteenth and Arch Streets
        Philadelphia, PA 19103-2799

                                      _____
                                      J. Manly Parks