IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | |
|---|---|
| BROWNING-FERRIS INDUSTRIES OF )<br>OHIO & MICHIGAN, INC.,<br>6233 Hagman Road )<br>Erie, Michigan  43612<br>                                    )<br>            Plaintiff,<br>                                    )<br>       vs.<br>                                    )<br>DAVID M. YEAGER<br>4805 Springbrook Drive              )<br>Toledo, Ohio  43615<br>                                    )<br>and<br>                                    )<br>DUNRITE EQUIPMENT, Ltd.,<br>f/k/a Toledo Mack & Dunrite         )<br>Equipment, Ltd., d/b/a<br>Community Disposal Service Co.)<br>2124 Front Street<br>Toledo, Ohio  43605                 )<br><br>and                                 )<br><br>DUNRITE MANAGEMENT CORPORA-         )<br>  TION, f/k/a Mack Dunrite<br>  Management Corporation            )<br>4805 Springbrook Drive<br>Toledo, Ohio  43615                 )<br><br>            Defendants.             ) | Case No. **83-2631**<br><br>ASSIGNED TO JUDGE CHRISTIANSEN<br><u>COMPLAINT WITH JURY DEMAND</u><br><br>Cary Rodman Cooper<br>T. Scott Johnston<br>Henry M. Schaffer<br>COOPER, STRAUB, WALINSKI &<br>  CRAMER<br>Counsel for Plaintiff<br>900 Adams Street<br>Toledo, Ohio  43624<br>Telephone:  (419) 241-1200<br><br>FILED<br>LUCAS COUNTY<br>OCT 25  2 17 PM '83 |

\* \* \*

1.  Plaintiff is an Ohio corporation and is engaged in the waste hauling business in the states of Ohio and Michigan.

2.  Dunrite Equipment Ltd., f/k/a Toledo Mack & Dunrite Equipment, Ltd., is an Ohio limited partnership, and is engaged in the waste hauling business, doing businss as Community Disposal Service Co.

3.  Dunrite Management Corporation, f/k/a Mack Dunrite Management Corporation, is an Ohio corporation, and is a general partner of Dunrite Equipment, Ltd., f/k/a Toledo Mack Truck and Dunrite Equipment, Ltd., an Ohio limited partnership.

4.  David M. Yeager (hereinafter referred to as "Yeager") is a resident of Toledo, Ohio and was formerly employed by the plaintiff as a vice-president and district manager.

5.  Yeager and plaintiff entered into a series of agreements respecting employment, the last of which was entered into

Confidential
M0021369

on or about December 15, 1978. A copy is attached hereto as Complaint Exhibit A (hereinafter referred to as "Agreement Respecting Employment").

6. Paragraph numbered 3 of the Agreement Respecting Employment provides, in part, as follows:

> The initial term of this agreement shall be for a period beginning October 1, 1978, and ending on September 30, 1980, provided, however, that this agreement may be terminated at any time for cause, with or without notice. Employment under this Agreement after the initial term is at the will of the company and the employment relationship may thereafter be terminated by employee or company at any time, with or without cause.

7. Upon expiration of the initial term of the Agreement Respecting Employment on September 30, 1980, Yeager continued his employment under the Agreement Respecting Employment until on or about November 1, 1982 at which time the employment relationship between plaintiff and Yeager was terminated.

8. Yeager and others formed Dunrite Equipment, Ltd., f/k/a Toledo Mack & Dunrite Equipment, Ltd. for the purpose, among other purposes, of eventually operating a waste hauling business and to do all things reasonably incident thereto. Subsequently, Dunrite Equipment, Ltd., f/k/a Toledo Mack & Dunrite Equipment, Ltd., began a waste hauling business conducting the business under the name of Community Disposal Service Co., (hereinafter referred to as Community Disposal Service Co.).

9. Yeager is an employee of Community Disposal Service Co. or is otherwise engaged by Community Disposal Service Co. to act as its authorized agent and operating officer.

10. As waste haulers, plaintiff and Community Disposal Service Co. are, *inter alia*, engaged in the same or similar business and compete for [among other things] substantially the same or similar types of customers.

- 2 -

Confidential

M0021370

### FIRST CLAIM FOR RELIEF

11. Plaintiff incorporates herein the averments contained in paragraphs 1 through 10 above.

12. Paragraph numbered 2 of the Agreement Respecting Employment provides as follows:

> The EMPLOYEE recognizes and acknowledges that he may have access to confidential information concerning the COMPANY and corporations affiliated with the COMPANY of a special and unique value which may include, without limitation, the books and records relating to operation, finance, accounting, sales, personnel and management; policies and matters relating particularly to operations such as customer names, addresses and price lists, customer service requirements, costs of providing service and equipment, operating and maintenance costs and pricing matters. The EMPLOYEE also recognizes that a portion of the COMPANY'S business is dependent upon a large number of trade secrets, including secret formulations, techniques, methods, processes, data and the like. The protection of these trade secrets and confidential information against unauthorized disclosure and use is of critical importance to the COMPANY, and the EMPLOYEE therefore agrees that he will not at anytime, either while employed by the COMPANY or afterwards, make any independent use of, or disclose to any other person or organization except as authorized by the COMPANY, any of the trade secrets or other confidential proprietary information of the COMPANY, whether patentable or not. In the event of a breach or threatened breach by the EMPLOYEE of the provisions of this Section, the COMPANY shall be entitled to an injunction restraining the EMPLOYEE from disclosing, in whole or in part, such confidential information. Nothing herein shall be construed as prohibiting the COMPANY from pursuing any other remedies available to it for such breach or threatened breach, including the recovery of damages from the EMPLOYEE.

13. Yeager is in violation of the aforementioned paragraph number 2 of the Agreement Respecting Employment in that he has made in the past and continues to make independent use of or has otherwise disclosed all or a part of the trade secrets or other confidential proprietary information of the plaintiff as referred to in the Agreement Respecting Employment.

14. Yeager's use of or disclosure of the trade secrets or other confidential proprietary information has been without authorization of the plaintiff. Plaintiff's trade secrets and other confidential information has been used by Yeager and others in concert with him for the purpose of soliciting

- 3 -

Confidential  M0021371

business for Community Disposal Service Co. and for inducing plaintiff's customers to breach their relationships with plaintiff and to patronize Community Disposal Service Co. rather than plaintiff.

15. As a direct and proximate result of Yeager's breach of the provisions of paragraph number 2 of the Agreement Respecting Employment, plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

### SECOND CLAIM FOR RELIEF

16. Plaintiff incorporates herein the averments contained in paragraphs 1 through 15 above.

17. Paragraph numbered 5 of the Agreement Respecting Employment provides, in part, as follows:

> The EMPLOYEE agrees that for a period of two years after the termination of this agreement, he will not...(iii) directly or indirectly request or advise any customers of the COMPANY or corporations affiliated with the COMPANY to withdraw, curtail or cancel such customer's business with the COMPANY;
>
> If the provisions of section 5 are violated, in whole or in part, the COMPANY shall be entitled, upon application to any court of proper jurisdiction, to restrain and enjoin the EMPLOYEE from such violation with prejudice to any other remedies the COMPANY may have at law or in equity.

18. Yeager has breached the aforesaid provisions of paragraph number 5 of the Agreement Respecting Employment in that Yeager has, directly or indirectly, advised, induced, solicited and requested customers of plaintiff to cancel such customer's business with the plaintiff.

19. As a direct and proximate result of Yeager's breach of paragraph numbered 5 of the Agreement Respecting Employment, plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

- 4 -

Confidential
M0021372

### THIRD CLAIM FOR RELIEF

20. Plaintiff incorporates herein the averments contained in paragraph 1 through 19 above.

21. Paragraph numbered 3 of the Agreement Respecting Employment provides, in part, as follows:

> The initial term of this Agreement shall be for a period beginning October 1, 1978 and ending on September 30, 1980, provided, however, that this Agreement may be terminated at any time for cause, with or without notice. Employment under this Agreement after the initial term is at the will of the COMPANY and the employment relationship may thereafter be terminated by EMPLOYEE or COMPANY at any time, with or without cause. In the event of termination of this Agreement, EMPLOYEE or his heirs shall receive the Base Salary and, if applicable, Other Compensation, due hereunder, computed on a pro-rata basis, up to the effective date of termination. Upon termination of said employment, the EMPLOYEE shall promptly deliver and return to the COMPANY all the COMPANY's property including, but not limited to, drawings, blueprints, manuals, customer lists, financial data, letters, notes, notebooks, reports and copies thereof, and any and all other materials of a secret or confidential nature relating to the COMPANY'S business or that of corporations affiliated with the COMPANY which are in the possession or under the control of the EMPLOYEE.

22. Yeager has breached the aforesaid paragraph numbered 3 of the Agreement Respecting Employment in that Yeager has in his possession or under his control some or all of the items enumerated in said paragraph numbered 3 of the Agreement Respecting Employment and plaintiff is entitled to have all such items and copies thereof returned to it, and Yeager's future use thereof enjoined.

23. As a direct and proximate result of Yeager's breach of paragraph numbered 3 of the Agreement Respecting Employment, plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

### FOURTH CLAIM FOR RELIEF

24. Plaintiff incorporates herein the averments contained in paragraphs 1 through 23 above.

- 5 -

Confidential

M0021373

25. Yeager's use of or disclosure of the trade secrets or other confidential proprietary information, as alleged in paragraphs 13 and 14 above is also in violation of O.R.C. §1333.51(C) and of Yeager's common law duty to refrain from using and disclosing such trade secrets or other confidential proprietary information of the plaintiff.

26. As a direct and proximate result of Yeager's breach of legal duty, plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

FIFTH CLAIM FOR RELIEF

27. Plaintiff incorporates herein the averments contained in paragraphs 1 through 26 above.

28. Yeager's actual or constructive possession of some or all of the items enumerated in paragraph number 21 above and his continued failure to return all such items to the plaintiff is in violation of Yeager's legal duty not to have taken actual or constructive possession of said items and refusal to return all of said items to the plaintiff.

29. As a direct and proximate result of Yeager's breach of said legal duty, the plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

SIXTH CLAIM FOR RELIEF

30. Plaintiff incorporates herein the averments contained in paragraphs 1 through 29 above.

31. Community Disposal Service Co. has disparaged plaintiff's business by false representations of fact to plaintiff's customers in violation of Ohio's Deceptive Trade Practice Act, O.R.C. §4165.01, et seq., and such conduct by Community Disposal Service Co. is otherwise unlawful.

- 6 -

Confidential
M0021374

32. As a direct and proximate result of the aforementioned conduct, plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

SEVENTH CLAIM FOR RELIEF

33. Plaintiff incorporates herein the averments contained in paragraphs 1 through 32 above.

34. Yeager and Community Disposal Service Co. have intentionally interfered with numerous contractual and business relationships between plaintiff and certain of its customers.

35. As a direct and proximate result of the conduct of Yeager and Community Disposal Service Co., plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

EIGHTH CLAIM FOR RELIEF

36. Plaintiff incorporates herein the averments contained in paragraphs 1 through 35 above.

37. Dunrite Management Corporation, f/k/a Mack Dunrite Management Corporation, as a general partner of Community Service Co. is liable for the intentional torts of Community Disposal Service Co. in the same manner and to the same extent as is Community Disposal Service Co.

NINTH CLAIM FOR RELIEF

38. Plaintiff incorporates herein the averments contained in paragraphs 1 through 37 above.

39. Paragraph numbered 5 of the Agreement Respecting Employment provides, in part, as follows:

. . .

> The EMPLOYEE recognizes that in each of the highly competitive businesses in which the COMPANY is engaged,

- 7 -

Confidential
M0021375

personal contact is of primary importance in securing new customers and in retaining the accounts and goodwill of present customers. The EMPLOYEE therefore agrees that at all times during the term of his employment hereunder and for a period of two years after the termination of his employment hereunder, howsoever brought about, he will not, within either

    (a) a 75 mile radius of any area in which duties have at any time been assigned to the EMPLOYEE by the COMPANY, or

    (b) a 75 mile radius of the COMPANY location which has been designated herein as the EMPLOYEE'S BASE FOR OPERATIONS,

as principal, agent, partner, employee, consultant, distributor, dealer, contractor, broker or trustee or through the agency of any corporation, partnership, association or agent or agency, engage, directly or indirectly, in any business of (i) rubbish, garbage, paper, textile wastes, chemical, liquid and other waste collection, recovery, processing, recycling, marketing or disposal,

. . .

    (iv) manufacturing, selling, leasing or distributing machinery, equipment, or products used or produced in connection with the activities described in Subsections (i), (ii), and (iii) above, or (v) any other business engaged in by the COMPANY, and shall not be the owner of more than 1% of the outstanding capital stock of any corporation [other than Browning-Ferris Industries, Inc., (BFI)], or an officer, director or employee of any corporation (other than BFI or a corporation affiliated with BFI), or a member or employee of any partnership, or an owner, agent, consultant, distributor, dealer, contractor, broker or employee of any other business which conducts a business described in Subsections (i), (ii), (iii), (iv) and (v) above, within the territory described in (a) or (b) above.

    The EMPLOYEE agrees that for a period of two years after the termination of this Agreement, he will not directly or indirectly (i) induce any customers of the COMPANY or corporations affiliated with the COMPANY to patronize any similar business other than that of the COMPANY; (ii) canvass, solicit or accept any similar business from any customer of the COMPANY or corporations affiliated with the COMPANY;

. . .

    or (iv) directly or indirectly disclose to any other person, firm or corporation the names or addresses of any of the customers of the COMPANY or corporations affiliated with the COMPANY.

    If the provisions of Section 5 are violated, in whole or in part, the COMPANY shall be entitled, upon application to any court of proper jurisdiction, to restrain and enjoin the EMPLOYEE from such violation

- 8 -

Confidential
M0021376

without prejudice to any other remedies the COMPANY may have at law or in equity. Further, in the event that the provisions of Section 5 should ever be deemed to exceed the time, geographic or occupational limitations permitted by the applicable laws, the EMPLOYEE and the COMPANY agree that such provisions shall be and are reformed to the maximum time, geographic or occupational limitations permitted by the applicable laws.

40. Yeager has breached the aforesaid provisions of paragraph number 5 of the Agreement Respecting Employment in that Yeager has, within the prohibited territory, engaged as an employee and partner of Community Disposal Service Co. in the business of rubbish, garbage, and waste disposal as prohibited by Section (i) of paragraph 5; and, has leased equipment used in connection with the aforementioned proscribed activity contrary to Section (iv) of paragraph 5. Yeager has also induced customers of plaintiff to patronize other businesses similar to plaintiffs, and has canvassed, solicited or accepted similar business from customers of the plaintiff.

41. As a direct and proximate result of Yeager's breach of paragraph numbered 5 of the Agreement Respecting Employment, plaintiff has suffered and will continue to suffer damages and other injury as hereinafter stated entitling plaintiff to the relief hereinafter prayed for.

## DAMAGES

42. Plaintiff incorporates herein all of the averments contained in paragraphs 1 through 41 above.

43. Plaintiff has suffered and will continue to suffer monetary damages as a result of the unlawful conduct of Yeager and Community Disposal Service Co., and Community Disposal Service Co. has been unjustly enriched as a result of said unlawful conduct.

44. The unlawful conduct of Yeager and Community Disposal Service Co. has been intentional and malicious entitling plaintiff to recover punitive damages as hereinafter prayed for.

- 9 -

Confidential                                                                 M0021377

45. In addition to suffering monetary damages, plaintiff has suffered and will continue to suffer substantial and irreparable harm unless injunctive relief is granted restraining the defendants and others acting in concert with them from utilizing or disclosing all or a part of the trade secrets or other confidential proprietary information of the plaintiff, requiring defendants and others acting in concert with them to return to plaintiff all items of property and copies thereof as enumerated in paragraph 21 above, restraining defendants and others acting in concert with them from interfering with plaintiff's business and contractual relationships with its customers, and from disparaging plaintiff's business by means of false statements. The damage to plaintiff's business and plaintiff's business reputation and good will is substantial and irreparable and plaintiff does not have an adequate remedy at law.

RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a) For judgment against the defendants, jointly and severally, in the sum of Five Hundred Thousand Dollars ($500,000) as and for compensatory damages;

b) For an accounting by the defendants respecting all revenues obtained as a result of unlawful conduct and for a judgment requiring said defendants to pay all such revenues to the plaintiff;

c) For punitive damages against each of the defendants in the sum of Two Million Dollars ($2,000,000);

d) For injunctive relief enjoining and restraining the defendants, their respective officers, agents, servants, employees, attorneys, successors and assigns, and all others acting in active concert or participation with them as follows:

- 10 -

Confidential
M0021378

[1] from using or disclosing for any purpose whatsoever trade secrets or other confidential proprietary information of the plaintiff relating to plaintiff's operation, finances, accounting, sales, personnel and management, including customer names, addresses, customer contacts, customer service requirements, costs of providing service and equipment, operating and maintenance costs and pricing matters;

[2] requiring a return to the plaintiff of the plaintiff's property including drawings, blueprints, manuals, customer lists, financial data, letters, notes, notebooks, reports, computer printouts; and all other copies thereof or parts thereof, and any and all materials of a secret or confidential nature relating to plaintiff's business which are now in the possession or under the control of all persons so restrained;

[3] restraining the defendants from intentionally interfering with the contractual relationships and business relationships between the plaintiff and any of its customers;

[4] restraining the defendants from uttering false and disparaging information respecting the services and business of the plaintiff.

e) For other legal and equitable relief to which the plaintiff is entitled including attorneys' fees and costs.

_____
Cary Rodman Cooper

_____
T. Scott Johnston

_____
Henry M. Schaffer

- 11 -

Confidential

M0021379

## VERIFICATION

John R. Taddonio, being first duly sworn, states that he is a vice-president and district manager of the plaintiff, Browning-Ferris Industries of Ohio and Michigan, Inc., that he has read the foregoing Complaint and that based upon information and belief the factual statements and averments contained therein are true as he verily believes.

Further affiant sayeth naught.

_____
John R. Taddonio

Sworn to and subscribed in my presence this 25th day of October, 1983.

_____
Notary Public

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues triable by jury herein.

_____
Cary Rodman Cooper

CARY R. COOPER, Attorney at Law
Notary Public — State of Ohio
My Commission has no Expiration Date
Section 147.03 R. C.

- 12 -

Confidential
M0021380