IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO, EX REL.          :
CELEBREZZE,                     :
                                :
            Plaintiff,          :       Case No. C86-7387
                                :
                                :       Judge John W. Potter
BROWNING-FERRIS INDUSTRIES,     :
INC., ET AL.,                   :
                                :
            Defendants.         :


THIRD PARTY COMPLAINT OF
DEFENDANT BROWNING-FERRIS
INDUSTRIES OF OHIO AND MICHIGAN, INC.

Defendant, third party plaintiff Browning-Ferris Industries
of Ohio and Michigan, Inc. (hereinafter "the Corporation") files
this third party complaint for contribution and indemnification
and alleges as follows:

COUNT I

1.   The plaintiff State of Ohio has filed a complaint
seeking damages and other relief under Section 1 of the Sherman
Act (15 U.S.C. §1) and §4 of the Clayton Act (15 U.S.C. §15) and
under Ohio Revised Code §§1331.01, et seq. commonly known as the
Valentine Act. A copy of that complaint is attached as Exhibit A.
This Court has pendent and ancillary jurisdiction over the subject
matter of this Third Party Complaint.                    M0221472

2.   The plaintiff's complaint alleges that the Corporation,
Browning-Ferris Industries, Inc., Bruce Ranck (the Corporation's
President), John Taldonio (the Corporation's Vice President and

EXHIBIT A

General Manager), Ohio Waste Systems, Inc. ("OWS"), Waste Manage-
ment, Inc., Greg Asciutto and Richard Evenhouse are jointly and
severally liable to the plaintiff for damages caused by an alleged
conspiracy to fix prices and allocate customers between the Cor-
poration and Ohio Waste Systems. Plaintiff alleges that this
conspiracy was formed on or about February 1, 1981 in one or more
meetings between third party defendant David Yeager, who was at
that time and was thereafter until November 1, 1982, Vice Presi-
dent and General Manager of the Corporation, and one or more
employees of OWS.

3.    The plaintiff State of Ohio alleges that pursuant to his
alleged conspiracy and agreement Yeager, in the course of his
employment as Vice President and General Manager, raised, pegged,
fixed and stabilized the prices of the Corporation's waste dis-
posal services to certain governmental customers and prevented the
Corporation from offering waste disposal services to certain
governmental customers upon competitive terms.

4.    As a result of his tortious conduct heretofore alleged
third party defendant Yeager is or may be liable to the Corpora-
tion pursuant to Ohio Revised Code §§2307.31 and 2307.32 for all
or a part of any liability incurred by the Corporation for any
violations of the Valentine Act found to have occurred during his
employment.

COUNT II

5.    Paragraphs 1 through 4 of this Third Party Complaint are
realleged as though fully set forth.

-2-

M0221473

6.    Each and every act of agreement or conspiracy with OWS or its employees committed by third party defendant Yeager in the course of his employment by the Corporation was in contravention of the express written policies and instructions of the Corporation and was done by Yeager in knowing and reckless violation of his duties to the Corporation as an officer and employee, with reckless disregard for the best interests of the Corporation or with deliberate intent to cause injury to the Corporation, and to further his own interests.

7.    On or about March 29, 1985 for the purpose by fraud of inducing the Corporation to grant him a release from certain liabilities for his actions as an officer and employee, third party defendant Yeager concealed from the Corporation each and every act of agreement or conspiracy with OWS that he committed in the course of his employment by knowingly executing a false affidavit. The Corporation would not have granted Yeager that release from liability but for the false and fraudulent representations knowingly made by Yeager upon which it relied.

8.    As a result of third party defendant Yeager's deliberate and reckless misconduct and mismanagement in the course of his employment and his knowing and reckless breach of his fiduciary duties as an officer of the Corporation, as hereinbefore alleged, the Corporation has been required to pay fines in the amount of $1,000,000.

9.    As a further result of third party defendant Yeager's deliberate and reckless misconduct and mismanagement in the course of his employment and his knowing and reckless breach of his

-3-

M0221474

fiduciary duties as an officer of the Corporation, as hereinbefore alleged, the Corporation has incurred attorneys' fees and liabilities for damages in the civil action by the State of Ohio in an amount which cannot yet be ascertained with precision. When said amount can be ascertained, third party plaintiff will seek leave to amend this third party complaint to state said amount.

WHEREFORE, third party plaintiff prays:

A.    That third party defendant Yeager be held liable to the Corporation for and required to pay in contribution to the Corporation all damages and other costs for which the Corporation may be held liable or required to pay to the plaintiff State of Ohio by reasons of violations or alleged violations of Section 1331.01 et seq. of the Ohio Revised Code during the period 1976 to November 1, 1982.

B.    That third party defendant Yeager be held liable and required to pay to the Corporation the sum of $1,000,000 to indemnify and hold the Corporation harmless from fines, incurred by the Corporation as a result of acts committed by or at the direction of third party defendant Yeager in breach of his duties to the Corporation.

C.    That third party defendant Yeager be held liable for and required to pay to the Corporation the such additional sums as are required to indemnify and hold harmless the Corporation from the expenses, damages and attorneys' fees which the Corporation is required to pay as a result of act committed by him or at his direction in the course of his employment in breach of his duties to the Corporation.

M0221475

D.    That any release of liability or covenant not to sue executed or entered by the Corporation in favor of Yeager be adjudged void and set aside.

E.    That third party plaintiff have such other and further relief as the Court shall deem just and proper.

_____
ALAN C. WITTEN
McShane, Breitfeller & Witten
37 West Broad Street
Columbus, Ohio 43215
(614) 221-1919

J. PAUL MCGRATH
SAUL P. MORGENSTERN
Dewey, Ballantine, Bushby,
Palmer & Wood
140 Broadway
New York, New York  10005

Attorneys for Defendant/Third
Party Plaintiff Browning-Ferris
Industries of Ohio and
Michigan, Inc.

M0221476

-5-