IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

FILED

Oct 1 10 07 AM '90

BROWNING-FERRIS INDUSTRIES )
  OF OHIO AND MICHIGAN, INC. )
P.O. Box 5069 )
Point Place Station )
Toledo, Ohio 43611 )
 )
     Plaintiff, )
 )
v )
 )
DAVID M. YEAGER, )
4805 Springbrook )
Toledo, Ohio  43615 )
 )
     Defendant-Counter Plaintiff, )
 )
v )
 )
BROWNING-FERRIS INDUSTRIES OF )
  OHIO AND MICHIGAN, INC. )
 )
     Plaintiff-Counter Defendant. )

CARL PIETRYKOWSKI
CLERK OF COURTS

CASE NO. 90-2491
Hon. J. Ronald Bowman

## COUNTER COMPLAINT

### COUNT I

### JURISDICTION

1.  Defendant-counter plaintiff, David M. Yeager, is an individual residing in Lucas County, Ohio, and is the assignee of Dunrite Equipment Ltd. d/b/a Community Disposal Service.

2.  Plaintiff-counter defendant, BROWNING-FERRIS INDUSTRIES OF OHIO AND MICHIGAN INC. (BFIOM), is an Ohio corporation, with its principal place of business located in Erie, Michigan, and is doing business in Lucas County, Ohio.

3.  This action  for monetary damages involves an amount in controversy in excess of Ten Thousand Dollars ($10,000).

M0220518

COUNT II

DEFAMATION

4.   Defendant-counter plaintiff, David M. Yeager, realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 3.

5.   Plaintiff-counter defendant, BFIOM, prepared a press release with the knowledge and intent that various articles would be published in the Wall Street Journal, the Toledo Blade, the Lorain Journal and other newspapers purporting to be a true and accurate account of the defendant-counter plaintiff's alleged  involvement in a conspiracy in restraint of trade, including but not limited to the following articles:

   a.)   "2 Waste Firms Agree to Plea In Price-Fixing", The Toledo Blade, Friday, October 30, 1987.

   b.)   "Waste Firm Spokesman Blames Man", The Lorrain Journal, Tuesday, August 16, 1988.

   c.)   "Two Waste Firms To Pay $700,000 In Ohio Lawsuit", The Wall Street Journal, Tuesday, August 16, 1988.

6.   The above-mentioned articles constituted a publication to third parties by plaintiff-counter defendant, BFIOM, of false and defamatory statements, insinuations, implications and/or innuendos of and concerning the defendant-counter plaintiff, to the effect that defendant-counter plaintiff was responsible for any and all antitrust activities for which plaintiff-counter defendant had admitted guilt.

M0220519

jjk:bmjm09190c

7.  In so publishing these false and defamatory statements, insinuations, implications and innuendos, plaintiff-counter defendant, BFIOM, acted negligently and/or with knowledge of falsity or reckless disregard of the truth of the said publications.

8.  The false statements, insinuations, implications and/or innuendos contained in the above mentioned articles are defamatory per se.

9.  Plaintiff-counter defendant is a private individual.

10.  The abovementioned statements were made by plaintiff-counter defendant in the absense of a privilege or legal justification.

11.  As a direct and proximate result of plaintiff-counter defendant's publication of the above mentioned articles and the defamatory material contained therein, defendant-counter plaintiff has been caused to suffer damages including, but not limited to, damage to reputation and standing in the community, extreme humiliation, mental and physical pain and suffering, aggravation of a pre-existing chronic ulcer condition, economic damages and attorneys' fees.

WHEREFORE, defendant-counter plaintiff, David M. Yeager, respectfully prays this Honorable Court to award defendant-counter plaintiff actual, exemplary and punitive damages in an amount in excess of Ten Thousand Dollars ($10,000) as this Court shall deem to be equitable and just.

-3-

j1k:bmjm09190c

M0220520

## COUNT III

### FALSE LIGHT - INVASION OF PRIVACY

12. Defendant-Counter Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 11.

13. By publication of the above mentioned articles, plaintiff-counter defendant, BFIOM, placed the defendant-counter plaintiff in a false light before the public in general.

14. The false light in which the defendant-counter plaintiff was cast by plaintiff-counter defendant, BFIOM, would be highly offensive to a reasonable person.

15. In publishing the above mentioned articles, the plaintiff-counter defendant, BFIOM, had knowledge of, and/or acted with reckless disregard of, the falsity of the defamatory statements, insinuations, implications and/or innuendos they contain and the false light in which the defendant-counter plaintiff was placed.

16. As a direct and proximate result of plaintiff-counter defendant's invasion of defendant-counter plaintiff, David M. Yeager's privacy, defendant-counter plaintiff has been caused to suffer damages including, but not limited to, damage to reputation and standing in the community, extreme humiliation, and mental and physical pain and suffering, and aggravation of a pre-existing chronic ulcer condition.

-4-

jjk:hmjm09190c

M0220521

WHEREFORE, defendant-counter plaintiff, David M. Yeager, respectfully prays this Honorable Court to award defendant-counter plaintiff actual, exemplary and punitive damages in an amount in excess of Ten Thousand Dollars ($10,000) as this Court shall deem to be equitable and just.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. Defendant-Counter Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 16.

18. Plaintiff-counter defendant's publication of the above mentioned articles constituted extreme and outrageous conduct by which plaintiff-counter defendant intended to and did in fact cause severe emotional distress to the defendant-counter plaintiff, David M. Yeager.

19. As a direct and proximate result of plaintiff-counter defendant's publication of the above mentioned articles and the defamatory material contained therein, defendant-counter plaintiff has been caused to suffer damages including, but not limited to, damage to reputation and standing in the community, extreme humiliation, mental and physical pain and suffering, economic damages and attorneys' fees.

20. Plaintiff-counter defendant, BFIOM, filed numerous causes of action against the defendant-counter plaintiff for

M0220522

iik:bm1m09190c

indemnification of antitrust fines, although plaintiff-counter

defendant knew that said causes of action had no valid basis in

law or fact:  That the above mentioned causes of action include;

> a.) <u>Browning-Ferris Industries of Ohio and Michigan,</u>
>      <u>Inc., v. David M. Yeager</u>; Case No. 90-2491;
>
> b.) <u>David M. Yeager v. Brown-Ferris Industries of</u>
>      <u>Ohio and Michigan, Inc.</u>; Counter Complaint,
>      Case No. 89-2332;
>
> c.) <u>State of Ohio, ex rel. Anthony J. Celebrezze,</u>
>      <u>Jr., v. Browning-Ferris Industries of Ohio and</u>
>      <u>Michigan, Inc.</u>; Third-Party Complaint,
>      Case No. 86-7387.

21.  The above-mentioned causes of action were pursued by

the plaintiff-counter defendant in order to harass, ridicule,

intimidate and silence the defendant-counter plaintiff and place

financial hardship on the defendant-counter plaintiff.

22.  Plaintiff-counter defendant's conduct in pursuing

these causes of action constituted extreme and outrageous

conduct by which plaintiff-counter defendant intended to and did

in fact cause severe emotional distress to the defendant-counter

plaintiff.

23.  As a direct and proximate result of plaintiff-counter

defendant's unlawful pursuit of the defendant-counter plaintiff

through the use of the instrumentalities of this Honorable

Court, defendant-counter plaintiff has been caused to suffer

damages including, but not limited to, damage to reputation and

standing in the community, extreme humiliation, mental and

jjk:bmjm09190c

M0220523

physical pain and suffering, aggravation of a pre-existing chronic ulcer condition, economic damages and attorneys' fees.

WHEREFORE, defendant-counter plaintiff, David M. Yeager, respectfully prays this Honorable Court to award defendant-counter plaintiff actual, exemplary and punitive damages in an amount in excess of Ten Thousand Dollars ($10,000) as this Court shall deem to be equitable and just.

## COUNT V

### ABUSE OF PROCESS

24.  Defendant-Counter Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above.

25.  Plaintiff-counter defendant, BFIOM, has improperly filed numerous lawsuits against the defendant-counter plaintiff, David M. Yeager, pursuant to an unlawful ulterior motive.

> a.) Browning-Ferris Industries of Ohio and Michigan, Inc., v. David M. Yeager; Case No. 90-2491;
>
> b.) David M. Yeager v. Brown-Ferris Industries of Ohio and Michigan, Inc.; Counter Complaint, Case No. 89-2332;
>
> c.) State of Ohio, ex rel. Anthony J. Celebrezze, Jr., v. Browning-Ferris Industries of Ohio and Michigan, Inc.; Third-Party Complaint, Case No. 86-7387.

26.  Plaintiff-counter defendant's ulterior motive in bringing the above mentioned suits has been to cause the defendant-counter plaintiff, David M. Yeager, severe emotional distress and to intimidate, silence and harass defendant-counter

-7-

jjk:bmjm09190c

M0220524

plaintiff; as such plaintiff-counter defendant, BFIOM, has
abused its right of process.

27.  Plaintiff-counter defendant's ulterior motive is
evidenced by the plaintiff-counter defendant's filing of a
declaratory judgment complaint against defendant-counter
plaintiff for indemnification with the knowledge that
defendant-counter plaintiff was an immunized witness and
expected to give testimony adverse to plaintiff-counter
defendant in the case of State of Ohio, ex rel. Anthony J.
Celebrezze, Jr., v. Browning-Ferris Industries of Ohio and
Michigan, Inc.; Third-Party Complaint, Case No. 86-7387.

28.  Plaintiff-counter defendant has abused its right of
process and has caused the defendant-counter plaintiff severe
emotional distress.

29.  As a direct and proximate result of plaintiff-counter
defendant's patterned abuse of process, defendant-counter
plaintiff has been caused to suffer damages, including but not
limited to, damage to reputation and standing in the community,
extreme humiliation, mental and physical pain and suffering,
aggravation of a pre-existing chronic ulcer condition, economic
damages and attorneys' fees.

WHEREFORE, defendant-counter plaintiff, David M. Yeager,
respectfully prays this Honorable Court to award
defendant-counter plaintiff actual, exemplary and punitive

jjk:bmjm09190c                                          M0220525

damages in an amount in excess of Ten Thousand Dollars ($10,000)
as this Court shall deem to be equitable and just.

                          KITCH, SAURBIER, DRUTCHAS,
                          WAGNER & KENNEY, P.C.


                    BY: _____
                        JEREMIAH J. KENNEY (P24810)
                        Attorney for Defendant
                        & Counter-Plaintiff
                        One Woodward Avenue
                        Tenth Floor
                        Detroit  MI   48226
                        (313) 965-7411

Dated:   September 26, 1990

                             -9-

                                        M0220526

jjk:bmjm09190c

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

FILED
LUCAS COUNTY

Oct 1 10 07 AM '90

CAROL A. PIETRYKOWSKI
CLERK OF COURTS

|  |  |
|---|---|
| BROWNING-FERRIS INDUSTRIES<br>OF OHIO AND MICHIGAN, INC.,<br>P. O. Box 5069<br>Point Place Station<br>Toledo, Ohio  43611 | )<br>)<br>)<br>) |
|  | ) |
| Plaintiff, | )<br>) |
|  | ) |
| vs. | )<br>) |
|  | ) |
| DAVID M. YEAGER,<br>4805 Springbrook<br>Toledo, Ohio  43615 | )<br>)<br>) |
|  | ) |
| Defendant. | ) |

CASE NO. 90-2491
JUDGE J. RONALD BOWMAN

## AFFIDAVIT OF SERVICE

STATE OF MICHIGAN)
                 )ss.
COUNTY OF WAYNE  )

KAREN SUMERACKI, being first duly sworn, deposes and says that she is employed with the firm of KITCH, SAURBIER, DRUTCHAS, WAGNER & KENNEY, P.C., and that on the __26th__ day of September, 1990, she personally served:

DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARA-
TORY JUDGMENT, AFFIRMATIVE DEFENSES,
COUNTER-COMPLAINT and DEMAND FOR JURY TRIAL

upon:

by having same enclosed in an envelope with postage thereon fully prepaid and deposited in a United States postal receptacle.

M0220527

JJK:TKJM08300C

Further, Affiant saith not.

_Karen Sumeracki_
KAREN SUMERACKI

Subscribed and sworn to before me
this <u>26th</u> day of September, 1990.

_D. Sin Rios_
Notary Public, Wayne County, MI
My Commission Expires: Dec 29, 1992

- 2 -

M0220528

JJK:TKJM08300C

FILED
COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

Oct 1  10 07 AM '90

CAROL A. PIETRKOWSKI
CLERK OF COURTS

BROWNING-FERRIS INDUSTRIES
  OF OHIO AND MICHIGAN, INC.
P. O. Box 5069
Point Place Station
Toledo, OH 43611                    ) Case No.: 90-2491
                                    )  Hon. J. Ronald Bowman
        Plaintiff,                  )
                                    )
                                    )
v                                   )
                                    )
DAVID M. YEAGER                     )
4805 Springbrook                    )
Toledo, OH 43615                    )
                                    )
        Defendant-Counter Plaintiff,)
                                    )
v                                   )
                                    )
BROWNING-FERRIS INDUSTRIES OF       )
  OHIO AND MICHIGAN, INC.           )
                                    )
        Plaintiff-Counter Defendant.)


                  DEMAND FOR JURY TRIAL


        NOW COMES the defendant-counter plaintiff DAVID M. YEAGER,
by and through his attorneys, KITCH, SAURBIER, DRUTCHAS, WAGNER
& KENNEY, P.C., and hereby demands a trial by jury of the
above-captioned matter.


                        KITCH, SAURBIER, DRUTCHAS,
                        WAGNER & KENNEY, P.C.


                    BY: _____
                        JEREMIAH J. KENNEY (P24810)
                        JOHN M. SIER (P39336)
                        Attorneys for Defendant
                        Tenth Floor
                        One Woodward Avenue
                        Detroit, Michigan 48226
                        (313) 965-2915


DATED:  September 26, 1990


                                        M0220529