### JURY DEMAND

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury with respect to all issues so triable.

DATED: October ___4th___, 1991      GREENFIELD & CHIMICLES

By: _____

Richard D. Greenfield
Kenneth A. Jacobson
Mark C. Rifkin
Frank A. Rothermel
Marie B. Roethe
One Haverford Centre
Haverford, PA  19041
(215) 642-8500

ATTORNEYS FOR PLAINTIFFS
   AND THE CLASSES

73

M0218792

## VERIFICATION

I, FRANK A. ROTHERMEL, being duly sworn according to law, hereby verify that the facts stated in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. In addition, plaintiff Sally M. Yeager has expressly authorized me to represent that the facts stated in the foregoing Complaint are true and correct to the best of her knowledge, information, and belief.[1]

_____
FRANK A. ROTHERMEL

Sworn to and Subscribed
before me this 4th day
of October, 1991.

_____
Notary Public

```
         NOTARIAL SEAL
ANNE F. PEARLMAN, Notary Public
   Haverford, Montgomery Co.
My Commission Expires April 23, 1994
```

_____

[1]    A separate "Verification" will be executed by plaintiff Sally M. Yeager and forwarded to the Court shortly.

18                    M0218793

ALL STATE LEGAL SUPPLY CO., ONE COMMERCE DRIVE CRANFORD, NEW JERSEY 07016

(2)

EDR-1



Exhibit A

M0218794

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
1986 MAY 22  AM 10: 45

CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT
TOLEDO, OHIO

STATE OF OHIO, EX REL.          )
ANTHONY J. CELEBREZZE, JR.,     )
ATTORNEY GENERAL OF OHIO        )
Antitrust Section, 15th Floor   )
30 East Broad Street            )
Columbus, Ohio 43266-0410,      )
                                )
        Plaintiff,              )
                                )
    v.                          )
                                )
BROWNING-FERRIS INDUSTRIES, INC.,)
14701 St. Mary's                )
P. O. Box 3151                  )
Houston, Texas 77079,           )
                                )
BROWNING-FERRIS INDUSTRIES      )
OF OHIO AND MICHIGAN, INC.,     )
6233 Hagman Road                )
Erie, Michigan 43612,           )
                                )
BRUCE E. RANCK,                 )
c/o Browning-Ferris, Inc.       )
GM Building                     )
1800 Parkway Drive              )
Parkway Industrial Park         )
Hanover, Maryland  21076,       )
                                )
JOHN R. TADDONIO                )
11505 Pleasant Shore Drive      )
Manchester, Michigan 48158,     )
                                )
WASTE MANAGEMENT OF NORTH       )
AMERICA, INC.                   )
3003 Butterfield Road           )
Oak Brook, Illinois 60521,      )
                                )
OHIO WASTE SYSTEMS, INC.,       )
dba WASTE MANAGEMENT OF TOLEDO, )
6625 Wales Road                 )
Northwood, Ohio 43616,          )
                                )
RICHARD G. EVENHOUSE,           )
c/o Michigan Waste Systems, Inc.)
Industrial Disposal Division    )
4547 Wayne Road                 )
P. O. 1697                      )
Battle Creek, Michigan  49016,  )

Civil ACTION NO. C 86 - 7387

JUDGE JUDGE JOHN W. POTTER

ANTITRUST COMPLAINT

JURY TRIAL DEMANDED

M0218795

16

Exhibit B

M0218796



**U.S. Depa    t of Justice**

**Antitrust Division**

*Great Lakes Office*



995 Celebrezze Federal Building
Cleveland, Ohio 44199                    216/522-4070

September 23, 1987


John F. McClatchey, Esquire
Thompson, Hine & Flory
1100 National City Bank Building
Cleveland, Ohio  44114

        Re:  <u>Grand Jury Investigation</u>

Dear Mr. McClatchey:

    This letter will inform you that your client, Bruce E.
Ranck, is a target of a current grand jury investigation.  The
grand jury has substantial evidence linking your client to the
commission of a crime, and, in our judgment, your client is a
putative defendant.  The Antitrust Division is seriously
considering recommending to the grand jury that your client be
indicted.

    If you wish to present your view of this matter to the
staff and the chief of this Office, please notify me at your
earliest convenience (telephone:  216-522-4189).

                        Sincerely yours,

                        *Barbara M. Brown*

                        BARBARA M. BROWN
                           Attorney
                        Antitrust Division

M0218797

Exhibit C

M0218798

RICHARD D. GREENFIELD *
NICHOLAS E. CHIMICLES
C. OLIVER BURT, III
KENNETH A. JACOBSEN ·
R. BRUCE McNEW*
BRENDA M. NELSON
PAMELA S. TIKELLIS^
MICHAEL J. PUCILLO**

JUDITH N. DEAN, OF COUNSEL

MICHAEL D. DONOVAN*
FRANCIS J. FARINA *
BARBARA M. FRIEND°
J. PAUL GIGNAC**
MICHAEL D. GOTTSCH‡
PATRICK J. GRANNAN**
CAROLYN D. MACK^
JAMES R. MALONE, JR.
MARY KATHERINE MEERMANS
DEBRA N. NATHANSON + +
TINA BAILER NIEVES**
ROBIN RESNICK
CHRISTOPHER T. REYNA
IRA NEIL RICHARDS+
MARK C. RIFKIN‡
MILES B. RITTMASTER□
LISA J. RODRIGUEZ‡
CLIFFORD T. RONES×
DENISE DAVIS SCHWARTZMAN**
EDWARD SEGLIAS× ×
JEFFREY T. SPANGLER
J. DAVID STONER*
EUGENE R. TOMPKINS× ×

GREENFIELD & CHIMICLES

ATTORNEYS AT LAW

ONE HAVERFORD CENTRE

361 WEST LANCASTER AVENUE, P.O. BOX 100

HAVERFORD, PA 19041-0100

(215) 642-8500

TELECOPIER: (215) 649-3633

CABLE: "WHITEHAT" PHILADELPHIA

ONE RODNEY SQUARE
P.O. BOX 1035
WILMINGTON, DE 19899
(302) 656-2500
TELECOPIER: (302) 656-9053

ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071
(213) 626-6100
TELECOPIER: (213) 626-7901

ESPERANTE
222 LAKEVIEW AVENUE, SUITE 960
WEST PALM BEACH, FLORIDA 33401
(407) 835-9400
TELECOPIER: (407) 835-0322

* ALSO ADMITTED TO NY BAR
*ALSO ADMITTED TO CA AND DC BARS
=ALSO ADMITTED TO DC BAR
‡ALSO ADMITTED TO NJ BAR
*ALSO ADMITTED TO DC AND NY BARS
°ADMITTED TO NY BAR ONLY
^ADMITTED TO DC BAR ONLY
*ALSO ADMITTED TO NY AND NJ BARS
*ALSO ADMITTED TO NY, NJ AND IN BARS
** ADMITTED TO GA BAR ONLY
**ADMITTED TO FL BAR ONLY
**ALSO ADMITTED TO FL DC AND TX BARS
**ADMITTED TO CA BAR ONLY
** ALSO ADMITTED TO DC BAR

September 18, 1990

**VIA FEDERAL EXPRESS**

The Board of Directors
Browning Ferris Industries, Inc.
757 North Eldridge
Houston, TX 77079

TO THE BOARD OF DIRECTORS:

I am writing to you on behalf of Sally Yeager, whom this Firm represents. Mrs. Yeager is, and has been since the 1970's, a shareholder of Browning Ferris, Inc. ("BFI" or the "Company"). As you are all well aware, over the years BFI has engaged in various unlawful activities, including violations of the federal antitrust laws, which have subjected the Company to damages and the imposition of numerous substantial fines and penalties. In addition, BFI has been precluded from performing services in various localities as a result of the Company's unlawful activities, which has cost the Company millions of dollars in lost business opportunities. Many private lawsuits have been commenced against BFI, with the result that more millions of dollars have been spent needlessly to defend against these claims, to settle

M0218799

GREENFIELD & CHIMICLES

Board of Directors
September 18, 1990
Page -2-

them, or to pay damages awards.  One such example occurred in 1984 when BFI settled a claim by Conservation Management, Inc.  for an undisclosed amount believed to be well in excess of $5 million (which is all that the Company disclosed).  Another example is the present class action litigation, <u>Cumberland Farms, Inc. v. Browning Ferris Industries, Inc., et al.</u>, Master File No. 87-3717, pending in the United States District Court for the Eastern District of Pennsylvania.

In light of the continuing unlawful practices which many of the individual directors and/or senior officers of BFI have engaged in, I hereby demand, on behalf of Mrs. Yeager, that the Board of Directors of the Company immediately take all steps necessary, including commencement of legal proceedings, to obtain compensation for the harm suffered by BFI.  In addition, I hereby demand that the Board of Directors take all steps necessary, including commencement of legal proceedings, against those responsible for the running of any statutes of limitation (to the extent such statutes apply and have expired) in connection with the unlawful conduct to which I refer.

If you are unwilling or unable to take such action, Mrs. Yeager is prepared to commence litigation on behalf of BFI against the individuals who are responsible for the harm suffered by the Company.

I await a most prompt reply.

Very truly yours,

Mark C. Rifkin

MCR/wjp

M0218800

11

Exhibit D

M0218801

10

Recycled paper



## BROWNING-FERRIS INDUSTRIES

P.O. BOX 3151 • HOUSTON, TEXAS 77253 • 713/870-8100

Gerald K. Burger
Vice President and Secretary

<u>VIA FEDERAL EXPRESS</u>

October 9, 1990

Mark C. Rifkin, Esquire
Greenfield & Chimicles
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041-0100

Dear Mr. Rifkin:

This is to inform you that, on October 8, 1990, a special meeting of the Board of Directors of Browning-Ferris Industries, Inc. (BFI), was held. At that meeting, the Board of Directors of BFI created a Special Committee of certain independent "outside" directors to consider the matters referenced in your September 18, 1990 letter addressed to the Board of Directors. After the Special Committee has selected its own counsel, the Special Committee and its counsel will proceed to consider the matters raised in your letter, including determining whether or not to request any further information from your firm or your client.

Very truly yours,

Gerald K. Burger

GKB/lh/yea

M0218802

9

CORPORATE OFFICES: 757 N. ELDRIDGE AT MEMORIAL DRIVE • HOUSTON, TEXAS 77079 • TELEX 794-592

Exhibit

M0218803

RICHARD D. GREENFIELD +
NICHOLAS E. CHIMICLES
C. OLIVER BURT, III
KENNETH A. JACOBSEN
R BRUCE MCNEW*
BRENDA M. NELSON
PAMELA S. TIKELLIS◊
MICHAEL J. PUCILLO**

JUDITH N. DEAN, OF COUNSEL

MICHAEL D. DONOVAN*
FRANCIS J. FARINA+
BARBARA M. FRIEND◊
J. PAUL GIGNAC**
MICHAEL D. GOTTSCH‡
PATRICK J. GRANNAN**
CAROLYN D. MACK◊
JAMES R. MALONE, JR.
MARY KATHERINE MEERMANS
DEBRA N. NATHANSON + +
TINA BAILER NIEVES**
ROBIN RESNICK
CHRISTOPHER T. REYNA
IRA NEIL RICHARDS+
MARK C. RIFKIN‡
MILES B. RITTMASTER□
LISA J. RODRIGUEZ‡
STEVEN A. SCHWARTZ
DENISE DAVIS SCHWARTZMAN**
EDWARD SEGLIAS * *
JEFFREY T. SPANGLER
J. DAVID STONER*
WENDY ZOBERMAN**

# GREENFIELD & CHIMICLES

### ATTORNEYS AT LAW

ONE HAVERFORD CENTRE

361 WEST LANCASTER AVENUE, P.O. BOX 100

HAVERFORD, PA 19041-0100

(215) 642-8500

TELECOPIER: (215) 649-3633

CABLE: "WHITEHAT" PHILADELPHIA

ONE RODNEY SQUARE
P.O. BOX 1035
WILMINGTON, DE 19899
(302) 656-2500
TELECOPIER: (302) 656-9053

ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071
(213) 626-6100
TELECOPIER (213) 626-7901

ESPERANTE
222 LAKEVIEW AVENUE, SUITE 960
WEST PALM BEACH, FLORIDA 33401
(407) 835-9400
TELECOPIER: (407) 835-0322

* ALSO ADMITTED TO NY BAR
* ALSO ADMITTED TO CA AND DE BARS
□ ALSO ADMITTED TO DC BAR
‡ ALSO ADMITTED TO NJ BAR
◊ ALSO ADMITTED TO DC AND NY BARS
△ ADMITTED TO NY BAR ONLY
◇ ADMITTED TO DE BAR ONLY
* ALSO ADMITTED TO NY AND NJ BARS
* ALSO ADMITTED TO NY, NJ AND IN BARS
** ADMITTED TO GA BAR ALSO
**ADMITTED TO FL BAR ONLY
**ALSO ADMITTED TO FL DC AND TX BARS
**ADMITTED TO GA BAR ONLY
** ALSO ADMITTED TO DC BAR

November 13, 1990

Gregory P. Williams, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

> RE:  Browning-Ferris Industries, Inc.
> _Potential Litigation_

Dear Mr. Williams:

In response to your letter of November 7, 1990, I have requested a copy of the resolutions creating the "Special Committee" to determine the extent to which the Committee is purporting to deal with my letter addressed to the Board of Directors on September 18, 1990. To date, I am not satisfied that the Board has acted responsibly. Without the resolutions in hand, it is impossible to determine what, if anything, the "Special Committee" will be doing in response to my letter of September 18, 1990.

I need to know, as well, what timetable has been set for the "Special Committee" "for the purpose of investigating the allegations set forth in" my letter of September 18, 1990. I also need to know whether your firm will merely be advising the

7

GREENFIELD & CHIMICLES

Gregory P. Williams, Esquire
November 14, 1990
Page -2-


Committee as to legal matters or whether it will be conducting the
investigation that you referred to in your letter of November 7.

Additionally, I understand that the Company has been
named as a defendant in a number of class actions arising out of
its dissemination of false and misleading information to the
investing public. Accordingly, I trust that you will transmit to
the Board of Directors an additional demand that the Company
commence legal proceedings against each of the officers and
directors of the Company who have been responsible for those acts
which have caused the Company to be named a defendant in
shareholder class actions.

Lastly, you request in your letter that I forward to you
any information we, or our client, wish the "Special Committee" to
consider. You should understand that the "Special Committee" is
acting as you and its members see fit. We do not acknowledge or
recognize its legitimacy. Nevertheless, as I am sure you and each
of the members of the Board must be aware, there is a substantial
record that has been developed in numerous legal and investigatory
proceedings throughout the country. Presumably, this record
together with all internal documents of the Company and its
subsidiaries, will be made available to the "Special Committee"
and you. I am sure you must be aware that Mrs. Yeager does not
have any personal information that is not otherwise available to
the "Special Committee" or you from internal and other sources.
Nevertheless, at an appropriate time after you and the "Special
Committee" have fully familiarized yourselves with the factual
circumstances surrounding and leading up to my letter of September
18, 1990, we will be pleased to meet with you and the "Special
Committee" in the hope that we may share our respective views with
one another. Further, to the extent that you and the "Special
Committee" develop any reasons why litigation should not go forward
against the officers and directors of the Company, we would be more
than pleased to address any reasons that you proffer in support of
such a position. In any event, "an interview" of Mrs. Yeager
standing alone will be totally unproductive as I am sure you must
be aware.

I shall look forward to hearing from you shortly and will
expect your full cooperation.

Sincerely yours,

Mark C. Rifkin

MCR/wjp

6

M0218805

Exhibit F

5

M0218806

Recycled paper ♺



## BROWNING-FERRIS INDUSTRIES
P.O. BOX 3151 • HOUSTON, TEXAS 77253 • 713/870-8100

Gerald K. Burger
Vice President and Secretary

**VIA FEDERAL EXPRESS**

December 5, 1990

Mark C. Rifkin, Esq.
Greenfield & Chimicles
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041-0100

Dear Mr. Rifkin:

This is to inform you that a copy of your letter of November 13, 1990 to Mr. Gregory P. Williams of Richards, Layton & Finger was delivered to me so that it could be forwarded to the Board of Directors of Browning-Ferris Industries, Inc. ("BFI").

At its regular quarterly meeting held on December 4, 1990, the Board of Directors of BFI determined that your letter should be referred to the Special Committee previously created by the Board of Directors for such action as the Special Committee determines appropriate.

Very truly yours,

*Gerald K. Burger*

GKB/lh/rif

cc:  Gregory P. Williams, Esq.

M0218807

4

Exhibit G

M0218808

3

Recycled paper



## BROWNING-FERRIS INDUSTRIES
P.O. BOX 3151 • HOUSTON, TEXAS 77253 • 713/870-8100

John M. Potwin
Associate General Counsel

September 26, 1991

Mark C. Rifkin, Esq.
Greenfield & Chimicles
One Haverford Centre
361 West Lancaster Avenue
P.O. Box 100
Haverford, PA  19041-0100

Dear Mr. Rifkin:

By this letter, I am responding to your letters written on behalf of shareholder Sally Yeager dated September 18, 1990 (the "September Letter") and November 12, 1990 (the "November Letter") to the Board of Directors of Browning-Ferris Industries, Inc.

Based upon the investigation, findings and recommendations of a Special Committee of the board and upon the deliberations of the Board on the matters contained in the September Letter, the November Letter and the Report of the Special Committee, the Board has decided (i) to decline to take the action requested by you in the September Letter and (ii) to take no action at this time regarding the action requested in the November Letter.

As you know, the September Letter (i) charges that the directors and senior officers of BFI have "engaged in various unlawful activities, including violations of the federal antitrust laws" and (ii) requests that the Board "immediately take all steps necessary, including commencement of legal proceedings, to obtain compensation for the harm suffered by BFI . . . [and] take all steps necessary, including commencement of legal proceedings, against those responsible for the running of any statutes of limitation (to the extent such statutes apply and have expired) in connection with the unlawful conduct" referred to in the September Letter.

The November Letter demands that BFI "commence legal proceedings against each of the officers and directors [of BFI] who have been responsible for those acts which have caused the Company to be named as a defendant" in certain shareholder class actions captioned Leonard Eisner Profit Sharing Plan v. Browning-Ferris Industries, Inc., No. H-90-3447 (S.D. Tex.), which involve alleged violations of the securities laws.

M0218809

2

After receipt of your September Letter, the Board created a Special Committee of the Board to investigate the facts relating to the September Letter and to make recommendations as to what steps, if any, should be taken by the Board and/or the Company in response to the September Letter. The Committee was comprised of three disinterested members of the Board who are not members of BFI's management. The Board granted the Committee the authority to exercise all of the powers of the Board during the period between meetings of the Board with respect to (i) retaining independent counsel, (ii) communicating with Mrs. Sally Yeager and (iii) investigating and reporting back to the full Board with recommendations with respect to the matters raised by the September Letter. Upon receipt of the November Letter, the Board determined that the November Letter should also be referred to the Committee for such action as the Committee determined to be appropriate.

The Committee selected and retained legal counsel. It held 13 meetings lasting in the aggregate in excess of 34 hours. The Committee and/or its counsel conducted numerous interviews of individuals believed knowledgeable as to matters raised in the September Letter and requested, received and reviewed a substantial number of documents from the Company and counsel to the Company in various litigations relating to the matters raised in the September Letter.

With regard to the September Letter, the Committee recommended that the demands in the September Letter be rejected as not being in the best interest of the Company and its shareholders. With regard to the November Letter, the Committee recommended that no action be taken at this time since any investigation into the matter would be premature because the actions alluded to in that Letter were still in the early stages of pretrial proceedings and there was no way to ascertain at this time whether the Company would be materially injured as a result of being a defendant therein.

The Report of the Special Committee containing the Committee's findings and recommendations was delivered to the members of the Board on August 13, 1991. At a meeting of the Board held on September 4, 1991, the Board, after a discussion of the Committee's Report, unanimously adopted the following resolutions (Messrs. Myers, Phillips and Ranck not voting, having excused themselves from the meeting):

> **RESOLVED**, that the Board of Directors hereby rejects the action demanded in the September 18, 1990 Letter, and further determines that at this time no action should be taken regarding the November 13, 1990 Letter; and

> **FURTHER RESOLVED**, that the Company's General Counsel is hereby authorized and directed to deliver, on behalf of this Board of Directors, a letter to Mr. Mark C. Rifkin, counsel to Sally Yeager, notifying said counsel of the Board's determination relating to the September 18, 1990 Letter and the November 13, 1990 Letter.

Very truly yours,

John M. Potwin
JMP/es

16900                                   - 2 -                    1

M0218810