IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : |
| Plaintiff, | : Civil Action No. 2:02-CV-04373-RLB |
| v. | : |
| MACK TRUCKS, INC., | : |
| Defendant. | : |

| | |
|---|---|
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : |
| TOLEDO MACK SALES & SERVICE, INC. and | : |
| Counterclaim Defendant. | : |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff Toledo Mack Sales and Service, Inc.'s Motion *in Limine* to Preclude Mack Trucks, Inc. from Introducing Testimony at Trial by Surprise Witnesses, the accompanying memorandum of law and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. Mack Trucks, Inc. shall be precluded from introducing at trial any testimony from the following witnesses: Robert Nuss, C. Deforrest Trexler, Paul Ritter, Don Parrish, and Stephen C. Ginter.

_____
Buckwalter, J.

DM1\676536.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 2:02-CV-04373-RLB |
| : | |
| v. : | |
| : | |
| MACK TRUCKS, INC., : | |
| : | |
| Defendant. : | |
| | |
| MACK TRUCKS, INC., : | |
| : | |
| Counterclaim Plaintiff, : | |
| : | |
| v. : | |
| : | |
| TOLEDO MACK SALES & SERVICE, INC. and : | |
| : | |
| Counterclaim Defendant. : | |

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE MACK TRUCKS, INC. FROM INTRODUCING TESTIMONY AT TRIAL BY SURPRISE WITNESSES**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff, Toledo Mack Sales & Service, Inc., hereby moves to preclude Mack Trusts, Inc. ("MTI" or "Defendant") from introducing testimony at trial from the following witnesses: Robert Nuss, C. Deforrest Trexler, Paul Ritter, Don Parrish, and Stephen C. Ginter (the "Surprise Witnesses"). MTI failed to identify these Surprise Witnesses as required by Federal Rule of Civil Procedure 26(a)(1). Moreover, none of the Surprise Witnesses were identified in MTI's responses to Plaintiff's interrogatories and Plaintiff's counsel has not had an opportunity to depose any of these previously unidentified witnesses.

DM1\676536.1

For the reasons expressed in the accompanying Memorandum of Law, which is incorporated by reference as if fully set forth herein, Plaintiff respectfully requests that the Court preclude MTI from introducing testimony at trial from Messrs. Nuss, Trexler, Ritter, Parrish and Ginter. In the alternative, Plaintiff respectfully requests that Plaintiff be permitted to depose these Surprise Witnesses in Philadelphia before trial at the expense of MTI.

Respectfully Submitted,

DUANE MORRIS LLP

Date: August 11, 2006

By: _____
Wayne A. Mack
J. Manly Parks
James H. Steigerwald
David A. Degnan
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
215.979.1000

Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : |
| Plaintiff, | : Civil Action No. 2:02-CV-04373-RLB |
| v. | : |
| MACK TRUCKS, INC., | : |
| Defendant. | : |

| | |
|---|---|
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : |
| TOLEDO MACK SALES & SERVICE, INC. and | : |
| Counterclaim Defendant. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE MACK TRUCKS, INC. FROM
INTRODUCING TESTIMONY AT TRIAL BY SURPRISE WITNESSES**

Plaintiff, Toledo Mack Sales & Service ("Toledo Mack" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion *in Limine* to Preclude Mack Trucks, Inc. ("MTI" or "Defendant") from Introducing Testimony at Trial by Surprise Witnesses.

I. **INTRODUCTION**

On the preliminary witness list it provided to Toledo Mack this past Friday, August 4, MTI identified *for the first time* five individuals (the "Surprise Witnesses") that it had not even

DM1\676536.1

identified in its initial disclosures or at any point during discovery. Because MTI had not previously given any indication that it intended to present or rely on testimony from any of the Surprise Witnesses, Toledo Mack had no reason to explore the role of these witnesses during discovery. Accordingly, Toledo Mack did not depose any of these Surprise Witnesses during the discovery period in the case, which ended 2-1/2 years ago. As such, Defendant's failure to disclose the identity of these witnesses during discovery has greatly prejudiced Toledo Mack. This is a classic case of trial by ambush which is prohibited by Rules 26(a)(1)(a) and 37(c)(1) of the Federal Rules of Civil Procedure. Accordingly, the Court should preclude these Surprise Witnesses from testifying at trial.

## II.   BACKGROUND

Toledo Mack initiated this action by filing a Complaint on July 1, 2002. On October 8, 2002, MTI served its Initial Disclosures. In those disclosures, MTI identified fifteen (15) witnesses but failed to identify any of the Surprise Witnesses. After significant discovery, MTI served Supplemental Initial Disclosures on April 11, 2003. In those Supplemental Initial Disclosures, MTI identified thirty-five (35) witnesses. Yet again, however, MTI did not identify any of the Surprise Witnesses in its disclosures.

Fact discovery in this matter closed on November 21, 2003. Over two and one half years later, MTI identified the Surprise Witnesses *for the first time* on its August 4, 2006 witness list. These witnesses were not deposed in connection with this case or in Toledo Mack's termination hearing proceedings in Ohio. Because MTI had given no indication it would present testimony from the Surprise Witnesses before last Friday, Toledo Mack had absolutely no reason to depose them or to pursue discovery about their potential testimony. Having been denied the opportunity

to obtain discovery regarding any of the Surprise Witnesses, Toledo Mack will be severely prejudiced if MTI is permitted to call them at trial.

## III.   ARGUMENT

### A.   The Court Should Preclude MTI From Introducing the Testimony of the Surprise Witnesses

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires that parties identify witnesses they may call to testify at trial during the very initial stages of litigation. Specifically, Rule 26(a)(1)(A) provides:

> [A] party must, without awaiting a discovery request, provide to other parties:
>
> (A) the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Pursuant to Rule 26(e), a party has an obligation to supplement these initial disclosures if the party learns they are incomplete.

The Federal Rules of Civil Procedure make it clear that the initial disclosure obligations are to be strictly enforced. Rule 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

Thus, unless there is "substantial justification" for a party's failure to identify a witness in its self-executing disclosures, or unless the failure to identify a witness was "harmless," the Court should preclude a party from introducing the testimony of a witness not identified in a

party's self-executing disclosures or during discovery. See Fed. R. Civ. P. 37(c)(1); Mucci v. Moonachie Bd. Of Educ., 1985 U.S. Dist. LEXIS 23831 (D.N.J. June 5, 1985) ("If the court were to permit the addition of witnesses not specifically identified during the normal discovery process, it would potentially cause prejudice to the defendants in the presentation of their case and would definitely interfere with the orderly and efficient trial of this case and of other cases before the court."); Coles v. Perry, 217 F.R.D. 1 (D.D.C. 2003).[1]

There is no "substantial justification" excusing MTI's failure to identify the Surprise Witnesses in its initial disclosures or during discovery. The five Surprise Witnesses include: one of MTI's current employees, two of MTI's former employees, one of MTI's dealers, and one of MTI's longtime customers. These are not individuals over whom Defendant had no control and about whom the Defendant had no knowledge.

There also can be no credible argument that Toledo Mack has not been prejudiced by MTI's failure to identify the Surprise Witnesses. Fact discovery ended over two and one half years ago. The parties have taken numerous depositions in several related cases and none of the Surprise Witnesses was deposed or targeted as a trial witness during discovery. Now, after more

---

[1] Some courts have referred to the four prong test for the exclusion of testimony where the party proffering such testimony violated a discovery order to determine whether a party failing to make a mandatory disclosure should be precluded from introducing related testimony. See Konstantopoulos v. Westvaco Corp., 112 F.3d 710 (3d Cir. 1997) (affirming the preclusion of expert testimony where applicable disclosures were not timely made and reviewing (1) the prejudice to the party against whom the witness would have testified; (2) the ability to cure the prejudice; (3) the disruption to the orderly and efficient trial of the case or other cases in court; and (4) the bad faith or wilfulness in failing to comply with the order). Other courts have simply examined whether substantial justification existed for the failure to make a mandatory disclosure and whether the failure was harmless. See Newman v. GHS Osteopathic, Inc., 60 F.3d 153 (3d Cir. 1995). MTI should be precluded from introducing testimony by the Surprise Witnesses under either test because this failure has caused significant prejudice to Toledo Mack and because there is no excuse for MTI's failure to disclose the identify of these witnesses.

than four years of litigation, these Surprise Witnesses have only now been identified on the eve of trial. This failure to disclose was clearly not harmless and Toledo Mack should not be forced to blindly cross-examine these witnesses simply because MTI ignored or refused to honor the mandatory disclosure obligations set forth in the Federal Rules of Civil Procedure.

### B. In the Alternative, Toledo Mack's Counsel Should Have the Opportunity to Depose the Surprise Witnesses in Philadelphia and at MTI's Expense

In the alternative, to preclude MTI from offering testimony from the Surprise Witnesses at trial, Toledo Mack should be permitted to depose the Surprise Witnesses to mitigate the serious prejudice suffered by MTI's late identification of the Surprise Witnesses. However, it is now the eve of trial, the parties have identified over 2,000 exhibits, and counsel is in the midst of preparation for a trial scheduled to last a month. Time is at an absolute premium. Accordingly, MTI should be required to produce these Surprise Witnesses in Philadelphia at least five days before trial for deposition, at a time convenient for counsel for Toledo Mack. Further, MTI should be required to pay Toledo Mack's costs (including an expedited transcript) and attorney's fees in connection with such depositions. Absent such sanctions, the mandatory disclosure obligations plainly set forth in Rules 26 and 37 of the Federal Rules of Civil Procedure would be left toothless. Not only will Toledo Mack have suffered severe prejudice by MTI's decision to "hide the ball," but litigants might be emboldened to disregard their disclosure obligations, to the significant detriment of their opponents and the fairness of the trial process, knowing they will face no meaningful punishment for their behavior.

## IV. CONCLUSION

For all of the foregoing reasons, Toledo Mack respectfully requests that the Court preclude the introduction of testimony at trial by Messrs. Nuss, Trexler, Ritter, Parrish and Ginter. In the alternative, Toledo Mack respectfully requests that the Court order MTI to

produce the Surprise Witnesses for deposition in Philadelphia at least five days before trial with all costs and attorney's fees in connection with the depositions to be paid by MTI.

                Respectfully Submitted,

                DUANE MORRIS LLP

Date: August 11, 2006              By: _____
                Wayne A. Mack
                J. Manly Parks
                James H. Steigerwald
                David A. Degnan
                DUANE MORRIS LLP
                30 South 17th Street
                Philadelphia, PA 19103-4196
                215.979.1000

                Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion *in Limine* to Preclude Mack Trucks, Inc. from Introducing Testimony at Trial by Surprise Witnesses and accompanying Memorandum of Law was served on this 11th day of August 2006 via hand delivery on the following counsel:

> Jeremy Heep, Esquire
> Pepper Hamilton LLP
> 3000 Two Logan Square
> Eighteenth and Arch Streets
> Philadelphia, PA 19103-2799

_____
James H. Steigerwald