IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : | |
| | : | |
| Counterclaim Defendant. | : | |

## ORDER

And now this _____ day of _____, 2006, upon consideration of the Motion *in Limine* to Exclude From Trial Rulings by the Tenth Appellate District Court of Appeals of Ohio, and any response thereto, it is hereby ORDERED that the Motion is GRANTED. The June 1, 2006 and August 3, 2006 rulings by the Tenth Appellate District Court of Appeals of Ohio in the distributorship termination litigation pending in Ohio between Toledo Mack and MTI, as well as any mention of those rulings or the contents or results of those rulings, shall be excluded from trial.

So ordered,

_____

Buckwalter, S.J.

DM1\676872.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : | |
| MACK TRUCKS, INC., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : | |
| Counterclaim Plaintiff, | : : : | |
| v. | : : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : : : | |
| Counterclaim Defendant. | : : | |

## MOTION *IN LIMINE* OF PLAINTIFF TOLEDO MACK SALES & SERVICE, INC. TO EXCLUDE RULINGS BY THE COURT OF APPEALS OF OHIO FROM TRIAL

Plaintiff, Toledo Mack Sales & Service, Inc. ("Toledo Mack"), for all of the reasons set forth in the accompanying Memorandum of Law, hereby moves *in limine*, pursuant to Federal Rules of Evidence 402, 403, and 802, to exclude from trial the rulings by the Tenth Appellate District Court of Appeals of Ohio in the distributorship termination litigation pending in Ohio between Toledo Mack and Mack Trucks, Inc. ("MTI"), as well as any mention of those rulings or the results of those rulings.

Respectfully Submitted,

DUANE MORRIS LLP

Date: August 11, 2006                    By: _____
Wayne A. Mack
J. Manly Parks
James H. Steigerwald
David A. Degnan
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
215.979.1000

Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : | |
| | : | |
| Counterclaim Defendant. | : | |

### MEMORANDUM OF LAW OF PLAINTIFF TOLEDO MACK SALES & SERVICE, INC. IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE RULINGS BY THE COURT OF APPEALS OF OHIO FROM TRIAL

Toledo Mack Sales & Service, Inc. ("Toledo Mack" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion *in Limine* to Exclude From Trial Rulings by the Tenth Appellate District Court of Appeals of Ohio in connection with the distributorship termination proceedings between Toledo Mack and defendant Mack Trucks, Inc. ("MTI"), as well as any mention of those rulings or the contents or results of those rulings.

DM1\676870.1

I.  **INTRODUCTION**

By this Motion, Toledo Mack seeks to exclude two rulings by the Tenth District Court of Appeals of Ohio (the "Tenth District Rulings") in the distributorship termination proceeding between Toledo Mack and MTI. Those rulings are entirely irrelevant to the current action and must be precluded pursuant to Fed. R. Evid. 402 on that basis. Furthermore, the Tenth District Rulings constitute inadmissible hearsay and thus are inadmissible under Fed. R. Evid. 802. Moreover, introduction of the Tenth District Rulings, or any testimony or reference to those rulings or their contents or results, would unduly prejudice Toledo Mack while at the same time be lacking any probative value. As such, that information must be excluded from trial pursuant to Fed. R. Evid. 403.

II.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

A few months after Toledo Mack filed this action against MTI, MTI notified Toledo Mack that its Distributor Agreement with MTI was being terminated, offering a laundry list of justifications (most of which MTI has since abandoned). Toledo Mack filed a formal protest of the termination, thus giving rise to an administrative proceeding before the Ohio Motor Vehicle Board (the "Board") regarding whether the termination was justified (the "Termination Action").

Following extensive discovery, a lengthy hearing before a Hearing Examiner appointed by the Board, and extensive post-hearing briefing by the parties, the Hearing Examiner issued a detailed and carefully reasoned decision in which she determined that MTI's termination of Toledo Mack's distributor agreement was without good cause under Ohio law. The Board subsequently adopted the Hearing Examiner's ruling. MTI then filed an appeal of the Board's ruling to the Franklin County (Ohio) Court of Common Pleas.

After the parties fully briefed the issues and presented oral argument before the court, the Franklin County Court of Common Pleas issued an opinion affirming the Board's ruling in favor of Toledo Mack. MTI again appealed, this time to the Tenth Appellate District Court of Appeals of Ohio (the "Tenth District").

In an Opinion dated June 1, 2006, attached hereto as Exhibit "A," the Tenth District sustained MTI's first assignment of error and reversed the judgment of the Franklin County Court of Common Pleas with instructions to that court to reverse the Order of the Board. See Ex. A at 20.

Toledo Mack filed an Application for Reconsideration with the Tenth District, pointing our several material errors of fact and law in the Tenth District's June 1 Opinion. Toledo Mack also filed a Motion for Special Mandate, asking the Tenth District to permit Toledo Mack to supplement the record with newly discovered evidence that MTI wrongly withheld during the Termination Action, including extensive internal documentation regarding several dealer consolidation programs within MTI as well as evidence establishing that MTI had purchased hundreds of thousands of dollars worth of parts from PAI Industries, Inc. (even as MTI was contending that PAI was simply its arch-competitor). By Memorandum Decision dated August 3, 2006, attached hereto as Exhibit "B," the Tenth District denied Toledo Mack's motions and reaffirmed it ruling in favor of MTI.[1] See Ex. B at 5.

---

[1] Notably, in the process of denying Toledo Mack's Application for Reconsideration, the Tenth District improperly rejected the Board's explicit factual finding that Toledo Mack's dealer principals had no personal knowledge of the alleged wrongdoing by a Toledo Mack employee that the court had determined justified the termination of Toledo Mack's franchise. See Ex. B at 3-4. Moreover, the basis for the Tenth District's denial of Toledo Mack's Motion for Special Mandate was not substantive, but rather procedural. The Tenth District simply stated that "[t]here is simply no procedure in the Ohio Rules of Appellate Procedure for doing what Toledo Mack requests in its motion." Ex. B at 5.

Toledo Mack has timely filed a petition for appeal from the Tenth District's June 1 Opinion with the Ohio Supreme Court. Toledo Mack's petition has been joined by the Ohio state Attorney General. The Ohio Auto Dealers Association, together with other interested parties, has filed an amicus brief in support of Toledo Mack's petition for appeal.

Among the issues involved in the Termination Action was the question of whether MTI had good cause to terminate Toledo Mack's distributor agreement based on the fact that an employee of Toledo Mack provided a copy of a computer database called MACSPEC 2001 to two customers of Toledo Mack at cost subsequent to receiving a letter from MTI advising that MACSPEC 2001 was available to customers of Mack Truck distributors. In the current action, MTI has asserted a counterclaim against Toledo Mack for misappropriation of trade secrets based on the same underlying facts. Following the Tenth District's June 1 Opinion, MTI filed a Motion for Summary Judgment in its favor on its misappropriation of trade secrets claim, contending the June 1 Opinion had collateral estoppel effect in this action. This Court, by Order dated August 9, 2006 (Docket No. 85), rejected MTI's motion for summary judgment.

### III.   THE TENTH CIRCUIT RULINGS MUST BE EXCLUDED FROM TRIAL

#### A.   The Tenth Circuit Rulings Are Not Relevant Evidence

Federal Rule of Evidence 402 expressly states that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. According to Fed. R. Evid. 401, evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here the Tenth District Rulings have no relevance to any fact of consequence to the determination of this action. Those decisions merely demonstrate the results of another court's

- 4 -

consideration of a legal question – whether termination was appropriate or not – that is not at issue in this action. As such, they are inadmissible because they are not relevant.

The fact that the Tenth District Rulings contain factual determinations does not render them relevant or admissible.[2] This court has already considered and rejected the argument that the Tenth Circuit's June 1 Opinion has collateral estoppel effect on MTI's misappropriation of trade secrets counterclaim. More to the point, however, the question of whether there is any preclusive effect from the Tenth District Rulings is one of law and thus one for the Court, not the jury. Aside from the legal question of estoppel, the Tenth District Rulings have no bearing on or relevance to any disputed material fact in this action.

### B. The Tenth District Rulings Are Inadmissible Hearsay

According to Fed. R. Evid. 801, "hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rule of Evidence 802 states that hearsay is generally not admissible unless it falls within one of the various exceptions or provisions set forth in the Federal Rules of Evidence. See Fed. R. Evid. 802.

Here, the Tenth District Rulings plainly fall within the Rule 801 definition of hearsay, as they are statements of the Tenth District regarding the court's impressions and opinions about the facts at issue in the Termination Action, offered in evidence for their truth. Thus, the Tenth District Rulings must be excluded unless they fall within one of the exceptions to the hearsay rule.

---

[2] Indeed, by re-weighing the evidence and substituting its own factual determinations in place of those of the Board, the Tenth District has blatantly exceeded the applicable standard of review. This error has been raised in Toledo Mack's petition to the Ohio Supreme Court and is the focus of the petition to the Ohio Supreme Court filed by the Ohio state Attorney General.

Rule 803 enumerates certain specific exceptions to the hearsay rule, but none of the exceptions set forth in Rule 803 are applicable to the Tenth District Rulings.[3] Although it might be argued that the exception set forth in Rule 803(8)(C), pertaining to public records and reports, applies to court rulings, that view has been soundly rejected by the courts. See, e.g., Nipper v. Snipes, 7 F.3d 415 (4th Cir. 1993) (holding that judicial findings of fact are not admissible under Rule 803(8)(C)); see generally 3 Stephen A. Saltzburg et al., Federal Rules of Evidence Manual p. 1691 (7th ed. 1998) ("[r]ule 803(8)(C) does not appear to admit Judge or jury findings . . ..").

C.   **The Tenth District Rulings Are Inadmissible Under Rule 403**

In addition to being irrelevant and constituting inadmissible hearsay, the Tenth District Rulings, as well as any mention of those Rulings or their contents or results, should be excluded under Fed. R. Evid. 403 because such evidence would be unfairly prejudicial to Toledo Mack.

Rule 403 requires exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues, among other things. See Fed. R. Evid. 403. Here, the admission of any evidence regarding the Tenth District Rulings is highly likely to result in unfair prejudice to Toledo Mack, because the jury may be misled or unduly influenced by those Rulings into believing that disputed material facts properly for the jury in this case should be, or have already been, determined in favor of MTI.

While the danger of jury confusion or misunderstanding regarding the Tenth Circuit Rulings is high, those Rulings have absolutely no probative value in the current case to any material fact in dispute. Under these circumstances, the Rulings themselves, as well as any

---

[3]   Similarly, none of the Rule 801(d) "definitional exceptions" to hearsay are applicable to the Tenth District Rulings, nor are any of the Rule 804 "declarant unavailable" exceptions applicable.

mention of the rulings or their contents or results, should be excluded to prevent unfair prejudice to Toledo Mack.

IV. **CONCLUSION**

For all the foregoing reasons, Toledo Mack respectfully requests this Court exclude from trial the rulings by the Tenth Appellate District Court of Appeals of Ohio in the distributorship termination litigation pending in Ohio between Toledo Mack and MTI, as well as any mention of those rulings or the contents or results of those rulings.

Respectfully Submitted,

DUANE MORRIS LLP

Date: August 11, 2006

By: _____
Wayne A. Mack
J. Manly Parks
James H. Steigerwald
David A. Degnan
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
215.979.1000

Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion *in Limine* to Exclude From Trial Rulings by the Tenth Appellate District Court of Appeals of Ohio and accompanying Memorandum of Law was served on this 11th day of August 2006 via hand delivery on the following counsel:

>Jeremy Heep, Esquire
>Pepper Hamilton LLP
>3000 Two Logan Square
>Eighteenth and Arch Streets
>Philadelphia, PA 19103-2799

_____
J. Manly Parks