IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mack Trucks, Inc., | : | |
|     Appellant-Appellant, | : | |
| v. | : | No. 05AP-768 |
| Motor Vehicle Dealers Board, | : | (C.P.C. No. 04 CVF09-9192) |
|     Appellee-Appellee, | : | (REGULAR CALENDAR) |
| Toledo Mack Sales & Service, Inc., | : | |
|     Intervening Appellee-Appellee. | : | |

M E M O R A N D U M   D E C I S I O N

Rendered on August 3, 2006

*Vorys, Sater, Seymour and Pease LLP*, and *Terry M. Miller*, *Pepper Hamilton LLP, Jon A. Baughman, Jeremy Heep*, and *Barak A. Bassman*, for appellant.

*Cooper & Elliott, LLC, Charles H. Cooper, Jr.*, and *Rex H. Elliott*, for appellee, Toledo Mack Sales & Service, Inc.

ON MOTIONS

BROWN, J.

{¶1} On June 16, 2006, Toledo Mack Sales & Service, Inc. ("Toledo Mack"), appellee, filed an application for reconsideration of our judgment in *Mack Trucks, Inc. v. Motor Vehicle Dealers Bd.*, Franklin App. No. 05AP-768, 2006-Ohio-2748. Toledo Mack also filed a "motion for special mandate" on June 27, 2006. In *Mack Trucks*, we reversed

No. 05AP-768                                                                                                                  2

the judgment of the Franklin County Court of Common Pleas, in which the trial court affirmed an order of the Ohio Motor Vehicle Dealers Board ("board"), appellee, that upheld Toledo Mack's protest to the termination of its dealership by Mack Trucks, Inc. ("Mack").

{¶2} We first address Toledo Mack's application for reconsideration. The test to be applied in ruling on an App.R. 26(A) application for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *State v. Rowe* (1993), 92 Ohio App.3d 652, 677.

{¶3} Toledo Mack presents three arguments to support its application for reconsideration: (1) termination of a dealership is only warranted in cases where the dealership owner personally participated in or had actual knowledge of the circumstances underlying the termination, and, here, it is undisputed that the Toledo Mack owners had no knowledge of the circumstances upon which this court's termination decision is based; (2) evidence discovered after the record was closed and after briefs were filed with this case demonstrates that Mack misled the court because it represented that PAI Industries ("PAI") was a competitor of Mack, when Mack actually had a business relationship with PAI; (3) this court's decision that MACSPEC 2001 was a trade secret was extraordinary and unjust. However, we find all three arguments insufficient to support reconsideration of our prior decision.

{¶4} Toledo Mack's first argument is that its franchise should not be terminated because Toledo Mack's owner had no actual knowledge of the circumstances underlying

No. 05AP-768                                                                                              3

the termination. Toledo Mack points to R.C. 4517.55(A)(8), which provides that, in determining whether good cause has been established by the franchisor for terminating or failing to continue or renew a franchise, the board should consider whether the owners of the dealership had actual knowledge of the facts and circumstances upon which termination is based. We first note that actual ownership knowledge is to be included in the consideration of existing circumstances, and, as this court has stated before, the presence or absence of one factor is not determinative. *Bob Krihwan Pontiac-GMC Truck, Inc. v. Gen. Motors Corp.* (2001), 145 Ohio App.3d 671, 680, citing *Gen. Motors Corp. v. Monte Zinn Chevrolet Co.* (2000), 136 Ohio App.3d 157. We further note that this court did consider R.C. 4517.55(A)(8) in reaching our decision in the present case. Although we did not expressly mention R.C. 4517.55(A)(8) in our opinion, R.C. 4517.55 does not require express consideration of each of the enumerated circumstances. See *Monte Zinn*, at 165.

{¶5} Nevertheless, although the record contained no evidence that the owners of Toledo Mack had actual knowledge of the sale of MACSPEC 2001 to PAI, such was not conclusive of the issue of good cause. Other "existing circumstances," see R.C. 4517.55(A), relevant to the issue of the owners' knowledge, some of which were cited by the trial court, included that the business was a relatively small business with owners who were active in its daily management; the sale of MACSPEC 2001 to PAI was initiated by a long-term, managerial-level employee; and the owners did not terminate the manager or discipline him for his actions. In our view, these additional "existing circumstances" severely diminished the relevance of the owners' apparent lack of knowledge, rendering

No. 05AP-768 4

the factor unpersuasive when viewed in light of the clear evidence of Toledo Mack's misappropriation of Mack's trade secret.

{¶6} Further, although Toledo Mack maintains our decision is an "extreme" departure from our previous decisions, it is noteworthy that this court has addressed only a small number of cases regarding the factors in R.C. 4517.55, and an even smaller number that related to acts of dishonesty and fraud. Additionally, none of the cases involved factual circumstances sufficiently similar to those in the present case so as to render our conclusions herein in conflict. Therefore, we find this argument unconvincing.

{¶7} In Toledo Mack's second argument, Toledo Mack contends Mack misled this court that PAI was a competitor of Mack, relying upon pleadings filed with the board subsequent to the proceedings in this case, which Toledo Mack has attached to its application for reconsideration herein. The pleadings contain allegations by Toledo Mack that Mack itself does business with PAI. However, it is well-established that the court of appeals is bound by the record before it and may not consider facts extraneous to the record. *Paulin v. Midland Mutl. Life Ins. Co.* (1974), 37 Ohio St.2d 109, 112. This limitation is equally applicable to new evidence submitted to support an application for reconsideration. See *Ahmed v. McCort*, Belmont App. No. 02 BA 8, 2004-Ohio-559, at ¶3 (denying request to submit new evidence in support of motion for reconsideration). Therefore, we cannot consider this new evidence, and Toledo Mack's argument, in this regard, is without merit.

{¶8} Toledo Mack asserts in its third argument that this court erred in finding MACSPEC 2001 was a trade secret. However, Toledo Mack's argument is based upon the same evidence already considered and addressed by this court in our original

decision. An application for reconsideration is not designed for use in instances where a party merely disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens* (1996), 112 Ohio App.3d 334, 336. Toledo Mack's argument, in this regard, raises no new issue that was not considered or fully considered by this court in our original decision. Therefore, Toledo Mack's argument is without merit. For these reasons, we deny Toledo Mack's application for reconsideration.

{¶9} As for Toledo Mack's "motion for special mandate," Toledo Mack requests that this court issue a special mandate to the trial court instructing it to: (1) order the board to address its motion for sanctions and request for investigation of Toledo Mack's "secret" relationship with PAI that is currently pending before the board; and (2) supplement the record with additional evidence regarding the relationship between Mack and PAI and submit the supplemented record to this court for further review. We are unable to do so. There is simply no procedure in the Ohio Rules of Appellate Procedure for doing what Toledo Mack requests in its motion. Toledo Mack's ultimate goal is for this court to consider evidence outside the record and not before us in reviewing its original appeal. As indicated above, it is axiomatic that this court is without authority to consider evidence outside the record. For these reasons, Toledo Mack's motion for special mandate is denied.

{¶10} Accordingly, Toledo Mack's application for reconsideration and its motion for special mandate are denied.

*Motions denied.*

PETREE and McGRATH, JJ., concur.

———