IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : | |
| MACK TRUCKS, INC., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : | |
| Counterclaim Plaintiff, | : : : | |
| v. | : : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : : : | |
| Counterclaim Defendant. | : : | |

**PRETRIAL MEMORANDUM OF TOLEDO MACK SALES & SERVICE, INC.**

Toledo Mack Sales & Service, Inc. ("Toledo Mack"), by and through its undersigned counsel, hereby submits this Pretrial Memorandum pursuant to this Court's standing order, "Pretrial and Trial Procedures Before Judge Ronald L. Buckwalter."

**I.    BRIEF SUMMARY OF THE NATURE OF THE CASE**

Plaintiff Toledo Mack Sales & Service, Inc. (hereafter "Toledo Mack") is bringing claims against Mack Trucks, Inc. (hereafter "MTI" or "Mack Trucks") for agreements in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; violation of the Ohio Motor Vehicle Dealer Law, Ohio Rev. Code Ann. § 4517.59; violation of the Section 445.1574 of the

Michigan Franchise Investment Law; tortious interference with existing and prospective business relations; breach of contract; and breach of the implied covenant of good faith and fair dealing.

Toledo Mack has owned and operated a franchised Mack truck dealership based in Toledo, Ohio for over twenty years. A low price leader within the Mack dealership network, Toledo Mack markets and sells Mack trucks and related products to customers located throughout the United States. Toledo Mack's efforts have in part focused on the market for heavy duty vocational trucks, which includes trucks, such as dump trucks, cement trucks, and waste-hauling trucks, specially designed and equipped for use in the construction and refuse industries – all areas in which Mack products are the undisputed market leader.

Rather than supporting Toledo Mack in its efforts to develop its business, MTI has engaged in an improper course of conduct designed to restrict, destroy and ultimately take over the business of Toledo Mack. MTI has engaged in unfair competition with Toledo Mack by making direct sales of Mack trucks to potential customers and competitors of Toledo Mack at lower prices and on more favorable terms than MTI's sells such products to Toledo Mack. MTI has also entered into agreements that have divided markets and allocated customers in an attempt to eliminate competition from a low price leader such as Toledo Mack, and in order to eliminate competition between authorized Mack distributors including Toledo Mack and certain companies, known as truck "body manufacturers" or truck "body builders," who affix vocational-use truck bodies, such as cement mixer bodies and waste-hauling bodies, to the chassis and sell the trucks to their own distributors and to consumers.

By engaging in such conduct, and by entering into agreements to allocate customers and territories, MTI has violated Section 1 of the Sherman Act. MTI has also violated the Ohio Motor Vehicle Dealer Law which, *inter alia*, prohibits a motor vehicle franchisor such as MTI

from selling or leasing motor vehicles in unfair competition with a franchisee and from engaging in predatory and discriminatory practices.  MTI's conduct also violates the Michigan Franchise Investment Law, which prohibits a motor vehicle manufacturer such as MTI from selling new motor vehicles directly to retail customers other than through its franchised dealers.  In addition, MTI has tortiously interfered with Toledo Mack's business relationships and breached the franchise agreement with Toledo Mack as well as the covenant of good faith implied therein.

MTI has filed counterclaims against Toledo Mack for misappropriation of trade secrets and confidential business information, copyright infringement, breach of contract and civil conspiracy.  MTI alleges that Toledo Mack misappropriated the MACSPEC 2001 parts database and software, certain books containing lists of pricing, and a microfiche-based database by providing copies of those items to a customer of Toledo Mack.  MTI further alleges that by providing a copy of the MACSPEC 2001 system to a customer, Toledo Mack breached a license agreement for MACSPEC II and infringed on the copyright for MACSPEC 2001.  Toledo Mack maintains that the items in question were not trade secrets or confidential, and that MTI did not take appropriate measures to maintain the secrecy of the MACSPEC 2001 system, the price books and the Mack microfiche. Toledo Mack also maintains that the information in the MACSPEC 2001 system, the price books and the Mack microfiche were available to the public and widely known outside of Mack.  Furthermore, Toledo Mack asserts that MTI authorized Toledo Mack to release copies of MACSPEC 2001 and the price books to its customers.  With respect to the breach of contract claim, Toledo Mack asserts that it never entered into a license agreement for MACSPEC 2001.

II.     LIST OF ALL WITNESSES TO BE PRESENTED

| WITNESS | SUBJECTS OF TESTIMONY |
|---|---|
| 1.  David A. Barletta | MTI policies and procedures; MTI sales assistance process; specific transactions. |
| 2.  Timothy Black | MTI policies and procedures; MTI truck pricing; Toledo Mack marketing efforts. |
| 3.  William Black | MTI procedures regarding MACSPEC 2001; interactions between MTI and PAI. |
| 4.  Nancy Bryant | PAI's relationship with Toledo Mack, GGS and other Mack dealers. |
| 5.  David Covey | Mack parts; MTI pricing policies; MACSPEC II and MACSPEC 2001. |
| 6.  Custodian of Records of Mack Trucks, Inc. | Authentication of MTI business records. |
| 7.  Thayer Dolan | MTI policies and procedures; MTI's relationship with Toledo Mack. |
| 8.  Terence Dubowick | Mack Leasing System; National Account leasing companies. |
| 9.  Joseph Favia | MTI truck pricing; MTI National Accounts; body builders; competition between Mack dealers and body builders; Toledo Mack. |
| 10. Kevin Flaherty | MTI truck pricing; Network 2000; MTI market share; body builders; National Accounts; Network 2000, book pricing, MTI policies and procedures; MTI's relationship with Toledo Mack; termination of Jack Lusty; termination of Toledo Mack. |
| 11. William Scott Freeman | MTI National Accounts; MTI policies and procedures. |
| 12. Ronald Gerhard | Network 2000; Mack/Volvo Network consolidation; MTI truck pricing; MTI policies and procedures; gentlemen's agreements among dealers. |
| 13. Hallie Giuliano | Relationships between and among Mack Dealers; gentlemen's agreements; Ron Gerhard. |
| 14. Frank Gollop | Expert testimony regarding market issues, harm to competition, economic motives; other subjects in his expert report and supplement thereto. |
| 15. William Harris | Expert testimony regarding his analysis of data from MTI's QTS database and related conclusions; other subjects in his expert report and supplements thereto. |
| 16. Debbie Harvey | Relationship between Mack Dealers and MTI; MTI policies and procedures. |
| 17. Joseph Herman | Customer relationships with MTI. |

| 18. | Hugh Johnston | Termination of Toledo Mack dealership. |
|---|---|---|
| 19. | Richard Kemner | Customer relationships with MTI. |
| 20. | Eric Kimble | Customer relationships with MTI. |
| 21. | Jack Lusty | Toledo Mack; MTI truck pricing; MTI policies and procedures; specific transactions; MTI witnesses' and employees' responses to, and views of, Toledo Mack claims; termination of his employment at MTI. |
| 22. | Yolanda Jean May | Relationship between PAI and Mack Trucks, GGS; MACSPEC 2001; communications between PAI and GGS. |
| 23. | John McCafferty | Mack truck pricing; MTI policies and procedures; specific transactions. |
| 24. | Dennis McDaniel | MTI truck pricing; MTI policies and procedures; specific transactions. |
| 25. | Rich Miller | Toledo Mack financial matters; Toledo Mack practices and policies. |
| 26. | Donald Nichols | Expert testimony regarding damages; other subjects in his expert report and supplements thereto. |
| 27. | Paul Palmer | PAI practices and procedures; Toledo Mack parts sales; relationship between MTI and PAI. |
| 28. | Hector Ed Pena | After-market parts market; MTI pricing of parts. |
| 29. | Stephen Polzer | MTI truck pricing; MTI policies and procedures; specific transactions; sales assistance process; QTS database. |
| 30. | Jan Ruble | PAI practices and procedures; relationship between MTI and PAI. |
| 31. | William Saranczak | MTI parts pricing; MTI policies and procedures. |
| 32. | Joseph Scarnecchia | MTI parts pricing; MTI policies and procedures. |
| 33. | Bruce Smith | MTI parts pricing; MTI policies and procedures. |
| 34. | James Toth | Toledo Mack parts department; Mack microfiche; Price Books; MACSPEC; relationship between MTI and PAI; relationship between Toledo Mack and PAI. |
| 35. | Charles Vaurina | MTI parts pricing; MTI policies and procedures. |
| 36. | Navid Yavari | PAI policies and procedures; relationship between MTI and PAI; relationship between Toledo Mack and PAI; Mack Microfiche; Price Books; MACSPEC 2001. |
| 37. | David Yeager | Toledo Mack; MTI policies and procedures; Toledo Mack's relationships with other Mack dealers; |

|     |               |                                                                                                                                                                                                                                                                  |
|-----|---------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|     |               | interactions with MTI employees and executives; PAI; MACSPEC; Mack microfiche; Price Books.                                                                                                                                                                       |
| 38. | Mark Yeager   | Toledo Mack; MTI policies and procedures; Toledo Mack's relationships with other Mack dealers; interactions with MTI employees and executives.                                                                                                                    |
| 39. | Sally Yeager  | Toledo Mack; MTI policies and procedures; Toledo Mack's relationships with other Mack dealers; interactions with MTI employees and executives; PAI.                                                                                                               |
| 40. | Jeffery Yelles | MTI truck pricing; termination of Jack Lusty; termination of Toledo Mack; Network 2000; MTI policies and procedures; MTI's relationship with Toledo Mack; sales assistance process; specific transactions; Toledo Mack and other Mack dealers; competition between body builders and Mack dealers. |
| 41. | Robert Yuzuik | MTI policies and procedures; MTI's relationship with Toledo Mack; PAI; MACSPEC; Mack microfiche; Price Books; relationship between MTI and PAI.                                                                                                                   |

### III.   LIST OF ALL EXHIBITS

Toledo Mack has provided MTI with its trial exhibits pursuant to the Court's pretrial scheduling order dated March 1, 2006. A list of these exhibits is attached hereto as Exhibit A. In accordance with the Court's pretrial scheduling order, the parties will exchange any objections to proposed trial exhibits no later than August 25, 2006.

### IV.   PLAINTIFF'S STATEMENT OF DAMAGES AND OTHER RELIEF SOUGHT

Please see attached Second Supplemental Report of Donald A. Nichols, dated July 13, 2006, attached hereto as Exhibit B.

In addition to the damages set forth in Dr. Nichols' report, Toledo Mack also seeks the following additional relief:

1. Double damages;

2. Treble damages;

3. Punitive damages in an amount to be determined according to the proofs presented during the course of trial;

4. Costs and attorneys' fees;

    5.    A permanent injunction enjoining MTI from engaging in unfair competition with Toledo Mack in violation of Section 4517.59 of the Ohio Revised Code Annotated;

    6.    A permanent injunction enjoining MTI from making direct sales to retail customers other than through its franchised dealers in violation of Section 445.1574 of the Michigan Franchise Investment Law.

    7.    A declaration that, pursuant to its Distributor Agreement with Toledo Mack and any other legal duties that MTI owes to Toledo Mack, MTI must distribute Mack trucks and components exclusively through franchised Mack dealers, and that MTI must not sell Mack trucks or components directly to body manufacturers, other National Accounts, or other non-public purchasers.

## V. STATEMENT OF ANTICIPATED LEGAL ISSUES

Presently pending before the Court are numerous motions *in limine* filed by both Toledo Mack and MTI on August 11, 2006. See Docket Nos. 86 – 93.

Also still pending before the Court is MTI's motion *in limine* to preclude the testimony of Toledo Mack expert William Harris. See Docket No. 73. MTI has taken the position that Mr. Harris' testimony no longer "fits" the facts of this case in light of the recent Supreme Court decision in Volvo Trucks North America, Inc. v. Reeder-Simco GMC, Inc., 126 S. Ct. 860 (2006). Notwithstanding MTI's argument that Mr. Harris' testimony should be precluded under Reeder-Simco, and irrespective of the recent opinion of this Court regarding the Robinson-Patman Act claim, Mr. Harris' analysis is nevertheless relevant and pertinent to Toledo Mack's claims brought under the Sherman Act, the Ohio Act and the common law. The single best authority in support of this position is Kannankeril v. Terminix International Inc., 128 F.3d 802, 806 (3d Cir. 1997). See also Toledo Mack's Memorandum in Opposition to MTI's Motion *in limine* to Exclude the Testimony of William Harris, Docket No. 78.

## VI. STIPULATIONS OF COUNSEL AND ADMISSIONS

### A. Stipulations of Counsel

1. Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc. filed its Complaint in this action on July 1, 2002.

2. Mack Trucks, Inc. ("Mack") is the registered owner of the copyright on the MACSPEC 2001 system's parts database and source code.

3. Mack has registered copyrights for Mack master parts and illustration database and MACSPEC 2001 computer software; these copyrights were designated TXU 1-001-746 and TXU 1-001-747 by the United States Copyright Office.

4. The customers to which MTI has made direct sales – that is, sales that were not made to or through an authorized Mack distributor – are commonly referred to within MTI as "national accounts."

### B. Admissions of Mack Trucks, Inc.[1]

1. There is no license agreement between MTI and Toledo Mack that contains the phrase "MACSPEC 2001."

2. The license agreement attached as an exhibit to MTI's Answer and Counterclaims is a license agreement dated February 26, 1996 between MTI and Toledo Mack for MACSPEC II.

3. The license agreement attached as an exhibit to MTI's Answer and Counterclaims does not contain the phrase "MACSPEC 2001."

4. The term "SOFTWARE" in the license agreement attached as an exhibit to MTI's Answer and Counterclaims is defined in that document as the "MACSPEC II parts information system, consisting of both the operating software and the parts database on CD-ROM."

5. Section 3, including Subsections 3.1 to 3.3, in the license agreement attached as an exhibit to MTI's Answer and Counterclaims relates to the use and protection of what that document calls the "SOFTWARE."

6. All orders for MACSPEC 2001 which Toledo Mack has ever submitted to MTI were made on the forms that MTI had provided to Toledo Mack for ordering MACSPEC 2001.

---

[1] Admissions adopted from MTI's response to Toledo Mack's First Request for Admissions, attached hereto as Exhibit C.

**VII.   POINTS FOR CHARGE**

Toledo Mack's proposed jury instructions are attached hereto as Exhibit D.

**VIII.   ADDITIONAL ISSUES**

Because of the existence of counterclaims in this case, there is an issue as to how the case will be presented to the jury. The most sensible approach, which Toledo Mack has incorporated into its Proposed Jury Instructions, would be the following order of trial: Toledo Mack's case in chief; Mack Trucks' defense; Mack Trucks' case in chief on its counterclaims; Toledo Mack's defense of the counterclaims and rebuttal of Mack Trucks' defense. This order of presentation would avoid the potentially confusing scenario in which Toledo Mack would put on evidence in defense of the counterclaims before Mack Trucks puts on its case in chief.

Respectfully Submitted,

DUANE MORRIS LLP

Date:  August 18, 2006

By:  /s/ James H. Steigerwald
Wayne A. Mack
J. Manly Parks
James H. Steigerwald
David A. Degnan
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
215.979.1000

Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Pretrial Memorandum of Toledo Mack Sales & Service, Inc. was served on this 18th day of August 2006 via hand delivery on the following counsel:

      Jeremy Heep, Esquire
      Pepper Hamilton LLP
      3000 Two Logan Square
      Eighteenth and Arch Streets
      Philadelphia, PA 19103-2799

      ___/s/ David A. Degnan_____
      David A. Degnan