**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : | |
| MACK TRUCKS, INC., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : | |
| Counterclaim Plaintiff, | : : : | |
| v. | : : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : : : | |
| Counterclaim Defendant. | : : | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE MACK TRUCKS, INC. FROM INTRODUCING TESTIMONY AT TRIAL BY SURPRISE WITNESSES**

**I.   INTRODUCTION**

Mack Trucks, Inc. ("MTI") concedes that it failed to identify in its initial disclosures the following trial witnesses: Robert Nuss, Paul Ritter, Don Parrish, Charles Deforest Trexler, and Stephen Ginter (collectively the "Surprise Witnesses"). MTI offers no justification whatsoever for its omissions. Instead, MTI suggests that there is no prejudice to Toledo Mack because, in the mountain evidence produced during this case, the names of these Surprise Witnesses appeared a few times. These references, along with references to thousands of other individuals

during discovery, hardly substitute for the opportunity to take a witness's deposition or to prepare for a witness before the eve of trial. MTI should not be rewarded for its failure to identify these witnesses. MTI should be precluded from introducing testimony by the Surprise Witnesses or, at the very least, MTI should make these witnesses available for deposition.

## II. REPLY

Rule 26(a)(1)(A) requires a party to identify "each individual likely to have discoverable information *that the disclosing party may use to support its claims or defenses* . . ." during the very early stages of discovery. Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). Rule 37(c)(1) provides that "a party that *without substantial justification* fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . . information not so disclosed." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Although Rule 37(c)(1) expressly focuses on the reason for a party's failure to disclose its potential witnesses as required by Rule 26(a), MTI makes no attempt to offer any justification whatsoever, and certainly not "substantial justification," for the omission of the Surprise Witnesses from its initial disclosures. MTI's silence on this issue speaks volumes.

Instead of justifying the omissions in its initial disclosures, MTI argues that its failure was harmless. MTI bases this contention on the fact that Toledo Mack was "aware" of the Surprise Witnesses. However, there is an obvious and important difference between "awareness" that a person exists and notice that a person may be called to testify at trial.[1]

---

[1] Given the volume of material in this case, MTI's citation of a few references to the Surprise Witnesses in the record hardly provided notice that MTI would rely on the Surprise Witnesses at trial. In this litigation, MTI produced approximately 500,000 pages of documents; there were over ten thousand pages of deposition testimony (including the termination proceeding), and hundreds, if not thousands, of individuals identified in the
(Continued…)

Indeed, the very reason for initial disclosures is to provide an opposing party with notice of potential witnesses and an opportunity to explore the knowledge of such potential witnesses, quite often by taking depositions.

In this case, MTI identified thirty-five (35) individuals in its initial disclosures as potential trial witnesses. MTI then rejected Toledo Mack's proposal to waive the 10 deposition limit of Fed. R. Civ. P. 30(a)(2)(A). (See Mack Decl., attached hereto as Exhibit A, at ¶ 4). Considering MTI had identified thirty-five (35) witnesses, but not any of the Surprise Witnesses, Toledo Mack had no reason depose the Surprise Witnesses. (See Mack Decl. at ¶ 5). Counsel for Toledo Mack specifically decided not to depose Paul Ritter because he was not identified as a potential witness by MTI. (See Mack Decl. ¶ at 6). MTI's suggestion that Toledo Mack did not depose the Surprise Witnesses as a "tactical decision" instead of a result of MTI's failure to fully disclose its witnesses should therefore be rejected out of hand.

MTI further argues that "Toledo Mack has not questioned the importance of the anticipated" testimony of the Surprise Witnesses. The reason for this is clear: Toledo Mack does not know how or why MTI intends to use these last-minute witnesses. MTI's characterization of the anticipated testimony as "important" only highlights the prejudice to Toledo Mack from the identification of these witnesses on the eve of trial. If these witnesses are, in fact, so important, MTI should be willing to make them available for deposition before trial.[2]

---

(Continued…)

    documents and testimony. A few references in this voluminous record cannot substitute for the mandatory disclosure of a potential trial witness.

[2]     Rule 37(c)(1) provides the Court with great discretion to order an appropriate sanction for a failure to disclose a potential witness in initial disclosures. If the Court does not preclude MTI from introducing the testimony of the Surprise Witnesses it may therefore order MTI to produce them for deposition before their trial testimony.

        Respectfully Submitted,

        DUANE MORRIS LLP

Date: September 1, 2006    By: /s/Wayne A. Mack
    Wayne A. Mack
    J. Manly Parks
    James H. Steigerwald
    David A. Degnan
    30 South 17th Street
    Philadelphia, PA 19103-4196
    215.979.1000

    Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Memorandum in Further Support of Plaintiff's Motion *in Limine* to Preclude Mack Trucks, Inc. from Introducing Testimony at Trial by Surprise Witnesses was served on this 1st day of September, 2006 via hand delivery on the following counsel:

> Jeremy Heep, Esquire
> Pepper Hamilton LLP
> 3000 Two Logan Square
> Eighteenth and Arch Streets
> Philadelphia, PA 19103-2799

/s/ Wayne A. Mack

DM1\683230.1