IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : | |
| | : | |
| Counterclaim Defendant. | : | |

## DECLARATION OF WAYNE A. MACK

I, Wayne A. Mack, declare under penalty of perjury that the following is true:

1. I am lead counsel for Plaintiff, Toledo Mack Sales & Service, Inc.

2. On October 8, 2002, Defendant, Mack Trucks Inc. ("MTI") served initial disclosures in which it identified 15 individuals who MTI might call to testify on its behalf at trial.

DM1\683341.1



3. MTI supplemented its initial disclosures on April 11, 2003. In those supplemental initial disclosures, MTI identified thirty-five (35) potential witnesses who MTI might call to testify on its behalf at trial.

4. In light of the numerous witnesses identified in the parties' respective initial disclosures, my colleagues and I suggested to counsel for MTI that we should consider waiving the ten deposition limitation of Fed. R. Civ. P. 30(a)(2)(A). Counsel for MTI rejected our suggestion.

5. Because MTI identified thirty-five (35) witnesses and we were held to a 10 deposition limit, I decided not to depose many individuals MTI had not identified as potential witnesses, including Messrs. Nuss, Trexler, Parrish or Ginter.

6. I specifically decided not to depose Paul Ritter because he was not on MTI's initial disclosures or its supplemental initial disclosures.

7. In addition to this litigation, there is a termination proceeding involving Toledo Mack Sales & Service Inc. and MTI. The depositions of Messrs. Nuss, Trexler, Parrish, Ginter and Ritter were not taken in connection with that proceeding either.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Date: September 1, 2006

By: _____
Wayne A. Mack
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Attorneys for Toledo Mack Sales & Service, Inc.