IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. and | : | |
| | : | |
| Counterclaim Defendant. | : | |

**REPLY BRIEF OF PLAINTIFF TOLEDO MACK SALES & SERVICE, INC. IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE RULINGS BY THE COURT OF APPEALS OF OHIO FROM TRIAL**

**I.   INTRODUCTION**

Toledo Mack has moved *in limine* to exclude from trial rulings by the Tenth Appellate District Court of Appeals of Ohio (the "Tenth District Rulings") in connection with the distributorship termination proceedings between Toledo Mack and defendant Mack Trucks, Inc. ("MTI"), as well as any mention of those rulings or the contents or results of those rulings.

MTI offers two chief arguments in opposing Toledo Mack's motion. First, MTI asserts that the Tenth District Rulings are entitled to the benefit of collateral estoppel. This argument

DM1\683089.1

was raised in MTI's prior motion for partial summary judgment and rejected by this Court. Second, MTI asserts that Federal Rule of Evidence 403 requires the inclusion of the Tenth District Rulings here. This argument is not grounded in any case law and disregards the simple fact that the Tenth District Rulings are inadmissible hearsay for which no exception exists under the Federal Rules of Evidence.[1]

## II.  ARGUMENT

### A.  The Tenth District Rulings Are Not Entitled To Preclusive Effect

MTI improperly invokes the doctrine of collateral estoppel in an effort to bring into evidence the full text of the Tenth District Rulings. MTI argues that the Tenth District Rulings constitute "preclusive determinations of the existence of a trade secret and good cause for termination." MTI Memorandum of Law in Opposition to Toledo Mack's Motion *in Limine* to Exclude the Tenth District Rulings ("MTI Brief"), 3. With respect to the trade secret claim, this Court has already considered (and rejected) application of the doctrine of collateral estoppel. See Order of August 9, 2006 (Docket No. 85), at 3. Furthermore, the introduction into evidence of the Tenth District Rulings in their entirety would be improper if its sole purpose was to inform the jury of the single finding regarding the existence of a trade secret. As to the finding

---

[1] MTI complains in its brief of Toledo Mack's "prior attempts to use the termination to support [its] claims and defenses." MTI Brief at 6. MTI apparently would like the Court to infer that evidence of the Tenth District Rulings is necessary to rebut this type of evidence. Notwithstanding the error of this proposition, it should be noted that counsel for Toledo Mack sent an email to counsel for MTI proposing that Toledo Mack would agree not to reference the fact of the termination if MTI would agree to make no reference to the Tenth District Rulings. See Email from J. Manly Parks to Jeremy Heep and Barak A. Bassman (Aug. 29, 2006) (attached hereto as Exhibit A). As of the time of filing of this Reply Brief, counsel for MTI had not responded to this email.

regarding "good cause for termination," this should not be given preclusive effect because good cause is not an element of any claim or defense in this case and that finding is irrelevant.

MTI has already asked this Court to find that MTI is entitled to the benefit of collateral estoppel with respect to the Tenth District Rulings. In its Motion for Reconsideration and for Partial Summary Judgment ("MTI Motion"), filed just after the Tenth District issued its rulings, MTI argued that the "the Ohio Court of Appeals' holding that Toledo Mack misappropriated Mack's trade secrets when it provided MACSPEC 2001 to PAI is entitled to collateral estoppel in this case." MTI Motion (Docket No. 81), at 7. Upon consideration of the issue of collateral estoppel, this Court rejected MTI's argument and motion for summary judgment, finding that the Ohio Court of Appeals "focused on whether Mack properly terminated Toledo's franchise, not on analyzing the elements of Mack's misappropriation of trade secrets claim." Order of August 9, 2006, at 3.

MTI now seeks to revive the issue of collateral estoppel—while at the same time seeking to admit into evidence the full texts of the Tenth District Rulings—by focusing on the narrow issue of whether or not a trade secret existed. This is improper. Even if this Court should find that Toledo Mack is collaterally estopped from litigating the issue of whether a trade secret existed, the wholesale introduction of the Tenth District Rulings would not be an appropriate remedy. The Tenth District Rulings are expansive and irrelevant to the claims at issue in this case. Rather than risk jury confusion and prejudice to Toledo Mack by admitting into evidence the full Tenth District Rulings, the Court could fashion an appropriate limiting instruction to the jury regarding the existence of a trade secret.

Notwithstanding the trade secret issue, MTI invokes the doctrine of collateral estoppel to prove that MTI had good cause to terminate Toledo Mack's dealership. This determination of

the Ohio court does not entitle MTI to admit into evidence the Tenth District Rulings.  First, as noted above, the Tenth District Rulings would confuse the jury and prejudice Toledo Mack.  See Fed. R. Evid. 403; Toledo Mack's Memorandum of Law in Support of its Motion *in Limine* to Exclude the Tenth District Rulings (Docket No. 89), 6-7.  More importantly, the issue of good cause is not relevant to any issue that will come before the jury in this case.  Good cause, or lack thereof, is not an element of any affirmative claim, nor is it a defense that has been asserted by either party.

### B.     The Tenth District Rulings Are Inadmissible Hearsay

As explained in Toledo Mack's original brief on this motion, the Tenth District Rulings clearly fall within the Federal Rule of Evidence 801 definition of hearsay. They are out-of-court statements of the Tenth District and they are being offered here for their truth.  See Toledo Mack's Memorandum of Law in Support of its Motion *in Limine* to Exclude the Tenth District Rulings, 5-6.  Furthermore, the Tenth District Rulings do not qualify for any of the hearsay exceptions enumerated in the Federal Rules of Evidence. See Fed. R. Evid. 803 and 804; see also Nipper v. Snipes, 7 F.3d 415, 417 (4th Cir. 1993) ("There is not the slightest hint, from either the text of [Rule 803] or the advisory committee note, that the rule applies to judicial findings of fact.").

In its response papers, MTI never addresses Toledo Mack's argument that the Tenth District Rulings constitute inadmissible hearsay.  Instead, MTI asserts that the exclusion at trial of the Tenth District Rulings would be unfairly prejudicial "on both its defenses and counterclaim." MTI Brief at 6.  MTI seems to take the position that Federal Rule of Evidence 403 may be used as a sword rather than a shield to require *inclusion* of certain evidence at trial. MTI does not and cannot cite to any case law in support of this novel interpretation of the function of Rule 403.  This is unsurprising, since it is obvious from the plain text of Rule 403

that it only pertains to the *exclusion* of evidence that would otherwise be unduly prejudicial. Furthermore, even if the Court should adopt MTI's theory, there is certainly nothing in Rule 403 that permits the introduction of hearsay, which the Tenth District Rulings clearly are and which MTI does not and cannot dispute.

### III.   CONCLUSION

For all the foregoing reasons, as well as those set forth in its Memorandum of Law in support of its Motion *in Limine*, Toledo Mack respectfully requests that this Court exclude from trial the rulings by the Tenth Appellate District Court of Appeals of Ohio in the distributorship termination litigation pending in Ohio between Toledo Mack and MTI, as well as any mention of those rulings or the contents or results of those rulings.

Respectfully Submitted,

DUANE MORRIS LLP

Date: September 1, 2006        By:_____
                               Wayne A. Mack
                               J. Manly Parks
                               James H. Steigerwald
                               David A. Degnan
                               30 South 17th Street
                               Philadelphia, PA  19103-4196
                               215.979.1000

                               Attorneys for Plaintiff/Counterclaim
                               Defendant Toledo Mack Sales &
                               Service, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reply Brief of Toledo Mack Sales & Service, Inc. in Further Support of its Motion *in Limine* to Exclude From Trial Rulings by the Tenth Appellate District Court of Appeals of Ohio was served on this 1st day of September 2006 via hand delivery on the following counsel:

>Jeremy Heep, Esquire
>Pepper Hamilton LLP
>3000 Two Logan Square
>Eighteenth and Arch Streets
>Philadelphia, PA 19103-2799

_____
David A. Degnan

DM1\683089.1