## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TOLEDO MACK SALES &
SERVICE, INC.,

          Plaintiff,

        v.

MACK TRUCKS, INC.

          Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 2:02-CV-04373-RLB

JURY TRIAL DEMANDED

---

MACK TRUCKS, INC.,

          Counterclaim
          Plaintiff,

        v.

TOLEDO MACK SALES & SERVICE,
INC..

          Counterclaim
          Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

JURY TRIAL DEMANDED

## REPLY MEMORANDUM OF LAW OF MACK TRUCKS, INC. IN FURTHER SUPPORT OF ITS MOTION TO STRIKE THE EXPERT REPORTS AND TO EXCLUDE THE TRIAL TESTIMONY OF DONALD NICHOLS

Defendant/Counterclaim Plaintiff Mack Trucks, Inc. ("Mack") filed a motion *in limine* to exclude the proffered testimony of Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.'s ("Toledo Mack") damages expert, Dr. Donald Nichols, on August 11, 2006. Toledo Mack filed an opposition memorandum on August 25, 2006. On September 11, 2006, the Court denied Mack's motion without prejudice. In anticipation of renewing its objections to Dr. Nichols' testimony during the course of trial, Mack submits this Reply

Memorandum to advise the Court that, as to the issue of prejudgment interest under the Clayton Act, the cases relied upon by Toledo Mack have been overruled either by higher courts or by acts of Congress. Mack also points out that Toledo Mack now concedes that it improperly seeks damages under the Ohio and Michigan statutes for Mack's direct sales to government entities, yet inexplicably continues to proffer Dr. Nicols' legally untenable damages model.

The application of the Clayton Act's prejudgment interest provision is of great importance in this case, as Toledo Mack seeks to recover prejudgment interest on damages extending back *sixteen years*. Dr. Nichols projects prejudgment interest in the amount of **$12,114,544.00**, which would exceed *thirty-six million dollars* after automatic trebling under the antitrust laws. See Second Supplemental Report of Donald Nichols at Table 6 (Registration Based).

## I.    **Toledo Mack Cannot Recover Prejudgment Interest**

As Mack noted in its principal Memorandum, Dr. Nichols computes interest on his alleged lost profits damages for Toledo Mack's antitrust claim. See Mack Mem. at 16. These damages are not legally cognizable, however, because the Clayton Act explicitly prohibits the award of prejudgment interest. See 15 U.S.C. § 15(a). Because these interest damages cannot be recovered under the law, Dr. Nichols' testimony should be excluded as failing to "fit" the facts of the case. See generally Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591-592 (1993).

In response, Toledo Mack asserts that, contrary to the plain text of Dr. Nichols' three expert reports, Dr. Nichols did not calculate prejudgment interest but rather added interest to his damages estimates to "account[] for the time value of money" and to "measure[] the present value of Toledo Mack's lost profits." Toledo Mack Mem. at 28. According to Toledo

Mack, it can add interest to its damages so long as such interest is an attempt to account for the time value of money, as opposed to being "statutory prejudgment interest."

This is sheer sophistry.  Prejudgment interest *is* compensation for the lost time value of money.  As the Third Circuit has explained, the Clayton Act's treble damages provision accounts for the time value of money, thereby precluding any recovery of prejudgment interest:

> Where remedial damages measure the loss incurred by plaintiff as of the time of the infringement, the award of prejudgment interest further serves a remedial purpose by making the plaintiff whole for the intervening loss of use of the money he would have had at the date of the infringement, but for the defendant's unlawful acts. ***Under some statutory damage-enhancement schemes, however, such as Section 4 of the Clayton Act, 15 U.S.C. § 15, the award of multiple damages is designed to take the place of this interest loss . . . . For this reason prejudgment interest has been held to be impermissible as an element of damages in a suit under Section 4 of the Clayton Act.***

Trio Process Corp. v. L. Goldstein's Sons, Inc., 638 F.2d 661, 663 (3d Cir. 1981) (emphasis added).

Ignoring both the plain text of the Clayton Act and the Third Circuit's guidance in Trio Process, Toledo Mack cites three cases in support of its rhetorical sifting of "prejudgment interest" from interest on damages before the judgment reflecting the "time value of money." The primary case that Toledo Mack relies on is Multiflex, Inc. v. Samuel Moore & Co., 709 F.2d 980 (5th Cir. 1983).  The complaint in Multiflex, though, was filed in 1978, id. at 985, which was two years *before* Congress amended the Clayton Act in 1980 to forbid the award of prejudgment interest.  See Pub. L. 96-349 (prejudgment interest amendments effective for actions filed after September 12, 1980).

Toledo Mack in fact cites only one case that actually discusses the Clayton Act's prejudgment interest provisions, Concord Boat v. Brunswick Corp., 21 F.Supp.2d 923 (E.D. Ark. 1998).  See Toledo Mack Mem. at 29.  That opinion was reversed by the Eighth Circuit Court of

Appeals, because, among other errors, the district court abused its discretion in admitting the testimony of plaintiff's damages expert. See Concord Boat v. Brunswick Corp., 207 F.3d 1039, 1055-1057 (8th Cir. 2000).[1]

The point is straightforward: the Clayton Act, on its face, does not permit the recovery of prejudgment interest. Toledo Mack cites not a single unreversed case in support of its position that it can evade this clear statutory mandate by calling prejudgment interest calculations "present value." Mack respectfully avers that this Court should apply the plain text of the statute, and prohibit Dr. Nichols from testifying as to his prejudgment interest calculations.[2]

## II.    Toledo Mack Cannot Seek Damages For Mack's Direct Sales To Government Entities

Dr. Nichols' damages model also fails to accord with the plain text of two different statutes, the Ohio Motor Vehicle Dealer Law and the Michigan Franchise Investment Law. Toledo Mack alleges that Mack violated these two statutes by selling directly to certain large truck buyers referred to as National Accounts. To show damages, Dr. Nichols assumes that

---

[1] Similarly misplaced is Toledo Mack's reliance on H.J., Inc. v. Int'l Tel. and Tel. Corp., 867 F.2d 1531 (8th Cir. 1989), which does not address the Clayton Act restrictions on prejudgment interest that are the basis of Mack's Motion. There, the Court contended in a conclusory fashion that the "proper measure of damages [for attempted monopolization and tortious interference claims] is the present value of profits lost as a result of Flygt's improper actions . . ." Id. at 1549. However, the Court does not explain how this "present value" was determined, much less assert – as Toledo Mack implies – that the H.J. Court simply applied a prejudgment interest calculation, as Dr. Nichols did in this case. In fact, the Court nowhere discusses or cites to the Clayton Act's prejudgment interest provision, and its only support for the "present value" language is the Restatement (Second) of Torts, a Minnesota state case, and a federal decision from 1972 – *eight years* before the Clayton Act was amended to prohibit prejudgment interest. Id.

[2] Nor can Toledo Mack recover this $12 million plus of prejudgment interest under its other claims. Toledo Mack has at times argued that the alleged antitrust conspiracy also gives rise to an action under the Ohio Motor Vehicle Dealer Law for "predatory" or "discriminatory" practices. Ohio's prejudgment interest statute, however, limits the recovery of prejudgment interest as of right to breach of contract claims. See Ohio Revised Code § 1343.03(A) and (C) (Exhibit A). Here, according to its proposed jury instructions, Toledo Mack's breach of contract claim relates not to the alleged conspiracy, but instead to its challenge to Mack's direct sales to National Accounts. See Toledo Mack Pretrial Memorandum at Exh. D, pages 64-66.

Toledo Mack would have had a fixed percentage of **all** of Mack's National Account sales.  See Mack Mem. at 22.  As Mack's National Account sales include sales to government entities, Nichols' damages model thus projects damages based on Mack's sales to government buyers.

But the Ohio and Michigan statutes expressly exempt government sales from their direct sales provisions.  See Ohio Revised Code § 4517.59(e) ("this division does not apply to a sale, lease, or rental to, or service performed for, an agency of federal, state, or local government"); Michigan Compiled Law Ann. § 445.1574(i) (manufacturer cannot "Sell any new motor vehicle directly to a retail customer other than through its franchised dealers, ***unless the retail customer is a nonprofit organization or a federal, state, or local government or agency***" (emphasis added)).  Nichols once again projects damages that Toledo Mack cannot, as a matter of law, recover, and his testimony accordingly fails Daubert's "fit" requirement.  See Daubert, 509 U.S. at 591-592.

In response, Toledo Mack disputes neither that Nichols computes damages for sales to government agencies nor that the two relevant statutes exempt these sales.  Instead, Toledo Mack asserts that Nichols' error does not "rise[] to the level necessary to preclude this portion of Dr. Nichols' analysis."  Toledo Mack Mem. at 36.  This argument is without merit.

This is not an error of arithmetic or a minor incorrect citation to a document; Nichols projects damages that the jury cannot award as a matter of law. His testimony should accordingly be precluded.

Respectfully submitted,

Barbara Mather
Jeremy Heep
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated:  September 18, 2006

## CERTIFICATE OF SERVICE

I, Barak A. Bassman, hereby certify that on September 18, 2006 a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of Motion <u>in</u> <u>Limine</u> to Strike the Expert Reports and to Exclude the Testimony of Donald Nichols was served via hand delivery upon the following:

> J. Manly Parks
> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA  19103

_____
Barak A. Bassman