# EXHIBIT A

R.C. § 1343.03

▷

Baldwin's Ohio Revised Code Annotated <u>Currentness</u>
  Title XIII. Commercial Transactions
    □ <u>Chapter 1343.</u> Interest <u>(Refs & Annos)</u>

**→ 1343.03 Rate of interest on contracts, book accounts and judgments; commencement of interest on judgments**

(A) In cases other than those provided for in <u>sections 1343.01</u> and <u>1343.02 of the Revised Code</u>, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to <u>section 5703.47 of the Revised Code</u>, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. Notification of the interest rate per annum shall be provided pursuant to <u>sections 319.19</u>, <u>1901.313</u>, <u>1907.202</u>, <u>2303.25</u>, and <u>5703.47 of the Revised Code</u>.

(B) Except as provided in divisions (C) and (D) of this section and subject to <u>section 2325.18 of the Revised Code</u>, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct or a contract or other transaction, including, but not limited to a civil action based on tortious conduct or a contract or other transaction that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid and shall be at the rate determined pursuant to <u>section 5703.47 of the Revised Code</u> that is in effect on the date the judgment, decree, or order is rendered. That rate shall remain in effect until the judgment, decree, or order is satisfied.

(C)(1) If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows:

(a) In an action in which the party required to pay the money has admitted liability in a pleading, from the date the cause of action accrued to the date on which the order, judgment, or decree was rendered;

(b) In an action in which the party required to pay the money engaged in the conduct resulting in liability with the deliberate purpose of causing harm to the party to whom the money is to be paid, from the date the cause of action accrued to the date on which the order, judgment, or decree was rendered;

(c) In all other actions, for the longer of the following periods:

(i) From the date on which the party to whom the money is to be paid gave the first notice described in division (C)(1)(c)(i) of this section to the date on which the judgment, order, or decree was rendered. The period described in division (C)(1)(c)(i) of this section shall apply only if the party to whom the money is to be paid made a reasonable attempt to determine if the party required to pay had insurance coverage for liability for the tortious conduct and gave to the party required to pay and to any identified insurer, as nearly simultaneously as practicable, written notice in person or by certified mail that the cause of action had accrued.

(ii) From the date on which the party to whom the money is to be paid filed the pleading on which the judgment, decree, or order was based to the date on which the judgment, decree, or order was rendered.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

R.C. § 1343.03

(2) No court shall award interest under division (C)(1) of this section on future damages, as defined in section 2323.56 of the Revised Code, that are found by the trier of fact.

(D) Division (B) of this section does not apply to a judgment, decree, or order rendered in a civil action based on tortious conduct or a contract or other transaction, and division (C) of this section does not apply to a judgment, decree, or order rendered in a civil action based on tortious conduct, if a different period for computing interest on it is specified by law, or if it is rendered in an action against the state in the court of claims, or in an action under Chapter 4123. of the Revised Code.

(2004 H 212, eff. 6-2-04;  2001 S 108, § 2.01, eff. 7-6-01;  2001 S 108, § 2.02, eff. 7-6-01;  1996 H 350, eff. 1-27-97 [FN1];  1982 H 189, eff. 7-5-82;  1980 H 28;  129 v 13)

[FN1]  See Notes of Decisions and Opinions, *State ex rel.  Ohio Academy of Trial Lawyers v. Sheward* (Ohio 1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

UNCODIFIED LAW

2004 H 212, § 3, eff. 6-2-04, reads:

The interest rate provided for in division (A) of section 1343. 03 of the Revised Code, as amended by this act, applies to actions pending on the effective date of this act.  In the calculation of interest due under section 1343.03 of the Revised Code, in actions pending on the effective date of this act, the interest rate provided for in section 1343.03 of the Revised Code prior to the amendment of that section by this act shall apply up to the effective date of this act, and the interest rate provided for in section 1343.03 of the Revised Code as amended by this act shall apply on and after that effective date.

2001 S 108, § 1, eff. 7-6-01, reads:

It is the intent of this act (1) to repeal the Tort Reform Act, Am. Sub. H.B. 350 of the 121st General Assembly, 146 Ohio Laws 3867, in conformity with the Supreme Court of Ohio's decision in *State, ex rel.  Ohio Academy of Trial Lawyers, v. Sheward* (1999), 86 Ohio St.3d 451;  (2) to clarify the status of the law;  and (3) to revive the law as it existed prior to the Tort Reform Act.

2001 S 108, § 3, eff. 7-6-01, reads, in part:

(A) In Section 2.01 of this act:

(4) Sections 163.17, 723.01, 1343.03, 1775.14, 2305.01, 2305.11, 2305.35, 2307.33, 2307.71, 2307.72, 2307.73, 2307.78, 2315.20, 2317.62, 2323.51, 2744.04, 4112.99, 4909.42, 5591.36, and 5591.37 of the Revised Code are revived and supersede the versions of the same sections that are repealed by Section 2.02 of this act.

HISTORICAL AND STATUTORY NOTES

**Ed. Note:** 1343.03 is analogous to former 1309.03, repealed by 129 v 13, eff. 7- 1-62.

**Ed. Note:** The amendment of this section by 1996 H 350, eff. 1-27-97, was repealed by 2001 S 108, § 2.02, eff. 7-6-01.  See *Baldwin's Ohio Legislative Service Annotated*, 1996, page 10/L-3357, and 2001, page 6/L-1441, or the OH-LEGIS or OH-LEGIS-OLD database on Westlaw, for original versions of these Acts.

**Amendment Note:** 2004 H 212 rewrote this section, which prior thereto read:

"(A) In cases other than those provided for in sections 1343.01 and  1343.02 of the Revised Code, when money

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**R.C. § 1343.03**

becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

"(B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including, but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case

"(D) Divisions (B) and (C) of this section do not apply to a judgment, decree, or order rendered in a civil action based on tortious conduct if a different period for computing interest on it is specified by law, or if it is rendered in an action against the state in the court of claims, or in an action under Chapter 4123. of the Revised Code."

**Amendment Note:** 1996 H 350 rewrote this section, which prior thereto read:

"(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

"(B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.

"(D) Divisions (B) and (C) of this section do not apply to a judgment, decree, or order rendered in a civil action based on tortious conduct if a different period for computing interest on it is specified by law, or if it is rendered in an action against the state in the court of claims, or in an action under Chapter 4123. of the Revised Code."

CROSS REFERENCES

Adult care facilities, civil penalties, interest, 3722.08

Appropriation of property, withdrawal of deposit by owner, accrual of interest, deposit on appeal, refund, 163.17

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.