IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC. | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Counterclaim Defendant. | : | |

## ORDER

And now, on this ____ day of _____, 2006, upon consideration of Toledo Mack Sales & Service, Inc.'s Motion for Reconsideration and Mack Trucks, Inc.'s Opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

By: _____
Buckwalter, R., U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : |
|         Plaintiff, | : Civil Action No. 2:02-CV-04373-RLB |
| v. | : JURY TRIAL DEMANDED |
| MACK TRUCKS, INC. | : |
|         Defendant. | : |
| MACK TRUCKS, INC., | : |
|         Counterclaim Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : |
|         Counterclaim Defendant. | : |

**DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION FOR RECONSIDERATION**

I. **INTRODUCTION**

On Tuesday, September 26, 2006, at the close of Toledo Mack Sales & Service, Inc.'s ("Toledo Mack") case in chief, Mack Trucks, Inc. ("Mack") moved for judgment as a matter of law in its favor as to all of Toledo Mack's claims. After receiving a lengthy Memorandum from Mack and conducting oral argument both on the record and in chambers, the Court granted the Motion as to Toledo Mack's claim under Section 1 of the Sherman Act, but

-1-

-2-

denied the remainder. The Court held that the Sherman Act claim was barred by the applicable statute of limitations because (1) Toledo Mack's owner, David Yeager, clearly knew of his alleged conspiracy claim as early as 1989 (i.e., **thirteen years** before Toledo Mack sued), thereby precluding any tolling because of fraudulent concealment, and (2) there is no evidence of any conspiracy within the limitations period, July 1, 1998 to the present.

Toledo Mack now moves for reconsideration. Although Toledo Mack no longer advances the argument that there was any supposed fraudulent concealment, see Toledo Mack Memorandum at 4 n. 3, it has submitted a 28-page brief arguing that there is sufficient evidence to show a "continuing conspiracy" in the limitations period.[1] This girth is deceptive: only *five* of the twenty-eight pages (pages 17-22) actually discuss the purported "evidence" of a conspiracy within the limitations period, the rest consisting of a recycling of stale evidence from as far back as the mid-1980's and lengthy recitations of the facts of various other cases.

These five pages fail to reveal a basis for reconsideration. The standard for a Motion for Reconsideration is well settled:

> Because of the courts' interest in the finality of judgments, "[m]otions for ... reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Ciena Corp. v. Corvis, Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005). A motion for reconsidering may not be used to give a litigant a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration "should not be used as a means to argue new

---

[1] As the Court's ruling was based on the running of the statute of limitations, Mack will not address its other arguments that Toledo Mack's Sherman Act claim fails additionally for failure to show a conspiracy before July 1, 1998, lack of any evidence of an unreasonable restraint of trade, and lack of evidence of a cognizable antitrust injury.

> facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1329, 1240 (D. Del. 1990) (quoted in Bhatnagar, 52 F.3d at 1231). Therefore, it is "improper . . . to ask the Court to rethink what [it] had already thought through—rightly or wrongly." Glendon Energy Co. v. Bor. of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Kennedy Indus., Inc. v. Aparo, Civ. A. No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006) (Bartle, C.J.). Here, Toledo Mack presents nothing but a rehash of its already rejected arguments, and its Motion should thus be denied.

## II.  ARGUMENT

As noted above, the bulk of Toledo Mack's brief ignores the issue at hand, the evidence (or, more accurately, lack thereof) of any conspiracy after July 1, 1998 between Mack and the Dealer Council to restrict sales assistance discounts by territory. As the Third Circuit has made clear, to recover under a theory of continuing conspiracy, an antitrust plaintiff must present evidence that there was a conspiracy within the limitations period. See In re Lower Lake Erie Iron Ore Antitrust Litig., 998 F.2d 1144, 1173 (3d Cir. 1993) (approving District Judge Fullam's instruction to the jury that "'the plaintiffs would have to establish that the conspiracy was still in effect'" during the limitations period to recover under a continuing conspiracy theory). This is because an antitrust conspiracy is not presumed to run indefinitely, and "[t]he party bringing the antitrust action must therefore show that the conspiracy continued into the limitations period." United States v. Therm-All, Inc., 373 F.3d 625, 633 (5th Cir. 2004).[2]

Toledo Mack has failed to present any evidence that there was a conspiracy between Mack and the Dealer Council during the limitations period, nor does its Motion for

---

[2] Toledo Mack tries to evade its burden of proving that there was a conspiracy within the limitations period by pointing to cases that stand for the unremarkable proposition that, *if* there is a conspiracy continuing into the limitations period, then a plaintiff can recover damages incurred within that time period. In this instance, however, Toledo Mack has not made the threshold showing that the conspiracy continued past July 1, 1998.

Reconsideration do more than recycle the arguments that this Court already rejected when granting Mack's Motion. Below is a brief recap of Toledo Mack's supposed evidence of a conspiracy since July 1, 1998, none of which merits reconsideration of the Court's ruling:

- Toledo Mack points to allegations that Mack Regional Vice President Mr. Yelles stated that he wished to terminate Toledo Mack's distributorship and that Toledo Mack was "targeted . . . for consolidation under Mack's Network 2000 strategy." Toledo Mack Memorandum at 21. This is frivolous. The Ohio Court of Appeals has already held that Mack had good cause to terminate Toledo Mack's distributorship for theft of trade secrets, see Mack Trucks, Inc. v. Motor Vehicle Dealers Bd., No. 05AP-768, 2006 WL 1495122 (Ohio Ct. App. June 1, 2006), and, moreover, there is not a shred of evidence that the decision to terminate was anything but unilateral. Similarly, Toledo Mack has presented no evidence that Mack's Network 2000 strategy was formed in concert with the Dealer Council.

- Toledo Mack points to the fact that, while Mack does not prohibit out of AOR sales by its distributors, it discourages them. See Toledo Mack Memorandum at 17. It is difficult to discern how any attempt to balance Mack's competing needs for local market coverage with the benefits from out of AOR sales activity is evidence of Mack not only stopping out of AOR sales, but doing so in concert with the Dealer Council. Indeed, it is undisputed that Toledo Mack has regularly sold outside of its AOR after July 1, 1998. See 9/15/06 Tr. at 151:22-153:5 (D. Yeager); 9/18/06 Tr. at 25:18-32:14 (D. Yeager) This "all or nothing argument" – either Mack is totally forbidding all out of AOR sales or unabashedly encourages them in all instances – is simply a false dichotomy that evades the complexities of acting in a highly competitive marketplace.

- Toledo Mack further points to the testimony of Jack Lusty, a former Mack employee, and Hallie Giuliano, a former low level employee at a consulting firm briefly employed by Mack, that certain Mack distributors purportedly had "gentlemen's agreements" not to compete with each other. See Toledo Mack Memorandum at 17. Neither witness testified, though, that *Mack* was a party to these alleged agreements. Nor did either witness identify any specific dealers that had these agreements, much less link them to the past members of the Dealer Council, Mack's alleged co-conspirators. In fact, Ms. Giuliano testified that her notes of a meeting with a Mack employee state "[c]ompetitive environment for dealers, quotes, 'Gentleman's agreement,' unquotes, that you sell in your area only, *but some go into others' territory*." Giuliano Dep. at 34:3-34:8 (emphasis added). That is, according to Ms. Giuliano, with Mack's full knowledge, Mack distributors sell out of AOR – hardly indicative of a conspiracy to restrict territories.

-4-

- Toledo Mack also points to the testimony of Mr. Lusty that Mr. Yelles said to him that Toledo Mack did not "play by the rules." See Toledo Mack Memorandum at 18. According to Toledo Mack, this cryptic remark can somehow only refer to an alleged conspiracy to restrict territories. Id. This is absurd. This testimony referred to Yelles' discussion of a deal to sell to a customer called Strause Rolloff. See Lusty Dep., 11/14/03, at 91:18-92:7; Plaintiff's Exhibit 117. On this deal, however, all three Mack distributors, including Toledo Mack and at least one other out of AOR dealer, were equalized at the same 14.5% discount. See 9/27/06 Tr. at 101:24-104:6 (S. Polzer). Furthermore, there is no evidence that this stray remark, even if made, referred in any way to alleged territorial restrictions.

- Finally, Toledo Mack ominously contends that Mack supposedly "monitored" out of AOR sales activity and "enforced" the alleged conspiracy through "manipulation" of the sales assistance system. See Toledo Mack Memorandum at 19-20. This rhetoric is unsupported by actual record evidence. Toledo Mack's only evidence of these alleged nefarious attempts to squelch its out of AOR sales are alleged delays in responding to Toledo Mack's sales assistance requests. This argument is meritless. While Mack attempts to process sales assistance requests within 24 hours, the evidence is undisputed that all Mack distributors experience delays at times, an inherent feature of a transaction-specific pricing system that requires a deal-by-deal assessment of competitive conditions. See, e.g., 9/28/06 Tr. at 119:5-119:11 (R. Nuss). Nor does Toledo Mack's argument make any sense: if Mack wished to restrict sales assistance by territory, it could simply deny out of AOR sales assistance requests (as it did during the brief 1989 policy) rather than waste its time and resources with elaborate and unnecessary stalling tactics. Yet more telling, Toledo Mack has not pointed to any specific transactions in its Memorandum nor has it presented any evidence that these alleged delays resulted from anything but Mack's own unilateral conduct.

## III. CONCLUSION

For the reasons set forth herein and in Mack's Memorandum in support of its Motion for Judgment as a Matter of Law, Toledo Mack's Motion for Reconsideration should be denied. Moreover, as trial is almost concluded, and Mack has presented its defense based on the assumption that the Sherman Act claim was dismissed, any reversal of the Court's earlier decision would greatly prejudice Mack.

Respectfully submitted,

/s/ Jeremy Heep
Barbara Mather
Jeremy Heep
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated: October 2, 2006

## CERTIFICATE OF SERVICE

I, Frederick Alcaro, hereby certify that on October 2, 2006 a true and correct copy of the foregoing Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Memorandum of Law in Opposition to Plaintiff/Counterclaim Defendant's Motion for Reconsideration, was served via hand delivery upon the following:

Wayne Mack
J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

_/s/ Frederick Alcaro_
Frederick Alcaro