# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| MACK TRUCKS, INC. | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Counterclaim Defendant. | : | |
| | : | |

## SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS OF DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.

In anticipation of the upcoming charging conference in this matter, Defendant/Counterclaim Plaintiff Mack Trucks, Inc. ("Mack") respectfully submits the foregoing supplemental Proposed Jury Instructions to reflect the evidence that has been presented at trial and the Court's grant of Judgment as a Matter of Law in Mack's favor with respect to Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.'s ("Toledo Mack") claim under Section 1 of the Sherman Act.

**Supplemental Proposed Instruction No. 1 – Termination of Toledo Mack**

It has been established as a matter of law that Mack had good cause to terminate the dealership of Toledo Mack because Toledo Mack provided MACSPEC 2001 to PAI Industries, Inc.  Therefore, you are instructed that Mack's termination of Toledo Mack is not evidence to support any of Toledo Mack's claims.

Source:  <u>Mack Trucks, Inc. v. Motor Vehicle Dealers Bd.</u>, No. 05AP-768, 2006 WL 1495122 (Oh. Ct. App. June 1, 2006).

**Supplemental Proposed Instruction No. 2 – Effect of the Statute of Limitations**

The law limits the time frame within which Toledo Mack may recover damages for its alleged claims. You are hereby instructed that the following limitations apply to Toledo Mack's claims for damages:

1.    For Toledo Mack's claims asserted under the Ohio Motor Vehicle Dealer Law and the Michigan Franchise Investment Law, Toledo Mack may only recover damages for losses allegedly incurred on or after **July 1, 1996.**

2.    For Toledo Mack's claims for tortious interference with prospective business relations and breach of contract, Toledo Mack may only recover damages for losses allegedly incurred on or after **July 1, 1998.**

Earlier in this case, you heard testimony from Toledo Mack's expert witness Dr. Nichols regarding Toledo Mack's alleged damages incurred in the period from January 1, 1990 through June 30, 1996. You are instructed that you may not base an award of damages on this portion of Dr. Nichols' testimony.

Source:  Ohio Rev. Code Ann. §§ 2305.07, 2305.09; Mich. Comp. Laws Ann. § 600.5813;
42 Pa. C.S. § 5525(a)(8).

**Supplemental Proposed Instruction No. 3 – Interest Not Recoverable**

In determining a proper award of damages for any of Toledo Mack's claims, you are not permitted to award damages for interest on any alleged lost profits. This includes Dr. Nichols' projections as to the alleged lost value of the use of money, which is an interest computation. You are instructed to disregard Dr. Nichols' testimony as to the alleged lost value of the use of money, and you cannot base any damages award on that portion of Dr. Nichols' testimony.

Source: Ohio Rev. Code Ann. § 1343.03(A) and (C); Earl Evans Chevrolet, Inc. v. Gen'l Motors Corp., 598 N.E.2d 1187 (Oh. Ct. App. 1991); Trio Process Corp. v. L. Goldstein's Sons, Inc., 638 F.2d 661 (3d Cir. 1981); Black Gold Coal Corp. v. Shawville Coal Co., 730 F.2d 941, 943 (3d Cir. 1984); Fitzpatrick v. Ritzenhein, 116 N.W. 2d 894 (Mich. 1962).

**Supplemental Proposed Instruction No. 4 – Effect of Ruling on Motion for Judgment as a Matter of Law**

In Opening Statements, you heard the attorneys for both parties discuss a claim by Toledo Mack that Mack allegedly violated federal antitrust law by conspiring with members of the Mack Dealer Council to restrict sales assistance by territory. At the end of Toledo Mack's case, I determined that Mack was entitled to judgment in its favor as a matter of law as to this claim, but not Toledo Mack's other claims. You are not to view my ruling in Mack's favor on the antitrust claim as evidence either for or against Mack or Toledo Mack as to the remaining claims in this case. You must evaluate the merits of the remaining claims solely based on the evidence presented during trial.

**Supplemental Proposed Instruction No. 5 – Testimony of Dr. Gollop Should Be Disregarded**

During the trial you heard the testimony of Toledo Mack expert witness Dr. Gollop regarding certain issues that related to Toledo Mack's antitrust claim. As I have entered judgment against Toledo Mack as to this particular claim, you are instructed to disregard the testimony of Dr. Gollop in assessing Toledo Mack's remaining claims.

**Supplemental Proposed Instruction No. 6 – Testimony of Dr. Nichols Should Be Disregarded**

Toledo Mack presented the testimony of expert witness Dr. Nichols as to Toledo Mack's alleged damages for its antitrust claim. As I have entered judgment against Toledo Mack as to this particular claim, you are also instructed to disregard the testimony of Dr. Nichols and you may not base an award of damages upon Dr. Nichols' testimony.

Source: Restatement (Second) of Torts § 774A; <u>Gray-Jones v. Jones</u>, 738 N.E.2d 64 (Oh. Ct. App. 2000); <u>Harvey Invs., Inc. v. Toyota Motor Sales USA, Inc.</u>, No. 97-1925, 1998 WL 767080 (6th Cir. Oct. 23, 1998); <u>Earl Evans Chevrolet, Inc. v. Gen'l Motors Corp.</u>, 598 N.E.2d 1187 (Oh. Ct. App. 1991).

**Supplemental Proposed Instruction No. 7 – No Violation of the Robinson Patman Act**

During trial, Toledo Mack presented to you portions of various depositions taken of Mack employee Stephen Polzer, including Mr. Polzer's testimony about a federal law called the Robinson Patman Act. The Robinson Patman Act is a federal statute that prohibits certain types of price discrimination. I have already determined, before trial, that there was no violation of the Robinson Patman Act in this case, and you are instructed to disregard Mr. Polzer's testimony as to the Robinson Patman Act.

Source: Memorandum Opinion dated August 16, 2006; Volvo Trucks North America, Inc. v. Reeder-Simco GMC, Inc., 126 S. Ct. 860 (2006).

**Supplemental Proposed Instruction No. 8 – Failure to Call Witnesses**

   If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to that other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.


Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u> (5th ed.), § 104.25

**Supplemental Proposed Instruction No. 9 – Spoliation of Evidence**

   If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

   Mr. Yeager testified in this case that he erased or destroyed certain tape recordings that he made of telephone conversations. You may infer that the evidence that was contained on these recordings was unfavorable to Toledo Mack.

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u> (5th ed.), § 104.26.

**Supplemental Proposed Instruction No. 10 – Damages Recoverable for Alleged Tortious Interference with Prospective Business Relations**

    If you find that Toledo Mack has proven to you that Mack tortiously interfered with Toledo Mack's prospective business relationships, then you must consider what, if any, damages to award Toledo Mack. The law provides that Toledo Mack may recover two types of damages for this claim:

- **First**, the loss of profits to be made out of the specific prospective contracts with which Mack allegedly interfered;

- **Second**, other consequential losses caused by any specific alleged acts of interference that you find to be improper.

Source: Restatement (Second) of Torts § 774A; <u>Gray-Jones v. Jones</u>, 738 N.E.2d 64 (Oh. Ct. App. 2000).

**Supplemental Proposed Instruction No. 11 – Price Discrimination Under Ohio Motor Vehicle Dealer Law**

Toledo Mack asserts that Mack violated the Ohio Motor Vehicle Dealer Law through engaging in predatory practices or discriminatory conduct.  In determining whether Mack engaged in predatory practices or discriminatory conduct, Toledo Mack bears the burden of proving to you that Mack discriminated against it in price in head-to-head competition with another distributor or body builder to sell to the same customer on the same transaction.

Source: Volvo Trucks North America, Inc. v. Reeder-Simco GMC, Inc., 126 S. Ct. 860 (2006); Chandler and Assocs., Inc. v. America's Healthcare Alliance, Inc., 709 N.E.2d 190 (Oh. Ct. App. 1997); Cesare v. Work, 520 N.E.2d 586 (Oh. Ct. App. 1987).

**Supplemental Proposed Instruction No. 12 – Misappropriation of Confidential Business Information Instruction**

Mack has alleged that Toledo Mack misappropriated Mack's confidential business information when it provided the microfiche and the price lists to PAI, Northwest Truck and Illinois Diesel. This is a different claim than Mack's claim for misappropriation of trade secrets and you must consider it separately.

To succeed on its claim for misappropriation of confidential business information, Mack must prove by a preponderance of the evidence that Toledo Mack, for the purposes of advancing its rival business interest, procured by improper means non-public information about Mack's business. I will explain each of these requirements.

First, the information must be confidential. That means it is not generally available to the public. It is important to remember that "confidential business information" need not rise to the level of a "trade secret," but instead is merely non-public information about a business. Thus, information can be confidential even if it is not sufficiently secret to be a trade secret.

Second, Mack must prove that Toledo Mack procured the information to advance a rival business interest to Mack, in other words, to help someone compete against Mack.

Third, Toledo Mack must use improper means to obtain the information from Mack. Improper means includes obtaining the information through fraud or misrepresentation.

Source: <u>Den-Tal-Ez, Inc. v. Siemens Capital Corp.</u>, 566 A.2d 1214 (Pa. Super. 1989); <u>Pestco, Inc. v. Associated Prods., Inc.</u>, 880 A.2d 700 (Pa. Super. 2005).

**Supplemental Proposed Instruction No. 13 –Copyright Claim Introduction**

In this case, Mack claims that Toledo Mack has infringed Mack's copyright in the database contained in the microfiche. "Copyright" is the name for the protection that the law extends to the creator or owner of an original work, including databases, against the unauthorized copying and distribution of that work by others.

Source: 17 U.S.C. § 106; Feist Publ'n Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 348-51 (1991); Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1234-35 (3rd Cir. 1986).

**Supplemental Proposed Instruction No. 14 –Copyright Claim Elements**

In order to prevail on its copyright infringement claim, Mack must prove two elements by a preponderance of the evidence:

**First**, Mack must prove that it owns a valid copyright; and

**Second**, Mack must prove that Toledo Mack violated one of the exclusive rights that Mack possesses as the owner of a copyright.

Here, Mack contends that Toledo Mack violated Mack's exclusive right to distribute its copyrighted works.  Specifically, Mack contends that Toledo Mack distributed copies of the microfiche to PAI, Northwest Truck, and Illinois Diesel without authorization or permission from Mack.

Source: 17 U.S.C. § 106(3); <u>Educ. Test Servs. v. Katzman</u>, 793 F.2d 533, 538 (3d Cir. 1986); <u>Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distribs. and Northwest Nexus, Inc.</u>, 983 F. Supp. 1167, 1172 (N.D. Ill. 1997).

**Supplemental Proposed Instruction No. 15 –Copyright Ownership**

The parties have agreed that Mack owns a valid copyright in the database contained within the microfiche.

**Supplemental Proposed Instruction No. 16 – First Sale Defense**

Toledo Mack asserts the "first sale" defense to Mack's copyright infringement claim with regard to the microfiche. Under some circumstances, the "first sale" defense permits an owner of a particular copy of a copyrighted work to resell that particular copy without the permission of the copyright owner. For example, if you own a copy of the latest Stephen King novel, you can sell that copy to a used bookstore without the permission of Mr. King, the copyright owner. However, if Mr. King only loaned you a copy of his book, and you do not own the copy, you cannot resell it without his permission.

Toledo Mack contends that it owned the copies of the microfiche that it provided to PAI, Illinois Diesel, and Northwest Truck, and thus could resell those particular copies without violating Mack's rights as a copyright owner. Mack, on the other hand, contends that Toledo Mack was a licensee, and not an owner, of these copies of the microfiche, and that Toledo Mack did not lawfully acquire them because it obtained them through fraud. Mack contends that Toledo Mack fraudulently represented that it was ordering the microfiche for its own use when it was in fact ordering the microfiche for PAI, Illinois Diesel, and Northwest Truck. Toledo Mack denies that it ever engaged in any fraud.

To prevail on its defense, Toledo Mack must prove two elements to you:

**First**, that Toledo Mack lawfully acquired possession of its copies of the microfiche; and

**Second**, that Toledo Mack owned, instead of licensed, the copies of the microfiche that it possessed.

With regard to the second element, the concept of ownership of a copy entails a variety of rights and interests. The fact that the right of possession is perpetual, or that the possessor's rights were obtained through a single payment, is certainly relevant to whether the

-17-

possessor is an owner, but those factors are not necessarily dispositive if Toledo Mack's right to use the microfiche is heavily encumbered by other restrictions that are inconsistent with the status of owner. In particular, if Mack restricted Toledo Mack's ability to freely distribute the microfiche to others as part of the terms of filling an order for the microfiche, Toledo Mack is a licensee and not an owner.

If Toledo Mack has not proven any of the two elements above to you, then you should disregard this defense and consider whether Mack has proven its claim for copyright infringement as to the microfiche. If Toledo Mack has proven both of these elements to you, then you must find in favor of Toledo Mack with regard to Mack's claim for copyright infringement as to the microfiche.

Source: <u>DSC Commc'ns Corp. v. Pulse Commc'ns, Inc.</u>, 170 F.3d 1354 (Fed. Cir. 1999); <u>Microsoft Corp. v. Harmony Computers & Elecs., Inc.</u>, 846 F. Supp. 208 (E.D.N.Y. 1994); <u>ISC-Bunker Ramo Corp. v. Altech, Inc.</u>, 765 F. Supp. 1310 (N.D. Ill. 1990).

**Supplemental Proposed Instruction No. 16 –Damages for Misappropriation of Trade Secrets and Misappropriation of Confidential Business Information**

As I mentioned to you earlier, I have already determined that Toledo Mack misappropriated Mack's trade secrets by providing MACSPEC 2001 to PAI.  You must now determine what, if any, damages Mack is entitled to as compensation for this misappropriation.  Mack bears the burden of proving the amount of its damages.

Mack's damages are measured by the value of the database that Toledo Mack misappropriated.  One way to measure the value of the database is the cost that Mack incurred to develop it.  The fact that Mack continued to possess and use MACSPEC 2001 should not be considered in making this damages assessment.  Thus, if Mack has proven to you the amount of money that it cost to develop MACSPEC 2001, then you may award that development cost as damages.

Furthermore, if Mack has proven to you that Toledo Mack's provision of the microfiche and/or the price lists constituted misappropriation of trade secrets and/or confidential business information, then you may award damages for those claims as well so long as Mack has proven the amount of any damages to you with reasonable certainty.

Source:  Computer Print Sys., Inc. v. Lewis, 422 A.2d 148, 157 (Pa. Super. Ct. 1980); Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., Civ. No. 90-7952, 1994 WL 116121, *10 (E.D. Pa. Mar. 21, 1994).

Respectfully submitted,


 /s/ Barak A. Bassman
Barbara Mather
Jeremy Heep
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated:  October 4, 2006

## CERTIFICATE OF SERVICE

I, Barak A. Bassman, hereby certify that on October 4, 2006 a true and correct

copy of the foregoing Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Supplemental

Proposed Jury Instructions, was served via hand delivery upon the following:

Wayne Mack
J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103


/s/ Barak A. Bassman

Barak A. Bassman