IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC. | : : | |
| Defendant. | : | |
| MACK TRUCKS, INC., | : : : | |
| Counterclaim Plaintiff, | : : : : | |
| v. | : : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Counterclaim Defendant. | : : : | |

**SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS OF
DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.**

Pursuant to the Court's request at the charging conference in this matter, Defendant/Counterclaim Plaintiff Mack Trucks, Inc. ("Mack") respectfully submits the foregoing Second Supplemental Proposed Jury Instructions.

**Second Supplemental Instruction No. 1: Damages – Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from Mack's alleged violation of Toledo Mack's rights. If you find that Mack is liable on any of Toledo Mack's claims, as I have explained them, then you must award Toledo Mack sufficient damages to compensate it for any injury proximately caused by Mack's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole – that is, to compensate him or her for the damage suffered.

I remind you that you may award compensatory damages only for injuries that Toledo Mack proves were proximately caused by Mack's alleged wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Source: 4-77 Modern Federal Jury Instructions, ¶ 77-3 (Matthew Bender 2006).

**Second Supplemental Instruction No. 2: Damages – Lost Profits**

The damages claimed by Toledo Mack for its claims are the alleged profits that it would have made in the absence of Mack's alleged wrongful conduct. A damage award is not designed to provide a party with a windfall. Thus, while Toledo Mack may recover damages based upon a claim for lost profits, an award for lost profits can only be based upon a "net profit" damage analysis. Essentially, Toledo Mack must show not only what it would have received from the performance so prevented, but also what such performance would have cost Toledo Mack (or the value to Toledo Mack of relief therefrom). Unless its proves both of those facts, it cannot recover as damages the profits lost.

Thus, if you decide to award lost profit damages to Toledo Mack, you may only award the net profits you determine would have been realized by the party, and may not award gross profit. Net profits are profit calculations that deduct all business expenses, such as salaries.

Furthermore, to recover lost profits, Toledo Mack must establish the amount of damages with reasonable certainty. Proof of damages need not be mathematically precise, but the damages must be established with a fair degree of possibility. Proof of lost sales requires "something more than a mere hope or the innate optimism of the salesman."

The damages must also be the proximate result of the defendant's improper conduct, not merely remote or possible consequences.

Source: Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 209, 412 A.2d 466, 471 (Pa. 1979); Glenn v. Point Park College, 441 Pa. 474, 480, 272 A.2d 895, 899 (Pa. 1971); Princeton Sportswear Corp. v. H & M Assocs., 517 A.2d 963, 967-968 (Pa. Super. 1986) (citing Longden v. Conestoga Transp. Co., 313 Pa. 561, 564-65, 169 A.2d 884, 885-86 (Pa. 1934)), appeal denied 516 Pa. 642, 533 A.2d 713 (Pa. 1987); Aiken Indus., Inc. v. Wilson, 477 Pa. 34, 43, 383 A.2d 808, 812-813 (Pa. 1978); Cambridge Plating Co., Inc. v. Napco, Inc., 85 F.3d 752, 773, (1st Cir. 1996); Advent Sys., Ltd. v. Unisys Corp., 925 F.2d 670 (3d Cir. 1991); Limited Stores, Inc. v. Pan American World Airways, Inc., 600 N.E.2d 1027, 1030 (Ohio 1992); AGF, Inc. v. Great Lakes Heat Treating Co., 555 N.E.2d 634, 637-38 (Ohio 1990); Digital & Analog Design Corp. v. North Supply Co., 540 N.E.2d 1358, 1362-63 (Ohio 1989).

-4-

**Second Supplemental Instruction No. 3: Damages – Multiple Claims**

**Damages: Multiple Claims**

You should not award compensatory damages more than once for the same injury. For example, if Toledo Mack were to prevail on both of its claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim – it is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate Toledo Mack fully for all of the injuries.

Source:  4-77 Modern Federal Jury Instructions, ¶ 77-2 (Matthew Bender 2006).

-5-

**Second Supplemental Instruction No. 4: Definition of "Good Faith"**

Toledo Mack asserts that Mack has violated the Ohio Motor Vehicle Distributor Law by failing to act in good faith. The Ohio Motor Vehicle Dealer Law requires a franchisor to act in good faith when acting or purporting to act under the terms, provisions, or conditions of a franchise.

The Ohio Motor Vehicle Dealer Law defines "good faith" as "honesty in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing in the trade . . . including but not limited to the duty to act in a fair and equitable manner so as to guarantee freedom from coercion, intimidation, or threats of coercion or intimidation; provided however, that recommendation, endorsement, exposition, persuasion, urging, or argument shall not be considered to constitute a lack of good faith."

Good faith means honesty in fact in the conduct or transaction concerned. Mack acted in good faith if its conduct was based on legitimate business reasons.

Furthermore, Toledo Mack cannot claim that Mack failed to act in good faith if Mack's actions were authorized by the parties' Distributor Agreement.

It is Toledo Mack's burden to prove to you that Mack failed to act in good faith.

Source: Ohio Rev. Code Ann. §§ 4517.59(A); 4517.01(BB), 1301.01(S) (Anderson Supp. 1996); Transamerica Servs. Technical Supply, Inc. v. Gen'l Motors Corp., No. 02-JE-48, 2004 WL 234684 (Ohio Ct. App. Feb. 6, 2004); Jim White Agency Co. v. Nissan Motor Corp., 126 F.3d 832 (6th Cir. 1997) (plaintiff's burden to prove that defendant manufacturer's actions were commercially unjustified); Bill Call Ford, Inc. v. Ford Motor Co., 48 F.3d 201 (6th Cir. 1995) (good faith claim cannot be based upon exercise of contractual rights); Bill Call Ford, Inc. v. Ford Motor Co., 830 F.Supp. 1053 (N.D. Ohio 1993), aff'd 48 F.3d 201 (6th Cir. 1995).

**Second Supplemental Instruction No. 5: Definition of "Predatory"**

Toledo Mack asserts that Mack has violated the Ohio Motor Vehicle Distributor Law by engaging in "predatory practices." The phrase "predatory practices" means the sacrificing of present revenue with the aim of driving a competitor out of the market, expecting to recoup the losses through subsequent higher prices after the competition is eliminated. In other words, to prevail on this claim, Toledo Mack must prove two things to you:

- **First**, that Mack gave up certain opportunities to earn a profit on transactions in order to drive Toledo Mack out of business. For example, if Mack dropped its price to another distributor below Mack's cost so as to deprive Toledo Mack of a sale, then that conduct could satisfy this first element.

- **Second**, Toledo Mack must prove to you that, if Mack successfully drove Toledo Mack out of business, Mack would be able to recoup its past losses by raising prices in the future.

Source: Dave Greytak Enterprises, Inc. v. Mazda Motors of America, Inc., 622 A.2d 14 (Del. Ch. Ct. 1992), aff'd 609 A.2d 668 (Del. 1992) (construing identical Delaware motor vehicle dealer statutory provision based on analogous federal law); Cesare v. Work, 520 N.E.2d 586, 590 (Oh. Ct. App. 1987) (Ohio court follow analogous federal law); Chandler and Assoc., Inc. v. America's Healthcare Alliance, Inc., 709 N.E.2d 190, 195 (Oh. Ct. App. 1997) (Ohio court follow analogous federal law).

**Second Supplemental Instruction No. 6: Damages Recoverable for Alleged Tortious Interference with Prospective Business Relations**

       If you find that Toledo Mack has proven to you that Mack tortiously interfered with Toledo Mack's prospective business relationships, then you must consider what, if any, damages to award Toledo Mack. The law provides that Toledo Mack may recover two types of damages for this claim:

- **First**, the loss of profits to be made out of the specific prospective contracts with which Mack allegedly interfered;

- **Second**, other consequential losses caused by any specific alleged acts of interference that you find to be improper.

Source: Restatement (Second) of Torts § 774A; Gray-Jones v. Jones, 738 N.E.2d 64 (Oh. Ct. App. 2000).

-8-

**Second Supplemental Instruction No. 7: Territory Restrictions**

You have heard testimony regarding whether Mack does, or does not, prevent distributors from selling outside of their areas of responsibility, or AOR's. In deciding whether Mack violated the Ohio Motor Vehicle Dealer Law, you are instructed that the Ohio Motor Vehicle Dealer Law does not prohibit a manufacturer from establishing exclusive territories.

Respectfully submitted,

_____
Barbara Mather
Jeremy Heep
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff Mack Trucks, Inc.

Dated: October 5, 2006

## CERTIFICATE OF SERVICE

I, Jeremy Heep, hereby certify that on October 5, 2006 a true and correct copy of the foregoing Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Second Supplemental Proposed Jury Instructions, was served via hand delivery upon the following:

Wayne Mack
J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

_____
Jeremy Heep