IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : |
| Plaintiff, | : Civil Action No. 2:02-CV-04373-RLB |
| v. | : JURY TRIAL DEMANDED |
| MACK TRUCKS, INC. | : |
| Defendant. | : |
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : |
| Counterclaim Defendant. | : |

**DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF SECOND SUPPLEMENTAL PROPOSED
<u>JURY INSTRUCTION NO. 6</u>**

Mack has submitted its Proposed Second Supplemental Jury Instruction No. 6 to address the question of which damages are recoverable pursuant to Toledo Mack's claim under Ohio law that Mack allegedly improperly interfered with Toledo Mack's prospective business relations. At the charging conference on Wednesday, October 4, 2006, Toledo Mack's counsel objected to Mack's proposed instruction on the ground that Ohio law supposedly permits Toledo Mack to recover damages based on alleged interference with a "class" of potential customers, as opposed to showing damages based on the specific prospective customer contracts that were the

subject of the actual specific acts of alleged interference. Mack submits this Memorandum to respond to Toledo Mack's objection.

Mack's jury instruction is based on the Restatement (Second) of the Torts § 774A, which the Ohio courts have adopted. See generally Gray-Jones v. Jones, 738 N.E.2d 64, 70 (Oh. Ct. App. 2000). That section provides in pertinent part, with emphasis added:

> (1) One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for
>
> (a) the pecuniary loss of the benefits of *the* contract or *the* prospective relation;
>
> (b) consequential losses for which *the* interference is a legal cause.
> . . .

On its face, the Restatement is thus clear that damages for alleged improper interference are limited to the specific results of individual, discrete acts of specific interference with particular prospective contracts. As Comment b further explains:

> Whether the interference is with an existing contract or with a prospective contractual relation, one who becomes liable for it is liable for damages for the pecuniary loss of the benefits of *the* contract or *the* relation. . . . .[W]hen the defendant's interference is with prospective contractual relations, the plaintiff may recover for the loss of profits to be made out of *the* expected contracts.

Mack's proposed instruction is therefore in accord with Ohio law.

Toledo Mack's argument to the contrary – that it can recover damages based on alleged interference with a "class" of prospective contracts without proof of loss based on any specific act of interference – is without basis. In chambers, Toledo Mack's counsel cited two cases in support of its position. One of these cases, Lucas v. Monroe County, 203 F.3d 964 (6th Cir. 2000), was not even decided under Ohio law. See Lucas, 203 F.3d at 979 (applying Michigan law).

The other case, RE/MAX Int'l, Inc. v. Smythe, Cramer Co., 265 F.Supp.2d 882 (N.D. Oh. 2003), is off point. There, defendant moved to dismiss a tortious interference claim for failure to plead damages and causation with sufficient detail. See RE/MAX, 265 F.Supp.2d at 890-891. The Court denied the Motion because the plaintiff had met the minimum notice pleading requirements of the Federal Rules of Civil Procedure by alleging generally that there were acts of improper interference that caused damages. Id. at 891-892. The Court explained that "[w]hile [plaintiff] may fail at summary judgment or at trial, it must, at this stage, only allege 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. quoting Fed. R. Civ. P. 8(a).

This case is well beyond the pleading stage, rendering RE/MAX irrelevant. It is now Toledo Mack's burden to meet the damages standard set forth in the Restatement and the jury should be so instructed.

        Respectfully submitted,

        _____
        Barbara Mather
        Jeremy Heep
        Barak A. Bassman
        PEPPER HAMILTON LLP
        3000 Two Logan Square
        Eighteenth & Arch Streets
        Philadelphia, PA 19103-2799
        (215) 981-4000

        Attorneys for Defendant/Counterclaim Plaintiff
        Mack Trucks, Inc.

Dated: October 5, 2006

## CERTIFICATE OF SERVICE

I, Jeremy Heep, hereby certify that on October 5, 2006 a true and correct copy of the foregoing Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Memorandum of Law in Support of Second Supplemental Proposed Jury Instruction No. 6, was served via hand delivery upon the following:

> Wayne Mack
> J. Manly Parks
> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA 19103

_____
Jeremy Heep