IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK TRUCKS, INC. | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Counterclaim Defendant. | : | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF MACK TRUCKS, INC.'S
MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO
PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION FOR THE ADMISSION OF
CERTAIN TRIAL EXHIBITS INTO EVIDENCE**

On Tuesday, September 26, 2006, at the close of Toledo Mack Sales & Service, Inc.'s ("Toledo Mack") case in chief, Toledo Mack moved for the admission of certain of its trial exhibits into evidence. On October 4, 2006, at the close of Mack Trucks, Inc.'s case in chief ("Mack"), Toledo Mack moved for the admission of certain additional exhibits into evidence.

The parties have conferred regarding Mack's objections to certain exhibits. During these discussions, Toledo Mack agreed to withdraw the following exhibits from its Motion:

- Plaintiff Exhibit Nos. 462 and 889. It is therefore Mack's understanding that these two exhibits are not in evidence. Mack objects to both exhibits as improper hearsay, for lack of foundation, and for lack of authentication.

- Plaintiff Exhibit Nos. 475, 476, 477, and 478, the expert reports of Mr. Harris, are withdrawn except as to "Exhibit 1." Mack objects to the admission of the remainder of these exhibits as improper hearsay and for lack of foundation.

The parties have not reached agreement on the following issues:

- Toledo Mack has moved for the admission of the entirety of certain transcripts of Mr. Yeager's tape recordings, and not merely the portions played for or read to the jury. Mack objects to the admission of the unplayed portions of these transcripts since they were not played and contain improper hearsay (as to Mr. Yeager's and non-Mack employees' statements). Admitting such unplayed portions would be particularly prejudicial as they will be available for the jury's review during deliberations. The exhibits at issue are Plaintiff Exhibit Nos. 715, 717, 718, 719, 728, 731, 751, and 752 and Defendant Exhibit Nos. 1043, 1070, 1078, 1079, 1080, and 1131.

- Mack objects to the admission of Plaintiff Exhibit No. 224, the MACSPEC II license agreement, as irrelevant in light of Mack's withdrawal of all of its counterclaims related to the misappropriation of MACSPEC 2001, except misappropriation of trade secrets, where liability has already been determined, and civil conspiracy. There is no claim relating to MACSPEC II.

- Mack objects to the admission of Plaintiff Exhibit No. 616, the alleged price list for independent parts manufacturer United Wholesale, for lack of authentication and as improper hearsay.

- Mack objects to the admission Plaintiff Exhibit No. 922, a 1990 letter from a Cincinnati Mack to certain other distributors, as improper hearsay and for lack of foundation.

I. **CONCLUSION**

For the reasons set forth herein, Mack respectfully requests that the Court deny Toledo Mack's Motion to the extent that Toledo Mack seeks the admission of portions of tape transcripts not played at trial, to the extent that Toledo Mack seeks the admission of Plaintiff Exhibit Nos. 224, 462, 616, 889, and 922, and to the extent that Toledo Mack seeks the admission of any portion of Plaintiff Exhibit Nos. 475, 476, 477, and 478 except "Exhibit 1" in each document.

Respectfully submitted,

_____
Barbara Mather
Jeremy Heep
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated: October 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., : <br> : <br> Plaintiff, : Civil Action No. 2:02-CV-04373-RLB <br> : <br> v. : <br> : JURY TRIAL DEMANDED <br> MACK TRUCKS, INC. : <br> : <br> Defendant. : | |
| MACK TRUCKS, INC., : <br> : <br> Counterclaim : <br> Plaintiff, : <br> : <br> v. : <br> : JURY TRIAL DEMANDED <br> TOLEDO MACK SALES & SERVICE, : <br> INC., : <br> : <br> Counterclaim : <br> Defendant. : | |

## ORDER

And now, on this ____ day of _____, 2006, upon consideration of Toledo Mack Sales & Service, Inc.'s Motion for the admission of certain exhibits into evidence, and Mack Trucks, Inc's response thereto, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** in part and **DENIED** in part.

2. All portions of tape transcripts not played or read to the jury during the course of trial are not admitted into evidence. Within five (5) days of the date of this Order, Counsel for Toledo Mack shall supply the Court with a complete list of the specific portions played or read, designating page and line numbers, of each transcript that Toledo Mack seeks to move into evidence.

-5-

      3. The following exhibits are not admitted into evidence: Plaintiff Exhibit Nos. 224, 462, 616, 889, and 922.

      4. The Court admits only "Exhibit 1" in each of the following documents into evidence: Plaintiff Exhibit Nos. 475, 476, 477, and 478.


By: _____
     Buckwalter, R., U.S.D.J.

## CERTIFICATE OF SERVICE

I, Jeremy Heep, hereby certify that on October 5, 2006 a true and correct copy of the foregoing Defendant/Counterclaim Plaintiff Mack Trucks, Inc.'s Memorandum of Law in Partial Opposition to Plaintiff/Counterclaim Defendant's Motion for the admission of certain exhibits, was served via hand delivery upon the following:

Wayne Mack
J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

_____
Jeremy Heep