IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : | |
| MACK TRUCKS, INC., | : : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : | |
| Counterclaim Plaintiff, | : : : | |
| v. | : : : | |
| TOLEDO MACK SALES & SERVICE, INC. | : : : | |
| Counterclaim Defendant. | : : | |

## ORDER

And now this _____ day of _____, 2006, upon consideration of the Motion to Stay Execution of Judgment Pursuant to Federal Rule of Civil Procedure 62(b), and any response thereto, it is hereby ORDERED that the Motion is GRANTED and execution on the judgment entered against Toledo Mack Sales & Service, Inc. is stayed until disposition of its post-trial motions.

_____
Buckwalter, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : | |
| MACK TRUCKS, INC., | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| Counterclaim Plaintiff, | : | |
| v. | : | |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| Counterclaim Defendant. | : | |

## MOTION TO STAY EXECUTION OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(b)

Plaintiff/Counterclaim Defendant, Toledo Mack Sales & Service, Inc. ("Toledo"), hereby requests, pursuant to Federal Rule of Civil Procedure 62(b), that the Court issue an Order staying execution of, or any proceedings to enforce, the judgment entered against Toledo on October 12, 2006, pending the resolution of Toledo's post-trial motions. For the reasons stated in the accompanying Memorandum of Law, which is incorporated herein by reference in its entirety, Toledo also requests that the Court grant an unsecured stay or, in the alternative, that it permit Toledo to offer security on the judgment in a form other than a bond, as described in more particularly in the accompanying Memorandum.

DM1\702347.2

WHEREFORE, Toledo respectfully requests that this Court issue a stay of execution pursuant to Rule 62(b) and not order security in the form of a letter of credit or bond.

        Respectfully Submitted,

        DUANE MORRIS LLP

Date:  October 26, 2006        By: /s/ Wayne A. Mack
        Wayne A. Mack
        J. Manly Parks
        James H. Steigerwald
        David A. Degnan
        DUANE MORRIS LLP
        30 South 17th Street
        Philadelphia, PA  19103-4196
        215.979.1000

        Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : | |
| MACK TRUCKS, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| Counterclaim Plaintiff, | : | |
| v. | : | |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| Counterclaim Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY EXECUTION OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(b)**

Plaintiff/Counterclaim Defendant, Toledo Mack Sales & Service, Inc. ("Toledo"), by and through its attorneys, Duane Morris LLP, respectfully submits the following Memorandum of Law in support of its motion to stay execution of judgment pending the resolution of Toledo's post-trial motions.

## INTRODUCTION

On October 12, 2006, this Court entered judgment against Toledo in the amount of $11,356,500.00. The automatic stay on the execution of this judgment expired on October 26, 2006. Fed. R. Civ. P. 62(a). The amount of the judgment so far exceeds Toledo's assets and its

DM1\702347.2

ability to pay that Toledo may be forced into bankruptcy if Mack Trucks, Inc. ("Mack") were to execute the judgment. Toledo has filed several post-trial motions with the Court, including a motion for a new trial on the grounds that the jury's verdict on the misappropriation of trade secrets counterclaim is wholly unsupported by the evidence. A stay on the execution of the judgment pending the disposition of these motions is essential to allow Toledo the opportunity to prosecute the motions and to prevent irreparable harm to Toledo.

In addition, because Toledo has insufficient assets with which to secure the judgment, the Court should not require Toledo to secure a bond as a condition for the stay. A party should not be forced to post a bond today to secure a judgment that it will be financially unable to pay tomorrow. "[A]ny security or bond offered . . . should simply reflect and preserve defendants' current ability to satisfy the judgment." *Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999). A bond in the amount of the judgment would have the same disastrous effect on Toledo as would the execution of the judgment and should therefore not be required. Toledo requests that the Court grant an unsecured stay or, in the alternative, that it permit Toledo to offer security on the judgment in a form other than a bond, as described below.

## ARGUMENT

### I.   A Stay Is Warranted Pursuant to Rule 62(b).

Federal Rule of Civil Procedure 62(b) gives a district court the discretion to stay the execution of a judgment pending the disposition of post-trial motions. In deciding whether to grant such a stay, courts consider (1) whether the moving party has a likelihood of success on the merits of its post-trial motions, (2) whether the party will be irreparably injured absent a stay, (3) whether granting the stay will substantially injure the non-moving party, and (4) whether the public interest will be served by granting the stay. *Johnston v. Sch. Dist. of Philadelphia*, No.

Civ. A. 04-4948, 2006 WL 563003, at *1 (E.D. Pa. Mar. 7, 2006); *Combustion Sys. Serv., Inc. v. Schuylkill Energy Res., Inc.*, 153 F.R.D. 73, 74 (E.D. Pa. 1994). Each of these factors weighs in favor of a stay here.

First, as described fully in Toledo's motions for post-trial relief, there is no basis in the record for the jury's verdict on Mack's counterclaims for misappropriation of trade secrets. Neither the law nor the evidence submitted at trial supports this shocking award. Because Toledo is likely to prevail on its request for a new trial, this factor favors a stay of the judgment.

Second, there is absolutely no question that Toledo will suffer irreparable injury if Mack remains free to execute the judgment because Toledo's assets are insufficient to pay the judgment. The attached Declaration of Toledo (Exhibit 1) shows that Toledo's total assets were valued at approximately $6.8 million on September 30, 2006 and its total liabilities were valued at approximately $7.85 million. Toledo's inventories of trucks and truck parts comprise approximately $5.8 million of its assets. Nearly all of Toledo's truck inventory is already pledged as collateral on notes payable. The value of the land and building Toledo owns was assessed at approximately $264,800.00 in 2006 as part of a tax assessment by Lucas County, Ohio. Thus, Toledo's financial condition is such that if Mack were to collect on the judgment, Toledo might be forced into bankruptcy. This would likely "terminat[e] the very corporate existence" of Toledo, *Bethel v. McAllister Bros., Inc.*, Civ. A. No. 91-2032, 1994 WL 230740, at *1 (E.D. Pa. May 19, 1994), and eliminate the company "as a going concern and . . . a competitor in interstate commerce," *C. Albert Sauter Company, Inc. v. Richard S. Sauter Company, Inc.*, 368 F. Supp. 501, 520 (E.D. Pa. 1973). A stay is required to protect Toledo and its employees from such irreparable harm.

3

Third, Mack will suffer no injury if the Court grants a stay pending the resolution of Toledo's post-trial motion. Mack's ability to collect the judgment will not be affected in any way by a stay. Toledo's assets will be as insufficient to satisfy the judgment in the future as they are now. Furthermore, to the extent that the Court determines that Toledo should provide some form of security on the judgment, Toledo proposes a security arrangement, described below, through which it will protect the assets with which it could satisfy the judgment in the future. This proposal ensures that Mack will not be injured by a stay.

Finally, the public's interest is served by delaying Toledo's potential bankruptcy at least until this Court resolves Toledo's post-trial motions, and specifically until it determines whether the record supports the extravagant judgment awarded to Mack. Toledo employs fourteen employees whose jobs will be in jeopardy if Mack proceeds to execute the judgment. Toledo also serves an important role in the market for heavy duty vocational trucks by selling new Mack trucks to customers in at least twelve states at prices substantially lower than other franchised Mack dealers. By staying execution, the Court will permit Toledo to continue functioning in this role. Moreover, it is undoubtedly in the public interest to avoid triggering costly bankruptcy proceedings that will affect Toledo's creditors until this Court has ruled on Toledo's post-trial motions.

## II.     The Court Should Exercise Its Discretion To Grant an Unsecured Stay or, in the Alternative, Should Order Security in a Form Other Than a Bond.

Rule 62(b) permits a district court to condition a stay on "such conditions for the security of the adverse party as are proper." As a general matter, Rule 62 disfavors "any unsecured stay of execution after the expiration of the time for filing post-trial motions." *Kinnel v. Mid-Atlantic Mausoleums, Inc.*, Civ. A. No. 86-6634, 1987 WL 14507, at *4 (E.D. Pa. July 24, 1987). However, a party seeking a stay under Rule 62(b) can overcome the policy against unsecured

stays by demonstrating that posting a bond or otherwise providing adequate security would be "impossible or impractical." *Id.*; *see also Gallatin Fuels v. Westchester Fire Ins. Co.*, No. 02CV2116, 2006 WL 952203, at *2 (W.D. Pa. April 12, 2006). It is clearly impossible for Toledo to provide a bond as security for the judgment.

There are many cases in which courts in this District have granted stays without requiring a bond in the amount of a judgment on the grounds that posting the bond would be financially impossible or would force a party into bankruptcy. *See Bethel*, 1994 WL 230740, at *1-2; *HCB Contractors v. Rouse & Assocs.*, 168 F.R.D. 508, 512 (E.D. Pa. 1995); *Silver v. Mendel*, Civ. A. No. 86-7104, 1992 WL 163285, at *1 (E.D. Pa. July 8, 1992); *C. Albert Sauter Company, Inc. v. Richard S. Sauter Company, Inc.*, 368 F. Supp. 501, 520 (E.D. Pa. 1973). The reasoning behind these decisions is clear. "[A]ny security or bond offered . . . should simply reflect and preserve defendants' current ability to satisfy the judgment." *Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999). There is no reason to force a party to post a bond in the full amount of a judgment that it will never be able to pay. Under these circumstances, a bond would not increase the probability of collecting the judgment and, in fact, could actually hinder the prevailing party's ability to collect. As the Seventh Circuit Court of Appeals noted, if a judgment debtor is forced into bankruptcy by posting a bond as security, the prevailing party becomes a judgment creditor with an unsecured claim upon which it is unlikely to collect. *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 799 (7th Cir. 1986). Requiring a bond in this situation would only enable a prevailing party to force a settlement by making it difficult for the party moving for a stay to prosecute its post-trial motions, or any potential appeal, without declaring bankruptcy. *Id.*

5

The attached Declaration shows that Toledo has no liquid assets with which to post a cash bond as security for the judgment. Nor are Toledo's assets sufficient to obtain a letter of credit in the amount of the judgment. Simply put, it is impossible for Toledo to provide security in the amount of the judgment and the Court should not make this a condition of granting a stay of execution. *Cf. HCB Contractors*, 168 F.R.D. at 512 ("Having no substantial liquid assets . . . , I find that the [movants] are unable to provide a case bond or obtain a supersedeas bond.").

Should the Court determine that, despite Toledo's inability to satisfy the judgment, some security for Mack is appropriate in this case, Toledo proposes an alternative to a bond. First, Toledo agrees to "do everything in [its] power to maintain the value of all [its] assets and prevent a decrease in value thereof" while the stay is in effect. *C. Albert Sauter Co.*, 368 F. Supp. at 521. Second, Toledo shall not transfer any interest in its assets outside the ordinary course of business. *See HCB Contractors*, 168 F.R.D. at 515. Third, Toledo will make no financial commitments or expenditures for capital improvements without prior court approval. *See Silver*, 1994 WL 230740, at *1. Fourth, Toledo shall not pay or incur any debts except in the ordinary course of business. *See id.*; *C. Albert Sauter Co.*, 368 F. Supp. at 521. Toledo may continue to make monthly payments to David and Sally Yeager of approximately $6,000.00 for interest on a personal loan, the entire proceeds of which the Yeagers previously provided to Toledo to support the operation of the business. Fifth, Dave and Sally Yeager, neither of whom has taken a salary or distribution from Toledo for over six years, agree not to take any salary or distributions from Toledo while the stay is in effect, though Toledo will continue to pay the cost of their health insurance. Sixth, Toledo agrees to notify Mack of any claims or enforcement attempts made against Toledo by its other creditors. *See HCB Contractors*, 168 F.R.D. at 514. These conditions will ensure that Mack's ability to collect the judgment will not change while the Court

6

considers Toledo's post-trial motions. *See Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) (noting security offered pursuant to Rule 62(d) should "preserve the status quo" as between the parties).

    Respectfully Submitted,

    DUANE MORRIS LLP

Date: October 26, 2006    By: /s/ Wayne A. Mack
    Wayne A. Mack
    J. Manly Parks
    James H. Steigerwald
    David A. Degnan
    DUANE MORRIS LLP
    30 South 17th Street
    Philadelphia, PA 19103-4196
    215.979.1000

    Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

## CERTIFICATE OF SERVICE

     I, J. Manly Parks, hereby certify that a true and correct copy of the foregoing Motion to Stay Execution of Judgment Pursuant to Federal Rule of Civil Procedure 62(b), together with Memorandum of Law in support thereof was served this 26th day of October, 2006, by hand delivery upon counsel of record as follows:

          Jeremy Heep, Esquire
          Pepper Hamilton LLP
          Two Logan Square, Suite 3000
          Eighteenth and Arch Streets
          Philadelphia, PA  19103

          /s/ J. Manly Parks
          J. Manly Parks