IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 2:02-CV-04373-RLB |
| : | |
| v. : | |
| : | |
| MACK TRUCKS, INC., : | |
| : | |
| Defendant. : | |

---

| | |
|---|---|
| MACK TRUCKS, INC., : | |
| : | |
| Counterclaim Plaintiff, : | |
| : | |
| v. : | |
| : | |
| TOLEDO MACK SALES & SERVICE, INC. : | |
| : | |
| Counterclaim Defendant. : | |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff Toledo Mack Sales & Service, Inc.'s Memorandum of Law in Support of its Renewed Motion for Judgment as a Matter of Law on the Counterclaims of Mack Trucks, Inc. and for Other Post-Trial Relief, and any response thereto, it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Toledo Mack Sales & Service, Inc. is entitled to entry of judgment in its favor on each counterclaim advanced by Mack Trucks, Inc.,

and that Toledo Mack Sales & Service, Inc. is entitled to a new trial on each of its affirmative claims against Mack Trucks, Inc.

BY THE COURT:

_____
Buckwalter, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : <br> : <br> : |
| Plaintiff, | :    Civil Action No. 2:02-CV-04373-RLB <br> : |
| v. | : <br> : |
| MACK TRUCKS, INC., | : <br> : |
| Defendant. | : |

| | |
|---|---|
| MACK TRUCKS, INC., | : <br> : |
| Counterclaim Plaintiff, | : <br> : <br> : |
| v. | : <br> : |
| TOLEDO MACK SALES & SERVICE, INC. | : <br> : <br> : |
| Counterclaim Defendant. | : <br> : |

**RENEWED MOTION OF TOLEDO MACK SALES AND SERVICE, INC.
FOR JUDGMENT AS A MATTER OF LAW ON THE COUNTERCLAIMS OF
<u>MACK TRUCKS, INC. AND FOR OTHER POST-TRIAL RELIEF</u>**

1.    Toledo Mack Sales and Service, Inc. ("Toledo"), by and through its attorneys, Duane Morris LLP, hereby moves this Court to enter judgment in Toledo's favor as a matter of law pursuant to Federal Rule of Civil Procedure 50. In the alternative, Toledo moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a), or to amend, alter and/or remit the judgment entered against it pursuant to Federal Rule of Civil Procedure 59(e), on all counterclaims advanced by Mack Trucks, Inc. ("Mack").

2. Toledo further moves this Court to grant Toledo a new trial on each of Toledo's claims against Mack pursuant to Federal Rule of Civil Procedure 59(a).

3. As set forth more fully in the accompanying Memorandum of Law, Toledo is entitled to entry of judgment in its favor on each of the counterclaims advanced by Mack.

4. Toledo is entitled to entry of judgment in its favor on Mack's counterclaim for the misappropriation of MACSPEC 2001 because Mack failed to present any competent evidence of damages. There was no evidence that Mack suffered any harm as a result of the alleged misappropriation, that PAI Industries, Inc. ("PAI") received a benefit worth $11,340,000 by possessing MACSPEC 2001 for a few months, or that $11,340,000 constitutes a "reasonable royalty" for PAI's possession of MACSPEC 2001. Nor are Mack's "development costs" for MACSPEC 2001 an appropriate measure of damages here because MACSPEC 2001 was recovered and its value has not been compromised.

5. Toledo is entitled to entry of judgment in its favor on Mack's counterclaim for misappropriation of MACSPEC 2001 because that counterclaim is barred by the gist of the action doctrine and the economic loss rule.

6. If the Court refuses Toledo's motion for judgment as a matter of law in favor of Toledo on Mack's counterclaims, and assuming *arguendo* that the Court determines that development costs are an appropriate measure of damages on Mack's counterclaim, then the Court should reduce the judgment against Toledo on the counterclaim to $50,000, pursuant to Federal Rule of Civil Procedure 59(e), to reflect the amount of actual development costs incurred by Mack in connection with MACSPEC 2001. Moreover, because Mack settled its claims against PAI for misappropriation of trade secrets for, among other things, a payment by PAI to

2

Mack of $50,000, and because any damages awarded against Toledo should be reduced by the amount of this settlement payment pursuant to 42 Pa. C.S. § 8326, the award should be reduced here to zero.

7. Toledo is entitled to amendment and/or remittur of the judgment against it on Mack's counterclaim for misappropriation of MACSPEC 2001 because the evidence adduced at trial does not support the damages award of $11,340,000.

8. Toledo is entitled to a new trial on all claims and counterclaims because highly prejudicial and irrelevant evidence was admitted regarding prior, unrelated litigation involving Dave and Sally Yeager. The jury was improperly influenced by this inadmissible evidence, and its admission entitles Toledo to a new trial on both its affirmative claims against Mack and on Mack's counterclaims.

9. Toledo is entitled to a new trial because judgment was erroneously entered against Toledo as a matter of law on Mack's claim for misappropriation of MACSPEC 2001. The Court entered judgment on this claim based on a decision by the Ohio Court of Appeals made in the course of dealership termination proceedings wholly separate from the instant litigation. The Ohio Court of Appeals only issued a finding as to one element of Mack's misappropriation of trade secrets claim – the existence of a trade secret. Therefore, Mack was not entitled to judgment on for misappropriation of MACSPEC 2001, and Toledo should receive a new trial on this counterclaim.

10. Toledo is entitled to a new trial because the Court improperly granted judgment as a matter of law in favor of Mack on Toledo's claim under section 1 of the Sherman Act.

11. Toledo is entitled to a new trial because the Court improperly excluded highly probative direct evidence of an illegal antitrust conspiracy that violated section 1 of the Sherman Act.

12. Toledo is entitled to a new trial because the Court improperly granted summary judgment in Mack's favor on Toledo's claim under the Robinson-Patman Act.

13. Toledo is entitled to a new trial on all of its claims because counsel for Mack engaged in prejudicial misconduct during closing argument.

14. Toledo is entitled to a new trial on all its claims and counterclaims because the Court failed to provide counsel with the instructions it intended to provide the jury prior to closing arguments, as required by Federal Rule of Civil Procedure 51. Toledo was prejudiced by this failure because Toledo's counsel, lacking prior notice of the jury instructions, focused its closing arguments on themes that were directly undermined by the Court's instructions.

15. Toledo is entitled to a new trial on all claims and counterclaims because the jury verdict is unsupported by the evidence.

                                                Respectfully Submitted,

                                                DUANE MORRIS LLP

Date: October 26, 2006                By: /s/Wayne A. Mack
                                                   Wayne A. Mack
                                                   J. Manly Parks
                                                 James H. Steigerwald
                                                 David A. Degnan
                                                 30 South 17th Street
                                                 Philadelphia, PA 19103-4196
                                                 215.979.1000

                                                 Attorneys for Plaintiff/Counterclaim
                                                 Defendant Toledo Mack Sales & Service, Inc.

## CERTIFICATE OF SERVICE

I, J. Manly Parks, hereby certify that a true and correct copy of Plaintiff Toledo Mack Sales & Service Inc.'s Memorandum of Law in Support of its Renewed Motion for Judgment as a Matter of Law on the Counterclaims of Mack Trucks, Inc. and for Other Post-Trial Relief was served this 26th day of October, 2006, by hand delivery upon counsel of record as follows:

> Jeremy Heep, Esquire
> Pepper Hamilton LLP
> Two Logan Square, Suite 3000
> Eighteenth and Arch Streets
> Philadelphia, PA 19103

/s/ J. Manly Parks
J. Manly Parks