## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("the Agreement") is made and entered into as of this 14th day of November, 2002, by and between **PAI INDUSTRIES, INC.**, a Georgia corporation ("PAI"), and **MACK TRUCKS, INC.**, a Pennsylvania corporation ("Mack").

WHEREAS, Toledo Mack Sales & Service, Inc. ("Toledo Mack") filed suit against Mack on or about July 1, 2002, Civil Action No. 02-4373, (the "Litigation"); and

WHEREAS, Mack answered the Complaint and filed counterclaims on or about August 22, 2002; and

WHEREAS, Mack, in its counterclaims, set forth claims against PAI as well as Toledo Mack, including, as to PAI, claims for misappropriation of trade secrets and confidential business information, copyright infringement, tortious interference with existing contractual relations, fraudulent and intentional misrepresentation, and conspiracy; and

WHEREAS, Toledo Mack and PAI have filed cross-claims against one another; and,

WHEREAS, PAI and Mack desire to resolve all disputes currently existing between them,

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree:

1.    **Payment.**

PAI will pay $50,000 to Mack contemporaneously with the execution of this Agreement and all related documents by Mack.



DEFENDANT'S
EXHIBIT
410

1

2.    **Return of Products.**    PAI will return the following to Mack Trucks, Inc. contemporaneously with an executed copy of this Agreement.

    a.    The entire MACSPEC 2001 system as defined in PAI's First Set of Requests for Production of Documents in the Litigation, dated September 23, 2002, and any copy or portion thereof, including the hard drive where the MACSPEC 2001 currently resides on PAI's computer system at PAI headquarters in Suwanee, Georgia, or any thing produced or obtained from MACSPEC 2001, including any printouts.

    b.    Any copy or portion of MACSPEC 2001 or MACKNET within the control of PAI, or any thing produced or obtained from MACSPEC 2001 or MACKNET, including any printouts, wherever such system, thing, product, or copy may reside.

    c.    Any and all Mack parts Master Price Lists, Price Bulletins, Vendor Direct Ship Price Books, and Glider Kit Specifications & Options Price Books, as provided to authorized Mack Distributors and Service Dealers, whether in hard copy or electronic form, including Price Book CD's, Mack price tapes, and any partial or complete printouts thereof. With regard to microfiche or other predecessors of MASPEC 2001 or MACKNET, PAI shall not be required to return such predecessor materials and/or information to Mack but PAI hereby agrees to maintain such materials as trade secrets and to not disclose to third parties for any reason.

3.    **Use and Possession.**  PAI also agrees not to use or possess MACSPEC 2001, MACKNET or any part or portion thereof, or any Mack parts Master Price List, Price

2

Bulletin, Vendor Direct Ship Price Book, and Glider Kit Specifications & Options Price Book, as provided to authorized Mack Distributors and Service Dealers, whether in hard copy or electronic form, including Price Book CD's, Mack price tapes, and any partial or complete printouts thereof. Nothing in this Agreement shall prohibit PAI from inquiring with regard to Mack's prices or from obtaining routine price quotes that may or may not contain Mack's prices.

4.    **Consent Decree.** PAI will consent to an entry of an Order, in the form attached hereto as Exhibit "A," permanently enjoining it from the use of the items set forth in Paragraphs 2(a), (b) and (c). Nothing shall prohibit PAI from using these items or any other Mack related information that:

a.    is, at the time of the disclosure to PAI, part of the public domain; or

b.    becomes part of the public domain, by publication or otherwise, except by breach of the provisions of this Agreement; or

c.    is developed by PAI independently of, and without reference to, any confidential or trade secret information of Mack.

5.    **Cooperation.**

PAI will cooperate, as a third party, in discovery in the Litigation.   The parties expressly acknowledge that it is the intention of Mack to proceed against Toledo Mack on all of its counterclaims.

6.    **Mutual Release.**

In consideration of the provisions set forth in this document, aside from the executory provisions of this Agreement, which will survive and remain enforceable, PAI and Mack and each of them, for themselves, their legal successors and assigns, which they have or may have,

3

do hereby absolutely, fully and forever release, relieve, waive, relinquish and discharge each other, their parents and subsidiaries, predecessors in interest, legal successors and assigns, members, stockholders, officers, directors, agents, employees, representatives, attorneys, affiliates, and each of them from any and all manner of action or actions, cause or causes of action, claims, suits, debts, liabilities, demands, obligations, costs, expenses, controversies, damages, accounts, reckonings and liens of every kind or nature whatsoever, whether known or unknown, suspected or unsuspected which the parties have at any time heretofore had, owned, or held, by reason of, arising out of or in connection with any matter, cause or thing whatsoever occurred, done, omitted or suffered to be done prior to the date this Agreement is signed by both parties and therefore becomes effective, arising out of or in connection with any matter, cause or thing involved with or relating to this cause of action, so that the parties shall have no claim of any kind or nature whatsoever, either directly or indirectly on any contract (express, implied in fact and implied in law) or any tort, or for any other kind of liability or supposed liability, or lien, or thing, act, matter or cause existing, done or omitted to be done, at any time whatsoever, to and including the date of this Agreement, PROVIDED, however, that any court order, consent decree or settlement agreement between the parties remain in full force and effect.

5.    **Full and Final Accord and Satisfaction.**

The parties agree and acknowledge that they are aware of the fact that it is their intention that, upon the execution by all parties, this Agreement shall be effective as a full and final accord and satisfaction and settlement of and is a bar to each and every claim, demand, damage, debt, account, reckoning, liability, obligation, cost, expense, lien, or action which they have, or have had against each other or each other's affiliates up to the date this Agreement becomes effective. In connection with such waiver and relinquishment, the parties hereto acknowledge that they are

aware that they or their attorneys may hereafter discover facts different from or in addition to the facts which they or their attorneys now know or believe to be true with respect to the subject matter of this agreement, but that it is their intention to fully, finally, absolutely and forever settle any and all claims, disputes and differences which do now exist or heretofore have existed between any of the parties to this Agreement and that in furtherance of such intention, the releases herein given shall be and remain in effect as full and complete general releases notwithstanding the discovery of any such additional or different facts.

6.    **No Claims Assigned.**

The parties represent and warrant to each other that they have not heretofore assigned or transferred or purported to assign or transfer, to any person or entity any claim, demand, damages, debt, liability, obligation, account, reckoning, cost, expense, lien, action or cause of action, or any part or portion thereof, involved or referred to in the Litigation.  The parties agree to indemnify and hold harmless each other, against any claim, demand, debt, liability, account, reckoning, obligation, cost, damage, expense, lien, action or actions including but not limited to the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced, based on or arising out of or in connection with any such transfer or assignment.

7.    **Successors and Assigns.**

The provisions of this Agreement shall be deemed to obligate, extend to and inure to the benefit of the legal successors, assigns and transferees of each of the parties hereto who may assume any and all of the above-described capacities subsequent to the execution and effective date of this Agreement.

8.    **Advice of Counsel.**

All parties hereto do hereby acknowledge and agree that they have been represented by independent counsel of their own choice throughout all negotiations which preceded the execution of this Agreement, and that they have executed this Agreement with the consent and upon advice of said independent counsel.

9.    **Applicable Law; Consent to Jurisdiction.**

This Agreement is made and entered into in the Commonwealth of Pennsylvania and shall be in all respects interpreted, enforced and governed under the laws of that Commonwealth. The parties consent to jurisdiction and venue in the Commonwealth of Pennsylvania, and waive their right to any other venue.

10.    **Dismissal.**

The parties hereto agree to execute and file a Stipulation of Dismissal With Prejudice to their claims against each other and Mack will agree to consent to a Stipulation of Dismissal Without Prejudice regarding Toledo Mack's and PAI's cross-claims against one another promptly after execution of this Agreement.

11.    **Entire Agreement.**

This Agreement, together with its attachments, contains the entire agreement and understanding concerning the subject matter between the parties, and supercedes and replaces all prior negotiations and proposed agreements, written and oral. Each party hereto acknowledges that neither the other party nor any agent or attorney of the other party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce it to execute this Agreement, and acknowledges that it is has not

6

executed this Agreement in reliance upon any such promise, representation or warranty not contained herein.

12.  **Amendments.**

      Neither this Agreement nor any provision of this Agreement can be modified or waived in any way, except by an Agreement in writing signed by each of the parties hereto, consenting to such modification or waiver.

      **IN WITNESS WHEREOF,** each of the parties hereto has caused this Agreement to be executed by its duly authorized representatives, and each of the individual parties has affixed his or her hand and seal as of the effective date and year first above written.

ATTEST:

PAI INDUSTRIES, INC., a Georgia corporation

By: _____

Secretary

[CORPORATE SEAL]

Title: _Vice President_

ATTEST:

MACK TRUCKS, INC., a Pennsylvania corporation

By: _____

~~Secretary~~ Witness

[CORPORATE SEAL]

Title: EVP, General Counsel & Sec.

7