# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : Civil Action No. 2:02-CV-04373-RLB |
| Plaintiff, | : |
| v. | : ORAL ARGUMENT REQUESTED |
| MACK TRUCKS, INC. | : |
| Defendant. | : |
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : |
| TOLEDO MACK SALES & SERVICE, INC | : |
| Counterclaim Defendant. | : |

## ORDER

And now, on this ____ day of _____, 2006, upon consideration of Toledo Mack Sales & Service, Inc.'s Motion to Stay Execution of Judgment Pursuant to Federal Rule of Civil Procedure 62(b), and Mack Trucks, Inc.'s Opposition thereto, it is hereby

**ORDERED** that the Motion is **DENIED**.

By: _____
Buckwalter, R., U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : Civil Action No. 2:02-CV-04373-RLB |
| Plaintiff, | : |
| v. | : ORAL ARGUMENT REQUESTED |
| MACK TRUCKS, INC. | : |
| Defendant. | : |
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : |
| TOLEDO MACK SALES & SERVICE, INC. | : |
| Counterclaim Defendant. | : |

**DEFENDANT MACK TRUCKS, INC.'S OPPOSITION TO PLAINTIFF TOLEDO MACK SALES & SERVICE, INC.'S MOTION TO STAY EXECUTION OF JUDGMENT**

Plaintiff/counterclaim defendant Toledo Mack Sales & Service, Inc. ("Toledo Mack") has moved to stay enforcement of the judgment entered against it and on behalf of defendant/counterclaim plaintiff Mack Trucks, Inc. ("Mack"). Mack opposes Toledo Mack's motion because it has not shown any reasonable, objective basis for staying enforcement of the Court's judgment without any security being provided.

Toledo Mack recognizes that a stay is generally predicated on the losing party posting a bond for the amount of the judgment. See Toledo Mack Br. at 2. Under Rule 62, there are four factors to be considered by the Court in deciding a motion to stay execution of a judgment: "(1) whether [Toledo Mack] has made a strong showing that [it] is likely to succeed

on the merits; (2) whether [Toledo Mack] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Botman Int'l, B.V. v. Int'l Produce Imports, Inc., 2006 WL 263619, *2 (E.D. Pa. Jan 31, 2006). Here, Toledo Mack has not shown that it is likely to prevail on its post-trial motion nor that its motion involves substantial issues, and it has not addressed the harm that Mack would suffer absent some form of security for the judgment. An unsecured stay is therefore inappropriate. See, e.g., Schreiber v. Kellogg, 839 F. Supp. 1157, 1160-62 (E.D. Pa. 1993) (denying motion to waive a supersedeas bond, and stating that the "granting of an unsecured stay [of a judgment] under [Rule 62] must be the exceptional case").

Nor has Toledo Mack adequately supported its request for alternative restrictions. The bond requirement serves an important purpose, and a request for an exemption from its strict application must be supported by specific, current information regarding the judgment debtor's assets:

> The purpose of the supersedeas bond is to preserve the status quo . . . . It protects the winning party from the possibility of loss resulting from the delay in execution . . . . The bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs.
>
> * * *
>
> [T]he court should exercise the discretion to require less than a full supersedeas bond only in "extraordinary circumstances." The judgment debtor bears the burden of demonstrating objectively the need for departure from the usual requirement of full security by showing that posting a full bond is impossible or impracticable.

Schreiber, 839 F. Supp. at 1159 (citations omitted); see also United States v. Kurtz, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981) ("[It is] the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical; likewise, it is appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.").

Other than a conclusory statement that "[i]t is clearly impossible for Toledo to provide a bond as security for the judgment," see Toledo Mack brief at 5, Toledo Mack offers no proof that it even attempted to obtain a bond, in any amount.[1] Indeed, ignoring its own declaration that shows $6.8 million in assets, see Decl. at ¶ 7, and an apparent ability to pay over $6,000 a month in cash and benefits to its owners, see Toledo Mack Br. at 6, Toledo Mack argues that it should not be forced to obtain any bond to secure the judgment against it. As a case cited by Toledo Mack holds, a prevailing party's "interests must be protected . . ., and it is the [losing party's] duty to propose a plan that will provide adequate (or as adequate as possible under the circumstances) security for [the prevailing party]." HCB Contractors v. Rouse & Assocs., 168 F.R.D. 508, 513-14 (E.D. Pa. 1995).

Even if this Court determines that Toledo Mack has put forward sufficient facts to support a reduction of the bond required to stay execution (and by failing to prove at least two of the four factors, it has failed to make such a showing), the Court should require the posting of a bond based on Toledo Mack's current inventory and property value – acknowledged to be $5.8 million for the inventory plus $264,800 for the property.

Because such a reduced bond would not be sufficient to fully protect Mack's interests pending the post-trial motions, should the Court elect to require a reduced bond, it also should impose stringent conditions on Toledo Mack in exchange for the stay by "arrang[ing] another type of security arrangement through 'an appropriate restraint on the judgment debtor's financial dealings . . . .'" Bethel v. McAllister Bros., Inc., 1994 WL 230740, *1 (May 19, 1994).

---

[1] Toledo Mack's statements regarding its financial situation do nothing to prove that it cannot obtain a bond for a substantial portion of the judgment.

Any consideration of what conditions would be appropriate should begin from the recognition that Mack's right to terminate Toledo Mack for stealing its trade secrets was upheld by the Ohio Court of Appeals and that the Ohio Supreme Court has denied review. Thus, Toledo Mack will be terminated by Mack.

In accordance with Toledo Mack's Distributor Agreement, paragraphs 27 and 28, Toledo Mack is obligated to resell to Mack certain truck chassis and parts that are in Toledo Mack's inventory within 30 days of the termination. At a minimum, therefore, any order regarding a stay should provide that Mack need not make such payments for the return of its products from Toledo Mack's inventory, but still require the return of that inventory to Mack. This would assure that Mack is not giving Toledo Mack money that Toledo Mack could use for purposes other than paying the judgment.[2]

Any order should have several additional conditions, as well (these conditions are spelled out in detail at Exhibit A). <u>First</u>, the owners of Toledo Mack should not be permitted to siphon off what little cash it may have through so-called interest payments by Toledo Mack. <u>See</u> Toledo Mack Br. at 6. Toledo Mack provides no factual support for these payments and cites no cases that would support carving them out of any order this Court might enter. Indeed, even the cases cited by Toledo Mack demonstrate that this Court should <u>not</u> allow these interest payments. <u>See, e.g.</u>, <u>C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.</u>, 368 F. Supp. 501, 521 (E.D. Pa. 1973) (disallowing interest payments to other defendants and related entities).

<u>Second</u>, Toledo Mack only suggests that it should not transfer any interest in its assets outside the ordinary course of business, citing <u>HCB Contractors</u>, 168 F.R.D. at 515. But,

---

[2] An alternative would be to place the funds in an escrow account which would pay the balance to Mack if the judgment in its favor is upheld and to Toledo Mack if, and to the extent, the judgment in favor of Mack is reduced below the balance in the account.

that case imposed a far greater restriction on the judgment debtor, "restrain[ing] and enjoin[ing] [the judgment debtor] from transferring any interests in any assets . . . to any person or entity . . . ." Id. If this Court agrees that a stay is appropriate, it should impose the greater restriction as stated in HCB Contractors, rather than the more limited restriction suggested by Toledo Mack.[3]

Third, Toledo Mack should be required to provide sworn monthly financial statements to Mack and this Court showing its financial condition with sufficient detail to demonstrate its compliance with any order. See Bethel, 1994 WL 230740, *2 (cited with approval by Toledo Mack).

Fourth, Toledo Mack should not be permitted to incur any additional debts – not simply debts outside the ordinary course of business. See HCB Contractors, 168 F.R.D. at 515 (judgment debtor "shall not borrow . . . funds; cited with approval by Toledo Mack").

Fifth, Toledo Mack should not be permitted to make any dividend or other payments to its shareholders.

Although these restrictions would not be an adequate substitute for a bond for the full amount of the judgment, if this Court decides that a reduced bond amount or a stay of execution is appropriate, they are the minimum restrictions that should be placed on Toledo Mack.

---

[3] Because Toledo Mack will be terminated as a Mack distributor, there will be no ongoing business for it to undertake.

## CONCLUSION

For the foregoing reasons, Toledo Mack's Motion to Stay Execution of Judgment should be denied. In the alternative, should the motion be granted, significant restrictions should be placed on Toledo Mack.

Respectfully submitted,

_____
Barbara Mather
Jeremy Heep
Christopher J. Huber
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated: November 9, 2006

# EXHIBIT A – PROPOSED RESTRICTIONS

- Toledo Mack is required to post a bond in the amount of $6,064,800.

- Toledo Mack is restrained and enjoined from transferring any interests in assets, or consenting to the transfer of any assets, to any person or entity, including, without limiting the foregoing, its inventory of Mack trucks and parts. Notwithstanding this limitation, Toledo Mack is not restricted from returning its inventory of trucks and parts to Mack in accordance with it Distributor Agreement and the limitations imposed by the Court.

- Any funds payable from Mack to Toledo Mack, including those related to buy-back of Toledo Mack inventory, shall be placed in escrow. These funds will be paid to Mack if the judgment in its favor is upheld and to Toledo Mack if, and only to the extent, the judgment in favor of Mack is reduced below the balance held in the escrow account.

- Toledo Mack shall not borrow any funds or enter into any loans or other indebtedness.

- Toledo Mack shall provide to Mack on a monthly basis financial statements necessary to demonstrate Toledo Mack's compliance with the Court's Order. Such financial statements shall be provided under oath.

- Toledo Mack shall not issue any dividend or other payment to its shareholders, Specifically, without limiting the foregoing, Toledo Mack shall not make the $6,000 interest and other payments suggested by Toledo Mack in its brief.

- Toledo Mack shall do everything in its power to maintain the value of all of its assets and prevent a decrease in their value. This provision is not intended to stop Mack from terminating the Toledo Mack dealership.

- Toledo Mack shall not make financial commitments or expenditures for capital improvements without prior Court approval.

- Toledo Mack shall serve upon Mack any claims or enforcement attempts made against Toledo Mack by any of its creditors.

## CERTIFICATE OF SERVICE

I, Jeremy D. Heep, hereby certify that on November 9, 2006 a true and correct copy of the foregoing Memorandum of Law in Opposition to Toledo Mack Sales & Service, Inc.'s Motion to Stay Execution of Judgment Pursuant to Federal Rule of Civil Procedure 62(b) was served via hand delivery upon the following:

J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

_____
Jeremy D. Heep