IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : <br> : <br> : |
| Plaintiff, | : Civil Action No. 2:02-CV-04373-RLB |
| v. | : <br> : |
| MACK TRUCKS, INC., | : <br> : |
| Defendant. | : |

| | |
|---|---|
| MACK TRUCKS, INC., | : <br> : |
| Counterclaim Plaintiff, | : <br> : <br> : |
| v. | : <br> : |
| TOLEDO MACK SALES & SERVICE, INC., | : <br> : <br> : |
| Counterclaim Defendant. | : <br> : |

## REPLY BRIEF IN SUPPORT OF MOTION TO STAY EXECUTION OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(b)

The uncontroverted evidence before the Court demonstrates that Toledo Mack Sales & Service, Inc. ("Toledo") is "likely to terminate . . . as a going concern" if Mack Trucks, Inc. ("Mack") executes the judgment. *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F. Supp. 501, 520 (E.D. Pa. 1973). Mack opposes the Motion to Stay Execution of Judgment, but has failed to provide a shred of evidence that undermines the Declaration and financial statements Toledo submitted with the Motion, all of which show that Toledo's assets are insufficient to satisfy the judgment. A stay of execution pending the disposition of Toledo's post-trial motions is therefore appropriate under Federal Rule of Civil Procedure 62(b). *C.*

DM1\717729.3

*Albert Sauter Co.*, 368 F. Supp. at 520; *see also Bethel v. McAllister Bros., Inc.*, 1994 WL 230740, at *1-2 (E.D. Pa. May 19, 1994) (ordering stay where "financial documents establish[ed] clearly that . . . execution of [the] judgment would have likely terminated [defendants'] very corporate existence").

Moreover, the evidence Toledo submitted with the Motion demonstrates that it would be "impossible or impractical" for Toledo to post a bond or otherwise provide adequate security for the judgment. *Kinnel v. Mid-Atlantic Mausoleums, Inc.*, 1987 WL 14507, at *4 (E.D. Pa. July 24, 1987). Because a party should not be forced to post a bond today to secure payment tomorrow of a judgment that it is unable to pay today, "it is entirely appropriate for a court to grant a stay without security if defendants are unable to satisfy judgment or obtain a bond." *Silver v. Mendel*, 1992 WL 163285, at *1 (E.D. Pa. July 8, 1992). By demanding security that far exceeds Toledo's ability to pay the judgment, Mack ignores the principle that "any security or bond offered . . . should simply reflect and preserve defendants' current ability to satisfy the judgment." *Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999).

Mack misleadingly states in its brief opposing the Motion that Toledo has $6.8 million in assets with which to obtain a bond to secure the judgment. (Opp'n Br. at 3.) This is only half of the story. Toledo's Declaration and accompanying financial statements show that, though Toledo's total assets were valued at approximately $6.8 million on September 30, 2006, *its liabilities were approximately $7.85 million*. Mack also argued that "the Court should require the posting of a bond based on Toledo Mack's current inventory and property value – acknowledged to be $5.8 million for the inventory plus $264,800 for the property." (Opp'n Br. at 3.) This claim ignores the fact that nearly all of Toledo's truck inventory is already pledged as

2

collateral on notes payable and therefore could not be used to secure a bond. Mack cannot change the financial reality that Toledo will be unable to satisfy the judgment or post a bond by simply ignoring the evidence that undermines its own position.

Indeed, Toledo is even less able to satisfy the judgment now than it was when it filed the Motion on October 26, 2006. As stated in the attached Declaration of Toledo (Exhibit A), Fifth Third Bank demanded in letter dated November 13, 2006 that Toledo provide additional security for a $1.5 million line of credit that Toledo maintains with the Bank. Since the filing of the Motion, the line of credit became under-collateralized in the amount of $271,093. In order to continue using the line of credit – which is essential for the operation of Toledo's business – Toledo must grant the Bank a security interest in its assets. This is further evidence that Toledo would be unable to satisfy the judgment or obtain a bond.

In the event the Court determines that, despite Toledo's inability to satisfy the judgment, some security for Mack is appropriate in this case, Toledo reasserts that the alternatives to a bond proposed in its Memorandum of Law supporting the Motion will provide sufficient security for Mack and preserve the status quo. Mack's additional security proposals are unnecessary to accomplish these objectives. In particular, Mack's request for an order relieving it from the obligation to pay for the truck chassis and parts it must repurchase from Toledo in the event of termination is unwarranted. This request ignores the fact that the lenders who provided Toledo with purchase financing for its truck inventory have already taken a security interest in the trucks. Mack's request for the return of its products without payment is nothing more than an attempt to take priority over secured creditors.

The Court should also reject Mack's proposal to prohibit Toledo from transferring any interest in its assets or paying any of its debts within the ordinary course of business. Such a

restriction would result in irreparable harm to Toledo and all but prevent it from operating. The practical effect would be the same as if the judgment were executed, namely, the termination of Toledo's business. *C. Albert Sauter Co.* directly supports the proposition that Toledo should be permitted to engage in such activity in the ordinary course of business. *See C. Albert Sauter Co.*, 368 F. Supp. at 521 ("Defendants shall not pay any debts in whole or part except to trade creditors in the ordinary course of business . . . .").

          Respectfully Submitted,

          DUANE MORRIS LLP

Date: November 17, 2006    By: /s/ Wayne A. Mack
          Wayne A. Mack
          J. Manly Parks
          James H. Steigerwald
          David A. Degnan
          DUANE MORRIS LLP
          30 South 17th Street
          Philadelphia, PA 19103-4196
          215.979.1000

          Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

**CERTIFICATE OF SERVICE**

    I, J. Manly Parks, hereby certify that a true and correct copy of the foregoing Reply Brief in Support of Motion to Stay Execution of Judgment Pursuant to Federal Rule of Civil Procedure 62(b) was served this 17th day of November, 2006, by hand delivery upon counsel of record as follows:

        Jeremy Heep, Esquire
        Pepper Hamilton LLP
        Two Logan Square, Suite 3000
        Eighteenth and Arch Streets
        Philadelphia, PA  19103


        /s/ J. Manly Parks
        J. Manly Park