## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| | : | |
| Counterclaim Defendant. | : | |

## <u>ORDER</u>

And now this _____ day of _____, 2006, upon consideration
of the Motion for Reconsideration, and any response thereto, it is hereby ORDERED that the
Motion is GRANTED. This Court's Order granting a stay of execution on the condition that
counterclaim defendant Toledo Mack Sales and Service, Inc. ("Toledo") first post a cash or
surety bond in the amount of $1 million (Docket No. 182) is hereby VACATED.

It is further ORDERED that execution on the judgment entered against Toledo is stayed pending disposition of Toledo's currently pending post-trial motions.

_____
Buckwalter, S.J.

DM1\723288.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| | : | |
| Counterclaim Defendant. | : | |

## MOTION OF TOLEDO MACK SALES & SERVICE, INC. FOR RECONSIDERATION

Plaintiff/Counterclaim Defendant, Toledo Mack Sales & Service, Inc. ("Toledo"), hereby moves for reconsideration of the Court's Order granting a stay of execution on the condition that Toledo to post a cash or surety bond in the amount of $1 million (Docket No. 182) (the "prior Order").

For the reasons expressed in the accompanying Memorandum of Law, which is incorporated by reference as if fully set forth herein, Toledo respectfully requests that the Court

grant its Motion for Reconsideration, vacate the prior Order and grant a stay of execution of

judgment that is not conditioned on Toledo posting a bond as security.

Respectfully Submitted,

DUANE MORRIS LLP

Date:  December 4, 2006                    By:/s/ Wayne A. Mack
                                              Wayne A. Mack
                                              J. Manly Parks
                                              James H. Steigerwald
                                              David A. Degnan
                                              DUANE MORRIS LLP
                                              30 South 17th Street
                                              Philadelphia, PA  19103-4196
                                              215.979.1000

                                              Attorneys for Plaintiff/Counterclaim
                                              Defendant Toledo Mack Sales & Service,
                                              Inc.

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| | : | |
| Counterclaim Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TOLEDO MACK SALES & SERVICE, INC. FOR RECONSIDERATION**

I.    **INTRODUCTION**

Following the entry of judgment in favor of Mack Trucks, Inc. ("Mack") on its counterclaims against Toledo Mack Sales & Service, Inc. ("Toledo"), on November 22, 2006, this Court granted Toledo's Motion to Stay Execution of Judgment on the condition that Toledo were to post a cash or surety bond in the amount of $1 million by December 7, 2006.  (Docket No. 182.) (the "Order").

Toledo now moves for reconsideration in order to bring to the Court's attention important factual developments which are directly relevant to the question of whether Toledo should be required to post any bond as a prerequisite to obtaining a stay of execution. These recent developments establish beyond question that (1) Toledo is unable to obtain a bond in any amount, and (2) Mack would be unable to recover anything against Toledo were Mack to attempt to execute on the judgment today.

In light of these developments, Toledo respectfully requests that the Court reconsider its prior ruling on the Motion for Stay, vacate the Order, and enter an Order staying execution on the judgment pending resolution of Toledo's currently pending motion for post-trial relief.

## II.    ARGUMENT

### A.    Toledo's Financial Position Has Worsened Dramatically In The Past Few Days

The Declaration and financial statements that Toledo submitted to the Court with its Motion for Stay indicated that, at that time, Toledo's only substantial unencumbered assets were receivables, parts inventory, and real property. However, subsequent to Toledo's most recent submission in connection with its Motion for Stay, Toledo was required by the lender that provides the line of credit from which Toledo had been obtaining working capital and other funds to pledge all of its assets, including its receivables, parts inventory, cash, and real property, as collateral for the line of credit because the lender determined that the line was undersecured and that it would not continue to maintain the line without additional security. Faced with the prospect of immediate bankruptcy and being unable to continue to operate as a going concern, Toledo submitted to the lender's demands. Consequently, Toledo has no remaining unencumbered assets.

2

This factual development is important in connection with this Motion for Reconsideration for two reasons. First, the fact that Toledo lacks any unencumbered assets means that Mack would be unable successfully to execute on its judgment against Toledo. Any attempt by Mack to try to execute would cause the secured entities to call in their loans and assert their superior liens and security interests in Toledo's assets, leaving Mack empty handed. This is significant in the context of the Motion for Stay because it is well-established that a party should not be required to post security beyond its current ability to satisfy the judgment. *See Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999) ("[A]ny security or bond offered . . . should simply reflect and preserve defendants' current ability to satisfy the judgment.").

The second reason that these recent developments are significant is that they have completely eliminated Toledo's ability to post the $1 million bond contemplated by the Court's recent Order. Toledo can no more post bond in the amount of $1 million than it can satisfy a judgment of over $11 million. As a practical matter, in light of its current, highly compromised financial position, Toledo's balance sheet is too weak to obtain a bond of the sort required by the Court's order unless Toledo were to first pledge as security for the bond $1 million in cash or a letter of credit (plus a fee to the bonding company for writing the bond). As explained in Toledo's prior submissions and in the Declaration attached to this Memorandum, Toledo has no liquid assets and no cash on hand to pledge, and it cannot obtain a letter of credit for this same reason. As such, it simply cannot obtain the required bond. Even if a bonding company were willing to accept security in some form other than cash for such a bond, which they will not do

DM1\723288.1

here[1], Toledo would still be unable to obtain the necessary bond because all of its other assets are already pledged to other lenders.

### B.    The $1 Million Bond Requirement Should Be Waived In Light Of The Recent Changes In Toledo Mack's Financial Position

Long-standing precedent dictates that the Court should not condition a stay on security that would be "impossible or impractical" for Toledo to provide.  *See Gallatin Fuels v. Westchester Fire Ins. Co.*, 2006 WL 952203, at *2 (W.D. Pa. April 12, 2006); *HCB Contractors v. Rouse & Assocs.*, 168 F.R.D. 508, 512 (E.D. Pa. 1995); *Kinnel v. Mid-Atlantic Mausoleums, Inc.*, 1987 WL 14507, at *4 (E.D. Pa. July 24, 1987); *C. Albert Sauter Company, Inc. v. Richard S. Sauter Company, Inc.*, 368 F. Supp. 501, 520 (E.D. Pa. 1973).  The reason for this rule is clear.  The purpose of a security bond is to reflect a judgment debtor's ability to satisfy a judgment and to preserve the status quo as between the parties.  *See Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979); *Alexander*, 190 F.R.D. at 193.  There is no reason to force a party to post security that exceeds the amount that the prevailing party would collect if it executed the judgment.  Requiring security that is beyond a party's financial ability changes the status quo by pushing the judgment debtor towards bankruptcy and increasing the prevailing party's leverage to force settlement. *See Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 799 (7th Cir. 1986).

If Mack were to execute the judgment, Toledo's only option would be bankruptcy, in which Mack would be a judgment creditor with an unsecured claim.  Given the claims that Toledo's secured creditors and other unsecured creditors would have against the company in

---

[1]    Counsel for Toledo has been advised that bonding companies will not accept non-liquid assets such as inventory and real estate as collateral for a bond in a situation such as this one.

such a bankruptcy, and the assets Toledo has available to satisfy these claims, it is highly doubtful that Mack would collect any money, much less the $1 million contemplated by the bond requirement in the Court's Order. *See id.* Consequently, by conditioning the stay on a $1 million bond, the Court has put Mack in a *better* position than it was in absent the bond. The alternative security arrangement that Toledo proposed in its Motion for Stay would better maintain the status quo and more accurately reflect and preserve Toledo's ability to satisfy the judgment.

This Court has held that a motion for reconsideration should be granted when it is "consonant with justice to do so." *Ray v. Abington Twp.*, 2004 U.S. Dist. LEXIS 12768, at *5 (E.D. Pa. July 7, 2004). Where the Court determines there were errors of law or legal or factual matters that it overlooked, the Court may vacate its earlier order and issue a new order consonant with a just decision. *Seawright*, 2005 U.S. Dist. LEXIS 32829, at *2 n.1; *Ray*, 2004 U.S. Dist. LEXIS 12768, at *5. Here, the Court has erred by requiring security that is impossible for Toledo to provide and beyond what Toledo could pay if the judgment was executed. Furthermore, by requiring only a bond and rejecting the proposals from both parties for alternative security arrangements, the Court has overlooked the total absence of liquid assets with which Toledo could obtain a bond.

Though the Court determined that "the 62(b) factors weigh[] in favor of granting plaintiff's motion for a stay," the practical effect of the bond condition is to *deny* Toledo's request for a stay. It is unfair and unjust to deny Toledo the benefit of a stay that the Court has concluded is deserved merely because of its financial status. Toledo therefore respectfully asks

DM1\723288.1

the Court to reconsider its Order and grant a stay without requiring Toledo to post a bond of $1 million.

Respectfully Submitted,

DUANE MORRIS LLP

Date:  December 4, 2006

By: /s/ Wayne A. Mack
Wayne A. Mack
J. Manly Parks
James H. Steigerwald
David A. Degnan
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
215.979.1000

Attorneys for Plaintiff/Counterclaim
Defendant Toledo Mack Sales & Service,
Inc.

DM1\723288.1

## <u>CERTIFICATE OF SERVICE</u>

      I, J. Manly Parks, hereby certify that a true and correct copy of the foregoing Motion to Reconsider, together with Memorandum of Law in support thereof, was served this 4th day of December, 2006, by hand delivery upon counsel of record as follows:

                Jeremy Heep, Esquire
                Pepper Hamilton LLP
                Two Logan Square, Suite 3000
                Eighteenth and Arch Streets
                Philadelphia, PA  19103

                              /s/ J. Manly Parks_____
                              J. Manly Park