IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : Civil Action No. 2:02-CV-04373-RLB |
| Plaintiff, | : |
| v. | : |
| MACK TRUCKS, INC. | : |
| Defendant. | : |
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : |
| TOLEDO MACK SALES & SERVICE, INC. | : |
| Counterclaim Defendant. | : |

## ORDER

And now, on this ____ day of _____, 2006, upon consideration of Toledo Mack Sales & Service, Inc.'s Motion for Reconsideration, and Mack Trucks, Inc.'s Opposition thereto, it is hereby

**ORDERED** that the Motion is **DENIED**.

By: _____
Buckwalter, R., U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : Civil Action No. 2:02-CV-04373-RLB |
| Plaintiff, | : |
| v. | : |
| MACK TRUCKS, INC. | : |
| Defendant. | : |
| MACK TRUCKS, INC., | : |
| Counterclaim Plaintiff, | : |
| v. | : |
| TOLEDO MACK SALES & SERVICE, INC. | : |
| Counterclaim Defendant. | : |

## DEFENDANT MACK TRUCKS, INC.'S OPPOSITION TO PLAINTIFF TOLEDO MACK SALES & SERVICE, INC.'S MOTION FOR RECONSIDERATION

Plaintiff/counterclaim defendant Toledo Mack Sales & Service, Inc. ("Toledo Mack") should not be permitted to avoid this Court's Order by altering its financial position to the detriment of defendant/counterclaim plaintiff Mack Trucks, Inc. ("Mack").

Toledo Mack suggests that its unilateral decision to further encumber its assets, after filing its reply brief and likely after receiving this Court's Order regarding a $1 million bond should somehow support reconsideration and vacating that Order. That Order was entered on November 22, 2006. Apparently, Toledo Mack ignored the order for more than a week, admitting in David Yeager's Declaration that it encumbered significant portions of its assets on December 1, 2006 (the Declaration is unclear when Toledo Mack decided to direct its assets

away from acquiring a bond and to General Electric Capital Corporation, but the declaration makes it clear that it was after December 1, 2006). Thus, Toledo Mack had both the opportunity and ability to post the bond. Indeed, if Mack had been permitted to execute on the judgment in that period, those assets would be encumbered by the judgment, rather than by Toledo Mack's pledge to General Electric Capital Corporation. It simply is not true that the Order put Mack in a better position than it otherwise would have been. Instead, it is Toledo Mack's decision to ignore the Order and to pledge its assets to a different creditor that put Mack in a worse position than previously.

For these reasons, reconsideration is not appropriate and Toledo Mack's Motion for Reconsideration should be denied.

Respectfully submitted,

_____
Barbara Mather
Jeremy Heep
Christopher J. Huber
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Defendant/Counterclaim Plaintiff
Mack Trucks, Inc.

Dated: December 11, 2006

## CERTIFICATE OF SERVICE

I, Jeremy D. Heep, hereby certify that on December 11, 2006 a true and correct copy of the foregoing Memorandum of Law in Opposition to Toledo Mack Sales & Service, Inc.'s Motion for Reconsideration was served via hand delivery upon the following:

J. Manly Parks
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

_____
Jeremy D. Heep