IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:02-CV-04373-RLB |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLEDO MACK SALES & SERVICE, INC. | : | |
| | : | |
| Counterclaim Defendant. | : | |

## ORDER

And now this _____ day of _____, 2007, upon consideration of Truck, Inc.'s Motion for Leave to Register the Judgment of This Court in the Northern District of Ohio, and Toledo Mack Sales & Service, Inc.'s Opposition thereto, it is hereby ORDERED that the Motion is DENIED.

_____
Buckwalter, S.J.

DM1\740924.2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLEDO MACK SALES & SERVICE, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 2:02-CV-04373-RLB |
| v. | : : : | |
| MACK TRUCKS, INC., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MACK TRUCKS, INC., | : : : | |
| Counterclaim Plaintiff, | : : : : | |
| v. | : : : | |
| TOLEDO MACK SALES & SERVICE, INC. | : : : : | |
| Counterclaim Defendant. | : : | |

**OPPOSITION OF TOLEDO MACK SALES & SERVICE, INC. TO MACK TRUCK, INC.'S MOTION FOR LEAVE TO REGISTER THE JUDGMENT OF THIS COURT IN THE NORTHERN DISTRICT OF OHIO**

I.     **INTRODUCTION**

Following the entry of judgment in favor of Mack Trucks, Inc. ("Mack") on its counterclaims against Toledo Mack Sales & Service, Inc. ("Toledo"), this Court granted Toledo's Motion to Stay Execution of Judgment on November 22, 2006 on the condition that Toledo post a cash or surety bond in the amount of $1 million by December 7, 2006. (Docket No. 182.) Due to Toledo's dire financial circumstances, described in detail in earlier filings in this Court, Toledo was unable to post the required bond. Mack now moves for leave to register

the judgment of this Court in the Northern District of Ohio, where it will seek to execute against Toledo. The Court should deny this Motion.

## II.   ARGUMENT

### A.   Mack's Motion Should Be Denied As Premature

Toledo has meritorious post-trial motions pending before the Court, including a motion to set aside the verdict, and has not yet taken an appeal from the judgment in this case. Under these circumstances, a motion for leave to register the judgment is premature and should be denied. It would be a waste of judicial and litigation resources for Mack to execute on the judgment in the Northern District of Ohio before this Court has made a final determination of whether the judgment will stand or whether, as Toledo argued, the jury's verdict was unsupported by the law and the evidence presented at trial. In addition, registration and execution of the judgment in Ohio would exact an irreparable cost on Toledo, namely, termination of its very corporate existence in bankruptcy. *See Bethel v. McAllister Bros., Inc.*, 1994 WL 230740, at *1 (E.D. Pa. May 19, 1994). If the Court were to grant Mack's to register the judgment while Toledo's post-trial motions are still pending, even the best-case result for Toledo on its post-trial motions would be a Pyrrhic victory. Prudential concerns weigh strongly against the Court granting leave for registration until it has disposed of Toledo's meritorious post-trial motions.

In *Educational Employees Credit Union v. Mutual Guaranty Corp.*, 154 F.R.D. 233 (E.D. Mo. 1994), the plaintiff moved to register a judgment in a foreign district while the defendant's post-judgment motions were pending. The defendant argued that the district court could not enter an order for registration of a judgment, even for good cause shown, until such time as an appeal was pending. *Id.* at 235. The court agreed, finding that "the 'Good Cause Shown' clause of amended § 1963 [applies] only during the pendency of an appeal." *Id.*; *but see Great Am. Ins. Co.*, 2006 WL 2349991 at *2; *Garden State Tanning*, 2000 WL 1201372 at *1.

The facts in this case support a denial of the motion for leave to register the judgment even more strongly than the facts in *Educational Employees*. By the time the court decided *Educational Employees*, it had disposed of the post-judgment motions that were pending when registration was requested. Nonetheless, the court denied leave for registration until the defendant filed an appeal. *Educ. Employees*, 154 F.R.D. at 235. Here, the Court has not yet ruled on Toledo's Motion for Judgment as a Matter of Law on the Counterclaims of Mack Trucks, Inc. and for Other Post-Trial Relief (Docket No. 177). *Educational Employees* provides sound authority for the Court to deny Mack's request for registration of the judgment until such time as the Court has ruled on its post-trial motions and taken an appeal.

**B.    Mack Cannot Demonstrate "Good Cause" to Register the Judgment in a Foreign District Court**

Because the judgment in this case is not yet final, Mack must receive an order from the Court for leave to register the judgment in a foreign district court for "good cause shown." 28 U.S.C. § 1963. The commentary to § 1963 describes "good cause" in this context as follows:

> "Good cause" here would of course include a showing that the defendant plans to remove property from the other district, but that may require more evidence than it is fair to exact of a plaintiff (judgment creditor) who has, after all, already prevailed at trial level on the merits of his claim. The court should have leeway under this new provision to permit the registration on a lesser showing—a mere showing, for example, that the defendant has *substantial property* in the other district and insufficient in the rendering district to satisfy the judgment.

David D. Siegel, Commentary on 1988 Revision, 28 U.S.C.A. § 1963 (West Supp. 2006) (emphasis added).

Courts in the Eastern District of Pennsylvania have adopted the interpretation of the "good cause" requirement offered in this commentary, *see Great Am. Ins. Co. v. Stephens*, 2006 WL 2349991, at *2 (E.D. Pa. Aug. 11, 2006); *Garden State Tanning, Inc. v. Mitchell Mfg.*

3

*Group, Inc.*, 2000 WL 1201372, at *2-3 (E.D. Pa. Aug. 4, 2000); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993), as have courts in other jurisdictions, *see Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001); *Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 372 n.3 (7th Cir. 1991); *Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006); *Jack Frost Lab., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997); *Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66-67 (D.N.J. 1989). All of these cases specify that the "good cause" requirement is satisfied only when the defendant has *substantial* property or assets in another district and insufficient assets in the rendering district to satisfy the judgment. They stand for the proposition that the possibility that a judgment creditor may be left with an unsatisfied judgment by virtue of the location of a judgment debtor's assets is sufficient "good cause" for registration of the judgment in a foreign district court. *See Associated Bus. Tel. Sys. Corp.*, 128 F.R.D. at 66-67.

This rationale does not apply here. As Toledo has stated in its Motion to Stay Execution of Judgment (Docket No. 176), its Reply Brief in Support of Motion to Stay (Docket No. 180), and its Motion for Reconsideration (Docket No. 183), Mack will recover nothing from Toledo if executes on the judgment in Ohio because Toledo lacks *any* unencumbered assets upon which Mack could successfully execute. Fifth Third Bank demanded and was granted a security interest in *all* of Toledo's assets, including its receivables, parts inventory, cash, and real property. Because Toledo simply does not have assets in Ohio – much less "substantial property" – that could be used to satisfy the judgment, there is no good cause to register the judgment there.

Mack's ability to execute successfully on the judgment is not hindered by the location of Toledo's assets, but rather by the complete absence of property that could be used to satisfy the judgment. Any effort on Mack's part to execute the judgment would be the same regardless of where that effort is made: Toledo's secured creditors would call their loans, which would in turn push the company into bankruptcy and leave Mack empty handed as an unsecured creditor. Under these circumstances, the Court must find that there is no good cause for the registration.

For the foregoing reasons, Toledo respectfully requests that this Court deny Mack's Motion for Leave to Register the Judgment of This Court in the Northern District of Ohio.

Respectfully Submitted,

DUANE MORRIS LLP

Date: January 18, 2007

By: /s/ Wayne A. Mack
Wayne A. Mack
J. Manly Parks
James H. Steigerwald
David A. Degnan
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
215.979.1000

Attorneys for Plaintiff/Counterclaim Defendant Toledo Mack Sales & Service, Inc.

## CERTIFICATE OF SERVICE

    I, J. Manly Parks, hereby certify that a true and correct copy of the foregoing Opposition to Mack Truck, Inc.'s Motion for Leave to Register the Judgment of This Court in the Northern District of Ohio was served this 18th day of January, 2007, by hand delivery upon counsel of record as follows:

>Jeremy Heep, Esquire
>Pepper Hamilton LLP
>Two Logan Square, Suite 3000
>Eighteenth and Arch Streets
>Philadelphia, PA  19103

>/s/ J. Manly Parks
>J. Manly Parks